**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter    **7**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **1960 Family Practice, P.A.** |

| | | |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **FDBA  Insight Digital Imaging**<br>**FDBA  1960 Family Practice Physical Therapy**<br>**FDBA  1960 Digital Imaging**<br>**FDBA  Texas Medical Management Services**<br>**FDBA  Advanced Cosmetic Surgery Center**<br>**FDBA  Advanced Cosmetic and Wellnes Center**<br>**FDBA  MD Wellness & Weight Loss Center**<br>**FDBA  1960 Family Pharmacy**<br>**FDBA  Cardiovascular Prevention & Risk Reduction**<br>**FDBA  Express Specialty Pharmacy**<br>**FDBA  1960 Physical Therapy**<br>**FDBA  Urgent Care of Spring**<br>**FDBA  Spring Health & Wellness Center**<br>**FDBA  Northwest Spine Center**<br>**FDBA  Spine Care of Texas**<br>**FDBA  Sinus Texas** |

| | | |
|---|---|---|
| 3. | Debtor's federal Employer Identification Number (EIN) | **76-0585021** |

| | | | |
|---|---|---|---|
| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **837 Cypress Creek Pkwy, Ste. 105**<br>**Houston, TX 77090**<br>Number, Street, City, State & ZIP Code | **5037-B FM 2920 Road**<br>**Spring, TX 77388**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Harris**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **www.1960fp.net** |

| | | |
|---|---|---|
| 6. | Type of debtor | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☒ Other. Specify:    **Professional Association** |

Debtor    **1960 Family Practice, P.A.**                                    Case number (if known) _____
      Name

**7.   Describe debtor's business**    A. Check one:

☑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. Check all that apply

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __6211__

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Check one:

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. Check **all** that apply:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | When | Case number |
|----------|------|-------------|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | **See Attachment** | Relationship _____ |
|--------|--------------------|----------------------|
| District _____ | When _____ | Case number, if known _____ |

Debtor   **1960 Family Practice, P.A.**                                         Case number (*if known*) _____
        Name

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:* |

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
       Contact name   _____
       Phone          _____

---

**████  Statistical and administrative information**

**13. Debtor's estimation of available funds**        .    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☒ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☒ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **1960 Family Practice, P.A.**                                         Case number (*if known*)
_____
Name

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **November 9, 2020**
MM / DD / YYYY

X **/s/ Dr. Huong Le**                                    **Dr. Huong Le**
Signature of authorized representative of debtor          Printed name

Title   **President**

**18. Signature of attorney**

X **/s/ Ronald J. Sommers**                              Date **November 9, 2020**
Signature of attorney for debtor                              MM / DD / YYYY

**Ronald J. Sommers 18842500**
Printed name

**Nathan Sommers Jacobs, A Professional Corporation**
Firm name

**2800 Post Oak Blvd., 61st Floor**
**Houston, TX 77056**
Number, Street, City, State & ZIP Code

Contact phone   **713-960-0303**        Email address

**18842500 TX**
Bar number and State

---

Debtor __1960 Family Practice, P.A._____     Case number (*if known*) _____
      Name

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS_____

Case number (*if known*) _____     Chapter ___7___

☐  Check if this an
    amended filing

# FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | |
| --- | --- | --- | --- | --- |
| Debtor | **Everest Real Estate Investments, LLC** | Relationship to you | | **Minority Equity Partner is President** |
| District | **Southern District of Texas, Houston Division** | When | **8/14/20** | Case number, if known | **20-34077** |
| Debtor | **Providence Hospital of North Houston, LLC** | Relationship to you | | **Common Equity Ownership** |
| District | **Southern District of Texas, Houston Division** | When | **8/22/20** | Case number, if known | **20-34238** |

Fill in this information to identify the case:

Debtor name  **1960 Family Practice, P.A.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **November 9, 2020**      X /s/ Dr. Huong Le
                                                      Signature of individual signing on behalf of debtor

                                                      **Dr. Huong Le**
                                                      Printed name

                                                      **President**
                                                      Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **1960 Family Practice, P.A.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | **Summary of Assets** |

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................................   $ _____ **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*............................................................................................   $ _____ **36,461.70**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..............................................................................................   $ _____ **36,461.70**

| Part 2: | **Summary of Liabilities** |

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................   $ _____ **65,377.54**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................   $ _____ **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................................   +$ _____ **16,185,055.11**

4.   Total liabilities .........................................................................................................
    Lines 2 + 3a + 3b                                                                                    $ _____ **16,250,432.65**

**Fill in this information to identify the case:**

Debtor name    **1960 Family Practice, P.A.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**    **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Independent Financial** | **Business Checking** | **4233** | $0.00 |
| 3.2. | **Independent Financial** | **Business Checking** | **6934** | $0.00 |
| 3.3. | **Independent Financial** | **Business Checking** | **4241** | $461.70 |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**
     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    | $461.70 |

**Part 2:**    **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:**    **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

   ☐ No. Go to Part 4.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor | **1960 Family Practice, P.A.** | Case number *(If known)* | |
|--------|------------------|--------------------------|--|
| | Name | | |

☑ Yes Fill in the information below.

# SEE ATTACHED EXHIBIT A/B #11b

**11.** **Accounts receivable**

11b. Over 90 days old: _____3,128,714.00_____ _____ **Unknown**
face amount                              doubtful or uncollectible accounts

**12.** **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| | **$0.00** |
|--|----------|

**Part 4:** **Investments**

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
☑ Yes Fill in the information below.

| | | **Valuation method used for current value** | **Current value of debtor's interest** |
|--|--|---------------------------------------------|-----------------------------------------|

**14.** **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

**15.** **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                        % of ownership

| 15.1. | Houston Regional Accountable Care, LLC | 36.734% % | Capital Account | $36,000.00 |
|-------|----------------------------------------|-----------|-----------------|------------|

**16.** **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

**17.** **Total of Part 4.**

Add lines 14 through 16.  Copy the total to line 83.

| | **$36,000.00** |
|--|----------------|

**Part 5:** **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:** **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:** **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
☑ Yes Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|-------------------------|-----------------------------------------------------------|---------------------------------------------|-----------------------------------------|

**39.** **Office furniture**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

# EXHIBIT A/B #11b

AR

**1960 Family Practice, P.A.**
**Accounts Receivable**

**11b.**                                    **Over 90 days old**

| What | Face Amount | Doubtful or Uncollectible Accounts | Net Value | Comment |
|---|---|---|---|---|
| Patient Accounts Receivable | Unknown | Unknown | Unknown | See attached Patient Accounts Receivable |
| Receivable from UMMC | 2,960,303 | Unknown | Unknown | See attached UMMC Account Receivable for details |
| Related Party Receivables | | | | |
| Everest Real Estate Investments, LLC d/b/a SE Texas ER & Hospital (Formerly ICON) | 168,411 | 168,411 | 0 | Everest Real Estate Investments filed a Chapter 11 Bankruptcy case in the Southern District of Texas on 8/14/2020; case number 20-34077. |

# EXHIBIT A/B #11b

| | |
|---|---|
| Company: | 1960 Family Practice PA; 1960 Digital Imaging- from 7-1-05 |
| Facility: | (all) |
| Provider: | (all) |
| Age: | (all) |
| Group by: | (none) |
| Date Type: | Date of Entry |
| End Date: | 09/14/2020 |
| Show percentages: | Yes |
| Footer: | Default |
| Criteria: | First Page |

# Exhibit A/B #11 - Patient Accounts Receivable

## Aging by Financial Class

| Financial Class | | Deposit | 0 - 30 | 31-60 | 61-90 | 91-120 | 120+ | Total |
|---|---|---|---|---|---|---|---|---|
| Unknown | Patient | ($182.51) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($182.51) |
| | % | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (0.01) |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($108.81) | ($108.81) |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| | Total | ($182.51) | $0.00 | $0.00 | $0.00 | $0.00 | ($108.81) | ($291.32) |
| | % | 62.65 | 0.00 | 0.00 | 0.00 | 0.00 | 37.35 | (0.01) |
| Adjustment/Employee | Patient | ($345.94) | $0.00 | $0.00 | $0.00 | $0.00 | $22,658.28 | 22,312.34 |
| | % | (1.55) | 0.00 | 0.00 | 0.00 | 0.00 | 101.55 | 1.04 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($946.66) | ($946.66) |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | (0.03) |
| | Total | ($345.94) | $0.00 | $0.00 | $0.00 | $0.00 | $21,711.62 | $21,365.68 |
| | % | (1.62) | 0.00 | 0.00 | 0.00 | 0.00 | 101.62 | 0.37 |
| COLLECTIONS | Patient | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $90.00 | $90.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $90.00 | $90.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| Commercial Insurance | Patient | ($12,725.41) | $0.00 | $0.00 | $0.00 | $60.47 | $408,217.24 | 395,552.30 |
| | % | (3.22) | 0.00 | 0.00 | 0.00 | 0.02 | 103.20 | 18.39 |
| | Insurance | $0.00 | $0.00 | $0.00 | ($0.10) | $854.74 | $429,872.72 | $430,727.36 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.20 | 99.80 | 11.90 |
| | Total | ($12,725.41) | $0.00 | $0.00 | ($0.10) | $915.21 | $838,089.96 | $826,279.66 |
| | % | (1.54) | 0.00 | 0.00 | 0.00 | 0.11 | 101.43 | 14.32 |
| Discount Plan | Patient | ($25.00) | $0.00 | $0.00 | $0.00 | $0.00 | $189.79 | $164.79 |
| | % | (15.17) | 0.00 | 0.00 | 0.00 | 0.00 | 115.17 | 0.01 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,073.34 | $7,073.34 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.20 |
| | Total | ($25.00) | $0.00 | $0.00 | $0.00 | $0.00 | $7,263.13 | $7,238.13 |
| | % | (0.35) | 0.00 | 0.00 | 0.00 | 0.00 | 100.35 | 0.13 |
| Do Not Bill/ Courtesy | Patient | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $170.75 | $170.75 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.01 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $170.75 | $170.75 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| DO NOT USE - 1960 Membership | Patient | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $107.56 | $107.56 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.01 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $62.81 | $62.81 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| | Total | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $170.37 | $170.37 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| DO NOT USE - Other | Patient | ($40.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($40.00) |
| | % | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | ($40.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($40.00) |
| | % | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| EPO | Patient | ($5,848.59) | $0.00 | $0.00 | $0.00 | $0.00 | $35,572.90 | $29,724.31 |
| | % | (19.68) | 0.00 | 0.00 | 0.00 | 0.00 | 119.68 | 1.38 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $63,981.47 | $63,981.47 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 1.77 |
| | Total | ($5,848.59) | $0.00 | $0.00 | $0.00 | $0.00 | $99,554.37 | $93,705.78 |
| | % | (6.24) | 0.00 | 0.00 | 0.00 | 0.00 | 106.24 | 1.62 |

# EXHIBIT A/B #11b

| Financial Class | | Deposit | 0 - 30 | 31-60 | 61-90 | 91-120 | 120+ | Total |
|---|---|---|---|---|---|---|---|---|
| HMO | Patient | ($5,689.24) | $0.00 | $0.00 | $0.00 | $0.00 | $110,854.82 | $105,165.58 |
| | % | (5.41) | 0.00 | 0.00 | 0.00 | 0.00 | 105.41 | 4.89 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $69,313.62 | $69,313.62 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 1.91 |
| | **Total** | **($5,689.24)** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$180,168.44** | **$174,479.20** |
| | % | (3.26) | 0.00 | 0.00 | 0.00 | 0.00 | 103.26 | 3.02 |
| LOP | Patient | ($20.00) | $0.00 | $0.00 | $0.00 | $0.00 | $59,242.31 | $59,222.31 |
| | % | (0.03) | 0.00 | 0.00 | 0.00 | 0.00 | 100.03 | 2.75 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $245,665.80 | $245,665.80 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 6.79 |
| | **Total** | **($20.00)** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$304,908.11** | **$304,888.11** |
| | % | (0.01) | 0.00 | 0.00 | 0.00 | 0.00 | 100.01 | 5.28 |
| Medicaid | Patient | ($75.00) | $0.00 | $0.00 | $0.00 | $0.00 | $7,852.23 | $7,777.23 |
| | % | (0.96) | 0.00 | 0.00 | 0.00 | 0.00 | 100.96 | 0.36 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $88,701.77 | $88,701.77 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 2.45 |
| | **Total** | **($75.00)** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$96,554.00** | **$96,479.00** |
| | % | (0.08) | 0.00 | 0.00 | 0.00 | 0.00 | 100.08 | 1.67 |
| Medicare | Patient | ($12,642.85) | $0.00 | $1,205.17 | $0.00 | $316.54 | $130,176.93 | $119,058.79 |
| | % | (10.62) | 0.00 | 1.01 | 0.00 | 0.27 | 109.34 | 5.54 |
| | Insurance | ($1,080.00) | $0.00 | $126.42 | $173.07 | $0.00 | $630,103.67 | $629,323.16 |
| | % | (0.17) | 0.00 | 0.02 | 0.03 | 0.00 | 100.12 | 17.39 |
| | **Total** | **($13,722.85)** | **$0.00** | **$1,334.59** | **$173.07** | **$316.54** | **$760,280.60** | **$748,381.95** |
| | % | (1.83) | 0.00 | 0.18 | 0.02 | 0.04 | 101.59 | 12.97 |
| MVA | Patient | ($607.28) | $0.00 | $0.00 | $0.00 | $0.00 | $129,913.38 | $129,306.10 |
| | % | (0.47) | 0.00 | 0.00 | 0.00 | 0.00 | 100.47 | 6.01 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $13,321.86 | $299,649.37 | $312,971.23 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 4.26 | 95.74 | 8.65 |
| | **Total** | **($607.28)** | **$0.00** | **$0.00** | **$0.00** | **$13,321.86** | **$429,562.75** | **$442,277.33** |
| | % | (0.14) | 0.00 | 0.00 | 0.00 | 3.01 | 97.13 | 7.67 |
| Outside Contracts / EXPRESS ER | Patient | ($150.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($150.00) |
| | % | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (0.01) |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $545.00 | $545.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.02 |
| | **Total** | **($150.00)** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$545.00** | **$395.00** |
| | % | (37.97) | 0.00 | 0.00 | 0.00 | 0.00 | 137.97 | 0.01 |
| Outside Contracts | Patient | ($581.83) | $0.00 | $0.00 | $0.00 | $0.00 | ($72.69) | ($654.52) |
| | % | 88.89 | 0.00 | 0.00 | 0.00 | 0.00 | 11.11 | (0.03) |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,893.00 | $6,893.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.19 |
| | **Total** | **($581.83)** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$6,820.31** | **$6,238.48** |
| | % | (9.33) | 0.00 | 0.00 | 0.00 | 0.00 | 109.33 | 0.11 |
| POS | Patient | ($32,906.66) | $0.00 | $95.17 | $0.00 | $0.00 | $299,941.26 | $267,129.77 |
| | % | (12.32) | 0.00 | 0.04 | 0.00 | 0.00 | 112.28 | 12.42 |
| | Insurance | ($9,739.34) | $0.00 | $0.00 | ($954.30) | $0.00 | $426,093.96 | $415,400.32 |
| | % | (2.34) | 0.00 | 0.00 | (0.23) | 0.00 | 102.57 | 11.48 |
| | **Total** | **($42,646.00)** | **$0.00** | **$95.17** | **($954.30)** | **$0.00** | **$726,035.22** | **$682,530.09** |
| | % | (6.25) | 0.00 | 0.01 | (0.14) | 0.00 | 106.37 | 11.83 |
| PPO | Patient | ($72,736.88) | $0.00 | $0.00 | $0.00 | $492.13 | $683,865.45 | $611,620.70 |
| | % | (11.89) | 0.00 | 0.00 | 0.00 | 0.08 | 111.81 | 28.44 |
| | Insurance | ($10,971.17) | $0.00 | $0.00 | ($432.14) | $190.44 | $1,127,041.55 | $1,115,828.68 |
| | % | (0.98) | 0.00 | 0.00 | (0.04) | 0.02 | 101.00 | 30.83 |
| | **Total** | **($83,708.05)** | **$0.00** | **$0.00** | **($432.14)** | **$682.57** | **$1,810,907.00** | **$1,727,449.38** |
| | % | (4.85) | 0.00 | 0.00 | (0.03) | 0.04 | 104.83 | 29.94 |
| Self Pay / Prompt Pay Discount | Patient | ($18,470.13) | $0.00 | $0.00 | $0.00 | $0.00 | $416,794.88 | $398,324.75 |
| | % | (4.64) | 0.00 | 0.00 | 0.00 | 0.00 | 104.64 | 18.52 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $49,433.59 | $49,433.59 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 1.37 |
| | **Total** | **($18,470.13)** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$466,228.47** | **$447,758.34** |
| | % | (4.13) | 0.00 | 0.00 | 0.00 | 0.00 | 104.13 | 7.76 |
| Unknown | Patient | $0.01 | $0.00 | $0.00 | $0.00 | $0.00 | ($48.28) | ($48.27) |
| | % | (0.02) | 0.00 | 0.00 | 0.00 | 0.00 | 100.02 | 0.00 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **Total** | **$0.01** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **($48.28)** | **($48.27)** |
| | % | (0.02) | 0.00 | 0.00 | 0.00 | 0.00 | 100.02 | 0.00 |
| Unknown | Patient | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($11.85) | ($11.85) |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **Total** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **($11.85)** | **($11.85)** |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |

# EXHIBIT A/B #11b

| Financial Class | | Deposit | 0 - 30 | 31-60 | 61-90 | 91-120 | 120+ | Total |
|---|---|---|---|---|---|---|---|---|
| Unknown | Patient | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($345.71) | ($345.71) |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | (0.02) |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **Total** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **($345.71)** | **($345.71)** |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | (0.01) |
| Worker's Compensation | Patient | $60.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,188.90 | $6,248.90 |
| | % | 0.96 | 0.00 | 0.00 | 0.00 | 0.00 | 99.04 | 0.29 |
| | Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $184,646.94 | $184,646.94 |
| | % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 5.10 |
| | **Total** | **$60.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$190,835.84** | **$190,895.84** |
| | % | 0.03 | 0.00 | 0.00 | 0.00 | 0.00 | 99.97 | 3.31 |
| *Patient Total* | | *($162,987.31)* | *$0.00* | *$1,303.34* | *$0.00* | *$869.14* | *$2,311,358.15* | *$2,150,543.32* |
| | % | *(7.58)* | *0.00* | *0.06* | *0.00* | *0.04* | *107.48* | *37.27* |
| *Insurance Total* | | *($21,790.51)* | *$0.00* | *$126.42* | *($1,213.47)* | *$14,367.04* | *$3,628,023.14* | *$3,619,512.62* |
| | % | *(0.60)* | *0.00* | *0.00* | *(0.03)* | *0.40* | *100.24* | *62.73* |
| *Total* | | *($184,777.82)* | *$0.00* | *$1,429.76* | *($1,213.47)* | *$15,236.18* | *$5,939,381.29* | *$5,770,055.94* |
| | % | *(3.20)* | *0.00* | *0.02* | *(0.02)* | *0.26* | *102.93* | *3.31* |

# EXHIBIT A/B #11b

UMMC

**UMMC Receivable Detail**

| Date | Amount | Description |
|------|--------|-------------|
| 09/01/19 | 15,000.00 | September 2019 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 10/01/19 | 15,000.00 | October 2019 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 11/01/19 | 15,000.00 | November 2019 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 12/01/19 | 15,000.00 | December 2019 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 12/31/19 | 4,573.13 | September 2019 - December 2019 - CAM expenses - Spring location at 5039 FM 2920, Spring, TX 77388 - amount ultimately owed to Physician's Alliance of Red Oak, LP |
| 12/31/19 | 806.87 | September 2019 - December 2019 - business personal property taxes - Spring location at 5039 FM 2920, Spring, TX 77388 |
| 12/31/19 | 2,241.56 | September 2019 - December 2019 - property insurance for Spring location at 5039 FM 2920, Spring, TX 77388 - amount ultimately owed to Physician's Alliance of Red Oak, LP |
| 01/01/20 | 15,000.00 | January 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 02/01/20 | 15,000.00 | February 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 03/01/20 | 15,000.00 | March 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 04/01/20 | 15,000.00 | April 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 05/01/20 | 15,000.00 | May 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 05/01/20 | 2,801.95 | January 2020 - May 2020 - property insurance for Spring location at 5039 FM 2920, Spring, TX, 77388 - amount ultimately owed to Physician's Alliance of Red Oak, LP |
| 06/01/20 | 15,000.00 | June 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 07/01/20 | 15,000.00 | July 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 08/01/20 | 15,000.00 | August 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 09/01/20 | 15,000.00 | September 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 10/01/20 | 15,000.00 | October 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 11/01/20 | 15,000.00 | November 2020 Rent - Spring location at 5039 FM 2920, Spring TX 77388 - amount ultimately owed to Physcian's Alliance of Red Oak, LP |
| 11/06/20 | 180,000.00 | One year of future rent payments - Spring location at 5039 FM 2920, Spring, TX 77388 - amount ultimately owed to Physician's Alliance of Red Oak, LP |
| 12/01/19 | 63,452.47 | December 2019 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 01/01/20 | 63,452.47 | January 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 02/01/20 | 3,452.47 | Feburary 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 03/01/20 | 3,452.47 | March 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 04/01/20 | 3,452.47 | April 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 05/01/20 | 3,452.47 | May 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 06/01/20 | 4,721.52 | June 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 06/30/20 | 1,143.00 | General Liability Insurance Charged - amount ultimately owed to Broadstone |
| 06/30/20 | 11,211.00 | Property Premium Insurance Charged - amount ultimately owed to Broadstone |
| 07/01/20 | 4,721.52 | July 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 08/01/20 | 4,721.52 | August 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 09/01/20 | 4,721.52 | September 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 10/01/20 | 4,721.52 | October 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 11/01/20 | 64,721.52 | November 2020 Rent - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 09/30/20 | 24,193.70 | Late fees owed to Broadstone per their letter dated 11/4/2020 |
| 09/30/20 | 15,557.81 | Interest fees owed to Broadstone per their letter dated 11/4/2020 |
| 11/06/20 | 776,658.24 | One year of future rent payments - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Broadstone |
| 01/01/20 | 77,281.04 | Real estate property taxes from September 2019 to December 2019 - 837 Cypress Creek Parkway, Building 1, Houston, TX 77090 - amount ultimately owed to Physician's Alliance of Red Oak, LP |
| 01/01/20 | 10,532.22 | Business personal property taxes from September 2019 to December 2019 for 837 Cypress Creek Parkway, Building 1, Houston TX 77090 |
| 09/01/19 | 827.00 | TMIC payment for September 2019 |
| 09/01/19 | 10,700.15 | Physician Auto payments for September 2019 |
| 10/01/19 | 9,163.71 | Physician Auto payments for October 2019 |
| 09/01/19 | 257.00 | Long-term disability insurance payment made to The Standard for physicians - September 2019 premiums |
| 10/01/19 | 257.00 | Long-term disability insurance payment made to The Standard for physicians - October 2019 premiums |
| 12/13/19 | 1,000.00 | HAMAH Gala Reimbursement to Dr. Richard Nuila-Crouse |
| 09/01/19 | 10,676.00 | TMLT malpractice insurance premiums for 1960 PA physicians - September 2019 |
| 10/01/19 | 14,102.00 | TMLT malpractice insurance premiums for 1960 PA physicians - October 2019 |
| 11/1/2019 | 39,538.43 | November 2019 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 11/15/2019 | 1,223.55 | 5% Late Fee on Base Rent - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 12/1/2019 | 40,272.58 | December 2019 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 12/17/2019 | 1,223.55 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 12/17/2019 | 875.00 | Attorney Fees - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 1/1/2020 | 40,272.58 | January 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 1/17/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 2/1/2020 | 40,272.58 | February 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 2/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 3/1/2020 | 40,272.58 | March 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |

# EXHIBIT A/B #11b

UMMC

| Date | Amount | Description |
|---|---|---|
| 3/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 4/1/2020 | 40,272.58 | April 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 4/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 5/1/2020 | 40,272.58 | May 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 5/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 6/1/2020 | 40,272.58 | June 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 6/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 7/1/2020 | 40,272.58 | July 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 7/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 8/1/2020 | 40,272.58 | August 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 8/15/2020 | 1,260.26 | 5% Late Fee - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 9/1/2020 | 40,272.58 | September 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007725 - amount ultimately payable to Cypress MOB, LLC |
| 11/1/2019 | 31,647.20 | November 2019 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 11/15/2019 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 12/1/2019 | 31,647.20 | December 2019 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 12/17/2019 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 12/17/2019 | 875.00 | Attorney Fees - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 1/1/2020 | 31,647.20 | January 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 1/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 2/1/2020 | 31,647.20 | February 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 2/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 3/1/2020 | 31,647.20 | March 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 3/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 4/1/2020 | 31,647.20 | April 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 4/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 5/1/2020 | 31,647.20 | May 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 5/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 6/1/2020 | 31,647.20 | June 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 6/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 7/1/2020 | 31,647.20 | July 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 7/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 8/1/2020 | 31,647.20 | August 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 8/15/2020 | 992.69 | 5% Late Fee - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 9/1/2020 | 31,647.20 | September 2020 Rent and CAM - 290 location at 20320 Northwest Freeway - Tenant Code cypress t0007728 - amount ultimately payable to Cypress MOB, LLC |
| 11/15/2019 | 903.79 | 5% Late Fee November 2019 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 12/15/2019 | 903.79 | 5% Late Fee December 2019 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 1/1/2020 | 19,518.57 | Real estate property taxes from September 2019 to December 2019 - 847 Cypress Creek Parkway, Building 3, Houston, TX 77090 - amount ultimately owed to Physician's Alliance of Red Oak, LP |
| 1/1/2020 | 18,075.78 | January 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 1/15/2020 | 903.79 | 5% Late Fee January 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 2/1/2020 | 18,075.78 | February 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 2/15/2020 | 903.79 | 5% Late Fee February 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 3/1/2020 | 18,075.78 | March 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 3/15/2020 | 903.79 | 5% Late Fee March 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 4/1/2020 | 18,075.78 | April 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 4/15/2020 | 903.79 | 5% Late Fee April 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 5/1/2020 | 18,075.78 | May 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 5/15/2020 | 903.79 | 5% Late Fee May 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 6/1/2020 | 18,437.30 | June 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 6/15/2020 | 921.86 | 5% Late Fee June 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 7/1/2020 | 18,437.30 | July 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 7/15/2020 | 921.86 | 5% Late Fee July 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 8/1/2020 | 18,437.30 | August 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 8/15/2020 | 921.86 | 5% Late Fee Aug 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 9/1/2020 | 18,437.30 | September 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 9/14/2020 | 921.86 | 5% Late Fee Sept 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 10/1/2020 | 18,437.30 | October 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 11/1/2020 | 18,437.30 | November 2020 Rent - 847 Cypress Creek Parkway (Building 3) - amount ultimately payable to KME Holdings, LLC |
| 11/6/2020 | 221,247.55 | One year of future rent payments - 847 Cypress Creek Parkway, Building 3, Houston, TX 77090 - amount ultimately owed to KME Holdings, LLC |
| 11/15/2019 | 180.32 | 5% Late Fee November 2019 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 12/15/2019 | 180.32 | 5% Late Fee December 2019 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |

# EXHIBIT A/B #11b

UMMC

| | | |
|---|---|---|
| 1/1/2020 | 3,606.46 | January 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 1/15/2020 | 180.32 | 5% Late Fee January 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 2/1/2020 | 3,606.46 | February 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 2/15/2020 | 180.32 | 5% Late Fee February 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 3/1/2020 | 3,606.46 | March 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 3/15/2020 | 180.32 | 5% Late Fee March 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 4/1/2020 | 3,606.46 | April 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 4/15/2020 | 180.32 | 5% Late Fee April 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 5/1/2020 | 3,606.46 | May 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 5/15/2020 | 180.32 | 5% Late Fee May 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 6/1/2020 | 3,659.81 | June 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 6/15/2020 | 182.99 | 5% Late Fee June 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 7/1/2020 | 3,659.81 | July 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 7/15/2020 | 182.99 | 5% Late Fee July 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 8/1/2020 | 3,659.81 | August 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 8/15/2020 | 182.99 | 5% Late Fee Aug 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 9/1/2020 | 3,659.81 | September 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 9/14/2020 | 182.99 | 5% Late Fee Sept 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 10/1/2020 | 3,659.81 | October 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 11/1/2020 | 3,659.81 | November 2020 Rent - 847 Cypress Creek Parkway (Building 2 - IT Space) - amount ultimately payable to KME Holdings, LLC |
| 11/6/2020 | 43,917.72 | One year of future rent payments - 845 Cypress Creek Parkway, Building 2, Houston, TX 77090 - amount ultimately owed to KME Holdings, LLC |
| | 0.00 | Plus unknown amounts of miscellaneous fees, including but not limited to late fees, interest and attorney fees, for Broadstone, Cypress MOB, LLC and KME Holdings, LLC for which there are pending lawsuits. |
| Total | 2,960,302.72 | |

Debtor    __1960 Family Practice, P.A._____    Case number *(If known)* _____
            Name

**All equipment, inventory and furnishings were purchased by Doctor's Hospital 1997 LP dba UMMC ("UMMC") as of September 1, 2019. Additionally, leases and executory contracts were assumed by UMMC.  See the (1) Asset Purchase Agreement and (2) Managed Access and Service Agreement attached hereto as EXHIBIT A/B #39, 40, 41, 47.**

40.    **Office fixtures**
       **All equipment, inventory and furnishings were purchased by Doctor's Hospital 1997 LP dba UMMC ("UMMC") as of September 1, 2019. Additionally, leases and executory contracts were assumed by UMMC.  See the (1) Asset Purchase Agreement and (2) Managed Access and Service Agreement attached hereto as EXHIBIT A/B #39, 40, 41, 47.**

41.    **Office equipment, including all computer equipment and communication systems equipment and software**
       **All equipment, inventory and furnishings were purchased by Doctor's Hospital 1997 LP dba UMMC ("UMMC") as of September 1, 2019. Additionally, leases and executory contracts were assumed by UMMC.  See the (1) Asset Purchase Agreement and (2) Managed Access and Service Agreement attached hereto as EXHIBIT A/B #39, 40, 41, 47.**

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**                                                                          | **$0.00** |
       Add lines 39 through 42. Copy the total to line 86.

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
       ■ No
       ☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

| Part 8: | **Machinery, equipment, and vehicles** |
| --- | --- |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
| --- | --- | --- | --- |

47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**EXHIBIT A/B #39, #40, #41 & #47**

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "*Agreement*") is made and entered into as of September 1st, 2019, by and among Doctors Hospital 1997 LP d/b/a United Memorial Medical Center, a Texas limited partnership ("*Purchaser*") 1960 Family Practice, PA, a Texas professional association ("*Seller*").

WHEREAS, Seller owns and operates a professional medical practice which provides professional medical and related services (the "*Practice*") at 837 Cypress Creek Parkway Suite 105, Houston Texas 77090;  20320 Northwest Freeway, Houston Texas 77065; 3550 Rayford, Spring, Texas 77386 and 5039 FM 2920, Spring Texas 77388 (the "*Practice Locations*");

WHEREAS, Purchaser desires to purchase from Seller the assets of Seller utilized in the Practice, and Seller wishes to sell such assets to Purchaser (the "*Transaction*").

NOW, THEREFORE, for and in consideration of the premises, and the agreements, covenants, representations and warranties hereinafter set forth, and other good and valuable consideration, the receipt and adequacy of all of which are forever acknowledged and confessed, the parties agree as follows:

**ARTICLE 1.         DEFINITIONS**

**1.1 Definitions**. In addition to the other definitions contained in this Agreement, the following terms will, when used in this Agreement, have the following respective meanings:

"*Affiliates*" means, with respect to any Person, any Persons directly or indirectly controlling, controlled by, or under common control with, such other Person at any time during the period for which the determination of affiliation is being made. For purposes of this definition, the term "control" (including the correlative meanings of the terms "controlled by" and "under common control with"), as used with respect to any Person, means the possession, directly or indirectly, of the power to direct or cause the direction of management policies of such Person, whether through the ownership of voting securities or by contract or otherwise.

"*Closing*" means the consummation of the transactions contemplated by and described in Article 2.

"*Code*" means the Internal Revenue Code of 1986, as amended.

"*Confidential Information*" means information, to the extent not considered a Trade Secret under applicable law, that: (a) relates to the business of the Practice, (b) possesses  an element of value to the Practice, (c) is not generally known to the Practice's competitors, and (d) would damage the Practice if disclosed. Confidential Information shall also include information of any third party provided to the New Practice which the New

**EXHIBIT A/B #39, #40, #41 & #47**

Practice is obligated to treat as confidential, including, but not limited to, information provided to the New Practice by its referral sources or patients. Confidential Information includes, but is not limited to, (e) future business plans, (f) financial statements, (g) information pertaining to agreements with third-party payers, (h) contracts with any payer or payee of medical services, preferred provider organizations, health maintenance organizations, or any other managed care entities or arrangements, (i) information regarding independent contractors, referral sources, and patients of the Practice, including, but not limited to, patient names, patient charts, lists or records, test results and reports, nurses' notes, operative notes, diagnoses or treatment plans, case histories, x-rays, and patients' financial information, and (j) information concerning the Practice's or a third party's financial structure and methods and procedures of operation. Confidential Information shall not include any information that: (k) is or becomes generally available to the public other than as a result of an unauthorized disclosure, (l) has been independently developed and disclosed by others without violating this Agreement or the legal rights of any party, or (m) otherwise enters the public domain through lawful means.

"*Encumbrances*" means liens (including deed of trust liens, mechanic's or materialmen's liens and judgment liens), charges, encumbrances, security interests, options, judgments or any other restrictions or third party rights.

"*Knowledge of Seller*" (or words of like effect) shall mean the actual knowledge, after due inquiry (unless otherwise indicated herein), of Seller. "Knowledge" as it relates to a party other than Seller, shall mean the actual knowledge of such party, after due inquiry (unless otherwise indicated herein). In the absence of due inquiry, a person shall be deemed to have knowledge of information that would have been discovered by a reasonable inquiry.

"*Law*" means any applicable law, statute, ordinance, rule, regulation, directive, requirement, code, order, judgment, injunction, decree or judicial or administrative doctrine that is legally promulgated or issued by any Governmental Entity.

"*Liability*" shall mean any liability or obligation whether known or unknown, asserted or unasserted, absolute or contingent, accrued or unaccrued, liquidated or unliquidated and whether due or to become due.

"*Losses*" means damages, claims, losses, charges, actions, suits, Proceedings, deficiencies, interest, penalties and reasonable costs and expenses associated therewith (including reasonable attorneys' fees, Proceeding costs, fines, penalties and expenses of investigation), whether asserted by a party to this Agreement or by a third party.

"*Permitted Encumbrance*" means (a) any liens evidenced by an Assumed Contract, and (b) any liens which are not material, which do not interfere with the use of any of the Practice Assets and which do not secure the obligation to pay amounts; including, those liens or encumbrances arising out of any capital debt, capital lease or other long-term liabilities of Seller or the Practice ARE Permitted Encumbrances, except to the extent expressly excluded in this Agreement.

"*Person*" means an individual, a corporation, a partnership, a joint venture, a limited liability company, an association, a foundation, a trust or any other entity or organization.

**EXHIBIT A/B #39, #40, #41 & #47**

"***Proceeding***" means any claim, action, arbitration, audit, hearing, investigation, litigation or suit (whether civil, criminal, administrative, judicial or investigative, whether formal or informal, whether public or private).

"***Required Consents***" means all consents and waivers, if any.

"***Taxes***" means any tax, fee, assessment, levy, tariff, charge or duty of any kind whatsoever and any interest, penalty, addition or additional amount thereon imposed, assessed or collected, whether disputed or not, by or under the authority of any Governmental Entity or payable under any tax-sharing agreement or any other agreement or contract.

"***Trade Secrets***" shall have the meaning set forth in Tex. Civ. Prac. & Rem. Code § 134A.002(6).

## ARTICLE 2.   PURCHASE OF ASSETS; ASSUMPTION OF LIABILITIES

**2.1   Purchase of Assets**. Subject to the terms and conditions contained in this Agreement, at Closing Seller will sell, convey, assign, transfer and deliver to Purchaser all of its the Seller's property and assets, wherever located and utilized in the Practice, in each case as the same exists on the Closing Date, including, but not limited to the following (collectively, the "***Assets***"):

        **(a)**   all equipment and furnishings (including all medical equipment, computers, and other data processing equipment) used or usable by Seller in the operation of the Practice and which is either owned by Seller or leased by Seller under a capital lease, and any warranties related thereto;

        **(b)**   all commitments, contracts, agreements, operating leases, lease purchase arrangements and license agreements in respect of the Practice (collectively, the "***Assumed Contracts***");

        **(c)**   all inventories, supplies, other current assets and other assets located at or used in connection with the operation of the Practice;

        **(d)**   Purchaser shall sign a lease/sublease agreement for each of the Practice Locations.

**2.2   Excluded Assets**. Notwithstanding the provisions of Section 2.1, the Assets shall not include any of the following items, all of which are specifically excluded from the Assets (collectively, the "***Excluded Assets***"):

        **(a)**   all cash, cash equivalents, short term investments and marketable securities;

        **(b)**   all of the Seller's accounts receivable (whether receivable from patients or from third party payors) (the "***Practice Receivables***"); and

        **(c)**   The name "1960 Family Practice", and its assumed names,

**EXHIBIT A/B #39, #40, #41 & #47**

**(d)**    its tax id number,

**(e)**    the following Excluded Assets will be leased to Purchaser at a fair market value monthly rate:

- Current telephone and fax numbers. Purchaser agrees to use the current numbers for the Practice for a period of 24 months following the Closing Date.

- Phone and Efax system

- EHR, RIS, PACS and practice management system

- IT support for these services and the maintenance of patient records through legacy EHR.

**2.3**    **Assumption of Certain Liabilities of Seller**.

**(a)**    Purchaser agrees to pay and satisfy all Liabilities of Practices incurred after the Closing Date.  Purchaser is not responsible for Sellers Liabilities prior to the Closing Date.

**(b)**    Notwithstanding the foregoing, at Closing, Purchaser will assume and agree to satisfy the liabilities, including (collectively, the "***Assumed Liabilities***"):

(i)    the obligations arising under and related to the Assumed Contracts to the extent first arising after the Effective Time;

(ii)    buyer agrees to sign a lease or sublease for all Practice Locations. Purchaser agrees to comply with the terms of the Master/Prime Lease for each Location and shall execute a personal guaranty for payment of said leases, and

(iii)    any existing contractual or non-contractual liabilities used in the operation of the Practice

(iv)    Buyer will remain responsible for all obligations and liabilities incurred from the Closing Date to the termination date.

**2.4**    **Purchase Price**.

**(a)**    In consideration of the transfer of Assets to Purchaser, Purchaser agrees to pay to Seller Five Hundred Thousand and No/100 Dollars ($500,000.00) for the purchase of the Assets  (the "***Purchase Price***"), subject to following adjustments and prorations:

(i)    Seller shall retain an option period extending 24 (twenty-four) months from the closing date ("Option Period"). During the Option Period the Seller has the right to offer for sale, commit to purchase, or otherwise engage any other party to purchase the Practice Locations and the associated Assets. Seller shall

4

**EXHIBIT A/B #39, #40, #41 & #47**

offer Purchaser first right of refusal during the Option Period. Upon refusal by Purchaser to purchase and after the closing of another Purchaser, Seller shall return to Purchaser (1) the original Purchase Price, and (2) pay an additional 8%. Upon return of Purchase price this agreement shall be terminated.

(ii)     Seller will maintain an option, exercisable during the Option Period, to terminate the Sale with or without cause.  This option must be exercised in writing and within at least (30) thirty days'notice. If the sale is terminated, the sublease of the locations will also be terminated.  Buyer will remain responsible for all obligations incurred from the Closing Date to the termination date. Additionally, Buyer acknowledges that by the end of the last day of the notice period, it (a) no longer has any possessory right to control or use the Practice, assets or any part of the premises at the leased/subleased locations; and (b) will return to Seller all keys, security codes, passwords and badges related to the operation of the Seller. The Seller shall return to Purchaser the original Purchase Price.

(iii)     At any time during the Option Period and for an indefinite period beyond the Option Period, if Purchaser sells Practice business and/or the hospital business, currently located at 16750 Red Oak Dr., Houston, TX 77090, 837 Cypress Creek Parkway Suite 105, Houston Texas 77090;  20320 Northwest Freeway, Houston Texas 77065; 3550 Rayford, Spring, Texas 77386, 5039 FM 2920, Spring Texas 77388 or a relocated or additional address of businesses, the Purchaser is obligated to immediately turn over the first $90,000,000.00 (ninety million dollars) to Providence Hospital of North Houston, LLC.  Purchaser shall retain 50% of any remaining amount of the purchased amount over the $90,000,000.00 and immediately turn over the remaining 50% to Providence Hospital of North Houston, LLC. Purchaser acknowledges the Practice and hospital business refers to the current locations and to any relocation or additional location of said businesses. Purchaser acknowledges and agrees that the terms stated herein are binding and shall survive, regardless of what entity is then operating the businesses or where the businesses are located.

**(b)**     Purchaser shall pay the Purchase Price on the earlier of,  the date this Agreement is signed or on the date of Closing, by cashier`s check or by wire transfer to an account designated in writing by Seller; provided, however, that if the Closing Date falls on a banking holiday, Purchaser shall pay the Purchase Price on the next business day which is not a banking holiday.

**(c)**     The Purchase Price shall be allocated among the acquired Assets. The parties shall use such allocation for purpose of complying with Section 1060(b) of the Code and for filing Form 8954 with the Internal Revenue Service, and the parties agree that they will not take or cause to be taken any action that would be inconsistent with such allocation.

**Assignment of Contracts**. Notwithstanding any provision of this Agreement to the contrary, to the extent that any contract to be assigned to Purchaser hereunder requires the waiver or consent of any other party, and such waiver or consent has not been obtained but whose benefits are being enjoyed by Purchaser, the contract shall be considered an Assumed Liability of Purchaser . In the

**EXHIBIT A/B #39, #40, #41 & #47**

event that the Closing occurs without obtaining such waiver or consent, Seller and Purchaser agree to use their reasonable best efforts to obtain the necessary waiver or consent to the assignment of any such contract.

### ARTICLE 3.          CLOSING

**3.1     Closing**. Closing will take place at the offices of the Seller on September 1, 2019 or such other date as the parties may agree upon (the "***Closing Date***").. Closing will be deemed to have become effective at 12:01 a.m., local time, on the Closing Date (the "***Effective Time***").

**3.2     Actions by Seller at Closing**. At Closing and unless otherwise waived by Purchaser, Seller will deliver or shall cause to be delivered to Purchaser the following:

        **(a)**     such other instruments and documents as are reasonably requested by Purchaser in connection with the consummation of the Transaction or to satisfy the conditions precedent to Purchaser's obligations hereunder.

**3.3     Actions by Purchaser at Closing**. At Closing and unless otherwise waived by Seller, Purchaser will deliver, or cause to be delivered, to Seller the following:

        **(a)**     such other instruments and documents as are reasonably requested by Seller in connection with the consummation of the Transaction or to satisfy the conditions precedent to Seller's obligations hereunder.

### ARTICLE 4.          REPRESENTATIONS AND WARRANTIES OF SELLER

As of the date hereof and (except as otherwise expressly stated herein) as of the Closing Date, Seller hereby makes the representations and warranties to Purchaser set forth below.

**4.1     Capacity and Authority**.  Seller is a professional association, duly organized and validly existing under the laws of the State of Texas. Seller has the requisite corporate power and authority to enter into this Agreement and the other documents contemplated hereby, to perform its obligations hereunder and thereunder, and to conduct its business as now being conducted. Seller's execution, delivery and performance of this Agreement and the other documents contemplated hereby, and the consummation by Seller of the transactions contemplated hereby and thereby, are within Seller's powers and have been duly authorized by all appropriate action. This Agreement and the other documents to be executed and delivered by Seller have been or will be duly executed and delivered by Seller, as the case may be.

**4.2     Consents; Absence of Conflicts with Other Agreements, Etc**. The execution, delivery and performance by Seller of the Agreement hereby: (a) will not conflict with any provision of Seller's organizational documents; (b) will not violate, conflict with or constitute on the part of Seller a breach of or a default under, or require approval or consent of any Person under, any Law, Governmental Authorization, material contract, agreement, indenture, mortgage or lease to which Seller, the Practice, or any of the Assets may be subject; and (c) will not create any Encumbrance on any of the Assets.

**4.3     Binding Effect**. This Agreement is and will constitute the valid and legally binding obligation of Seller, and is and will be enforceable

**4.4     Financial Statements and Contracts**. Seller will deliver to Purchaser a sample

**EXHIBIT A/B #39, #40, #41 & #47**

schedule of Practices' monthly expenses Exhibit B. Seller will make available to Purchaser true and complete copies of Assumed Contracts.

4.5     **Regulatory Compliance**. Seller is in compliance with all Laws of all Governmental Entities having jurisdiction over the Practice and its operations.

4.6     **Equipment and Other Assets.**

(a)     The Assets constitute all assets, properties and leasehold estates in the operation of the Practice, except for the Excluded Assets. All of the personal property owned or leased by Seller under an Assigned Contract is in good operating condition and repair, free from any defects (except such minor defects as do not interfere with the use thereof in the conduct of the normal operations), ordinary wear and tear excepted, have been maintained consistent with the standards generally followed in the industry.

(b)     All inventories are usable and saleable in a manner consistent with past practices and industry standards and are at levels sufficient to operate the Seller's Business in the ordinary course.

4.7     **Employee Relations.**

(a)  As used herein, the term "*Employee*" means, collectively, each Person, who on the Effective Date of this APA, is an employee of Seller and any other person listed on Exhibit A attached hereto who provides services for Seller.

(b)  On the Effective Date of this APA, or other date mutually agreed upon to allow for a smooth transition, Seller will terminate the employment of each of the Employees. Purchaser will offer employment to each Employee. As used herein, "*Hired Employee*" means each Employee who accepts Purchaser's offer of employment described above. Notwithstanding the foregoing, nothing in this Agreement will be deemed to require Purchaser to retain any Hired Employee for a certain period of time but Purchaser must be compliant with the WARN ACT and provide a 60 day notice to those employees being terminated.

(c)  The Hired Employees will be offered employment at a salary comparable to their current salary with Seller. The Hired Employees will be eligible to participate in Purchaser's employee benefit plans in accordance with the terms of such plans as amended from time to time. Hired Employees will be given credit for their existing earned but unused PTO and given credit for their full-time period of employment with Seller for purposes of determining the amount of paid time off under Purchaser's PTO plan and other benefits determined by tenure.

(d) During the Option Period, if the Purchaser intends to end the employment of a Hired Employee that would make $60,000.00 or more annually, Purchaser will notify Seller's administrator of the intent to terminate for administrators' mutual consent. The administrator for Seller shall be Stacy Williams.  Seller shall notify Purchaser of any change of administrator.

**EXHIBIT A/B #39, #40, #41 & #47**

**ARTICLE 5.**     **REPRESENTATIONS AND WARRANTIES OF PURCHASER**

As of the date hereof and (except as otherwise expressly stated herein) as of the Closing Date, Purchaser represents and warrants to Seller as follows:

**5.1     Capacity and Authority**. Purchaser is a limited partnership, duly organized and validly existing in good standing under the laws of the State of Texas. Purchaser has the requisite corporate power and authority to enter into this Agreement and the other documents contemplated hereby, to perform its obligations hereunder and thereunder, and to conduct its business as now being conducted. Purchaser's execution, delivery and performance of this Agreement and the other documents contemplated hereby, and the consummation by Purchaser of the transactions contemplated hereby and thereby, are within Purchaser's powers and, subject to the receipt of approvals contemplated under Section 8.7, have been duly authorized by all appropriate action. Purchaser, its representatives, and agents shall owe a fiduciary duty to Seller and its members to operate the Practice and to use and manage Sellers Assets in good faith with the utmost business judgement. Purchaser shall not encumber, mortgage, cause a lien to attach to, commit waste, transfer, or convey any of the Sellers Assets during the Option Period.

**5.2     Consents; Absence of Conflicts with Other Agreements, Etc**. Purchaser's execution, delivery and performance of this Agreement and the other documents contemplated hereby, and the consummation by Purchaser of the transactions contemplated hereby and thereby: (a) except as otherwise expressly provided herein, do not require any approval or consent of, or any declaration or filing with, any Governmental Entity which is required by Law; and (b) will not violate, contravene, conflict with or constitute on the part of Purchaser a breach of or a default under the respective articles of organization and operating agreement of Purchaser, any existing Law, or any material agreement, indenture, mortgage or lease to which Purchaser is subject.

**5.3     Binding Effect**. This Agreement and any other agreements to which Purchaser will become a party hereunder are and will constitute the valid and legally binding obligations of Purchaser and are and will be enforceable against Purchaser in accordance with the respective terms hereof and thereof.

**ARTICLE 6.**     **PRE-CLOSING COVENANTS OF SELLER**

**6.1     Operations**. Between the date of this Agreement and the Closing Date, Seller shall:

          **(a)**     carry on the business of the Practice in substantially the same manner as has heretofore been conducted and not make any material change in any operations, finance, accounting policies or real or personal property relating to the Practice, except as otherwise expressly required by this Agreement;

          **(b)**     at Seller's expense, maintain the Assets in as good working order and condition as at present, ordinary wear and tear excepted;

          **(c)**     maintain and preserve the business organization of the Practice intact, retain employees at the Practice (except for employment terminations in accordance with past practices

and in the ordinary course of business), maintain relationships with suppliers, patients and others having business relations with the Practice, and take such actions as are necessary to cause the smooth, efficient and successful transition of such business operations and employee and other relations to Purchaser as of Closing;

      **(d)**    notify Purchaser of any known event or circumstance or combination of events or circumstances that is reasonably likely to have a material adverse effect on the Seller or the Practice or would cause or constitute a breach of any of the Seller's representations, warrants, or covenants contained herein; and

      **(e)**    continue to cooperate with Purchaser's ongoing diligence investigation of the Practice and Assets.

      **6.2**    **Closing Conditions**. Between the date of this Agreement and the Closing Date, Seller will cause the conditions specified in Articles 8 and 9 over which Seller has control to be satisfied as soon as reasonably practicable, but in all events before Closing.

### ARTICLE 7.      PRE-CLOSING COVENANTS OF PURCHASER

      **7.1**    **Closing Conditions**. Between the date of this Agreement and the Closing Date, Purchaser will cause the conditions specified in Articles 8 and 9 over which Purchaser or any of its Affiliates has control to be satisfied as soon as reasonably practicable, but in all events before the Closing Date.

### ARTICLE 8.      CONDITIONS PRECEDENT TO OBLIGATIONS OF PURCHASER

      The obligations of Purchaser hereunder are, subject to the satisfaction, on or prior to the Closing Date, of the following conditions, unless waived by Purchaser:

      **8.1**    **Representations, Warranties and Covenants**. The representations and warranties of Seller contained in this Agreement will be true in all material respects when made and on and as of the Closing Date (or the date otherwise specified herein) as though such representations and warranties had been made on and as of such date, except for those representations and warranties qualified by materiality, which shall be true in all respects.

      **8.2**    **Actions or Proceedings**. No Proceeding will have been instituted and remain in effect seeking to restrain or prohibit the transactions contemplated hereby; and no Governmental Entity will have taken any other action or made any request of Purchaser or Seller, or their respective agents, as a result of which Purchaser reasonably and in good faith deems it inadvisable to proceed with the transactions contemplated hereby.

      **8.3**    **Diligence; No Material Adverse Change**. Purchaser shall be satisfied with the results of its diligence investigation of Seller, the Practice and the Assets, and between the date hereof and the Closing Date, there shall not have been any event, circumstance, change or effect that, individually or in the aggregate, had or likely will have a material adverse change or affect on the Assets, business, prospects, financial condition or results of operations of Seller or the Practice.

**EXHIBIT A/B #39, #40, #41 & #47**

### ARTICLE 9.        CONDITIONS PRECEDENT TO OBLIGATIONS OF SELLER

The obligations of Seller are, at the option of Seller, subject to the satisfaction, on or prior to the Closing Date, of the following conditions unless waived by Seller:

**Representations, Warranties and Covenants**. The representations and warranties of Purchaser contained in this Agreement will be true in all material respects when made and on and as of the Closing Date (or the date otherwise specified herein) as though such representations and warranties had been made on and as of such date, except for those representations and warranties qualified by materiality, which shall be true in all respects; and each and all of the terms, covenants and conditions of this Agreement to be complied with or performed by Purchaser on or before the Closing Date pursuant to the terms hereof will have been duly complied with and performed in all respects.

**9.1    Actions or Proceedings**. No Proceeding before any Governmental Entity will have been instituted or threatened to restrain or prohibit the transactions contemplated hereby; and no Governmental Entity will have taken any other action or made any request of Seller or Purchaser as a result of which Seller reasonably and in good faith deems it inadvisable to proceed with the transactions contemplated hereby.

### ARTICLE 10.        OTHER COVENANTS AND AGREEMENTS

**10.1    Trade Secrets and Confidential Information**.

**(a)**    Purchaser agrees that it/he will not use, disclose, or reverse engineer the Trade Secrets or the Confidential Information for any purpose other than in connection with the medical practice formerly operated by Seller which shall be operated by Purchaser (such continued operations to be referred to as the "*New Practice*"), except as authorized in writing by Seller or its Affiliate. The obligations under this Section 10.1 shall remain in effect as long as the information constitutes Confidential Information or a Trade Secret. The confidentiality, property, and proprietary rights protections available in this Agreement are in addition to, and not exclusive of, any and all other rights to which Purchaser is entitled under any other contracts or federal and state law, including, but not limited to, rights provided under copyright laws, trade secret and confidential information laws, and laws concerning fiduciary duties.

**(b)**    In the event Purchaser breaches any portion of Section 10.1 Above during the Option Period, nothing contained in this Agreement shall limit Sellers's right to any remedies at law or in equity. If Purchaser breaches any portion of Section 10.1 above, Purchaser agrees that: (i) Seller would suffer irreparable harm; (ii) money damages alone would be an inadequate remedy for the injuries suffered by Seller; and (iii) if Seller seeks injunctive relief to enforce Section 10.1 above, Purchaser shall waive and shall not: (A) assert any defense that Seller has an adequate remedy at law with respect to the breach, (B) require that Seller submit proof of the economic value of any Trade Secret or Confidential Information, or (C) require Seller to post a bond or any other security.

**EXHIBIT A/B #39, #40, #41 & #47**

     **(c)**     The covenants set forth in Section 10.1 of this Agreement shall be construed as an agreement independent of (i) any other agreements, or (ii) any other provision in this Agreement, and the existence of any claim or cause of action by Purchaser against Seller, whether predicated on this Agreement or otherwise, regardless of who was at fault and regardless of any claims that either Seller or Purchaser may have against the other, shall not constitute a defense to the enforcement by Seller of any of the covenants set forth in Section 10.1 of this Agreement. Seller shall not be barred from enforcing any of the covenants set forth in Section 10.1 of this Agreement by reason of any breach of (i) any other part of this Agreement, or (ii) any other agreement with Purchaser.

     **(d)**     If any covenant in Section 10.1 is held to be unreasonable, arbitrary, or against public policy, such covenant will be considered to be divisible with respect to scope, time, and geographic area, and such lesser scope, time, or geographic area, or all of them, as a court of competent jurisdiction may determine to be reasonable, not arbitrary, and not against public policy, will be effective, binding, and enforceable against Purchaser.

     10.2     **Confidentiality**. This "***Confidentiality Agreement***", shall remain in full force and effect. In addition to the covenants in the Confidentiality Agreement, except as expressly contemplated hereunder, neither party will disclose to any Person any of the terms, conditions or other facts with respect to the Transaction, including the status thereof; provided, however, that each party may disclose such information (i) to its officers and advisors who need to know the same for the sole purpose of evaluating the Transaction and also have been informed of the confidential nature of the Confidential Information and have been directed to hold such information in strict confidence and to use such information solely for the purposes permitted hereunder, (ii) to third parties in connection with obtaining Required Consents, and (iii) to the extent required under applicable Law. Notwithstanding any provision to the contrary in the Confidentiality Agreement, Seller authorizes Purchaser and its representatives to disclose information regarding the Transaction with Seller's employees in a manner mutually acceptable to Seller and Purchaser that will not be disruptive to current operations.

     10.3     **Access**. Purchaser may continue its due diligence review and investigation of Seller including its business, assets and liabilities. Seller shall provide Purchaser and its representatives with copies of, and/or reasonable access to, all information requested by Purchaser relating to the operations, assets and financial condition of Seller, together with reasonable access to the management and employees of Seller, for the purpose of conducting such due diligence. Purchaser and its representatives will use good faith efforts to conduct due diligence in such manner as to minimize any disruption to Seller's business. The parties shall cooperate with one another in the due diligence process.

     10.4     **Books and Records**.

     **(a)**     After the Closing Date, Purchaser will maintain in the ordinary course of business all books and records of the Practice which relate to the post-Closing business, operations and affairs of the Practice, and Seller will maintain in the ordinary course of business all such books and records which relate to the pre-Closing business.

     10.5     **Further Assurances**. After Closing, and without further consideration, each party shall, at the request of the other party, execute and deliver such further documents and instruments of conveyance, assignment, and transfer and shall take such further reasonable actions as may be

**EXHIBIT A/B #39, #40, #41 & #47**

necessary or desirable, in the reasonable opinion of the requesting party, to consummate the transactions contemplated hereunder or to carry out the intent of this Agreement.

10.6    **Risk of Loss**. Seller will bear all risk of loss, destruction or damage to any of the Assets occurring prior to Closing, whether due to fire, accident or other casualty, willful act, condemnation, riot, act of God or otherwise, and Purchaser will have no responsibility with respect thereto.  Purchaser will bear all risk of loss, destruction or damage to any of the Assets occurring post Closing, whether due to fire, accident or other casualty, willful act, condemnation, riot, act of God or otherwise, and Seller will have no responsibility with respect thereto.

10.7    **Publicity**. From and after the date hereof, neither party shall publish any press release or make any other public communications with respect to the transactions contemplated hereby and the method of release thereof unless mutually agreed upon by Seller and Purchaser.

**ARTICLE 11.        INDEMNIFICATION**

11.1    **Indemnification by Seller**. Seller hereby indemnifies and holds harmless Purchaser against any Losses suffered by Purchaser arising out of or resulting from:

(a)    the breach or failure of any representation or warranty of Seller contained in this Agreement or any of the Transaction Documents;

(b)    the breach or nonfulfillment of any agreement or covenant of Seller contained in this Agreement or any of the Transaction Documents; or

(c)    any liability, Encumbrance (other than Permitted Encumbrances), obligation, claim against or contract of Seller, its Affiliates, Shareholders or the Practice, of any kind or nature whatsoever, and at any time existing or asserted, whether or not accrued, whether fixed, contingent or otherwise, whether known or unknown, and whether or not recorded on the books and records of Seller or otherwise disclosed to Purchaser, due to or arising by reason of any transaction or event occurring prior to Closing, which is not an Assumed Liability; or

(d)    any Retained Liability; or

(e)    any Excluded Asset; or

(f)    any act of commission or omission of Seller, its Affiliates, any Shareholder or the Practice, or their respective employees, officers, agents or independent contractors, prior to Closing; or

(g)    the use, operation or maintenance of the Assets or the Practice prior to Closing; or

(h)    any claim for brokerage commission or finder's fee asserted by any person, firm or corporation claiming to have been engaged by Seller.

11.2    **Indemnification by Purchaser**.  Purchaser will indemnify and hold harmless Seller against any Losses suffered by Seller arising out of or resulting from:

(a)    the breach or failure of any representation or warranty of Purchaser

**EXHIBIT A/B #39, #40, #41 & #47**

contained in this Agreement or in any of the Transaction Documents; or

> **(b)** the breach or nonfulfillment of any agreement or covenant of Purchaser contained in this Agreement or in any of the Transaction Documents; or

> **(c)** any Assumed Liability; or

> **(d)** any act of commission or omission of Purchaser, or its employees, officers, agents or independent contractors, subsequent to Closing; or

> **(e)** the use, operation or maintenance of the Assets or the Practice by Purchaser after the Closing; or

> **(f)** any claim for brokerage commission or finder's fee asserted by any person, firm or corporation claiming to have been engaged by Purchaser.

**11.3    Survival.**

> **(a)** Each of the covenants set forth in this Agreement will survive the Closing in accordance with its terms.

> **(b)** Notwithstanding anything herein to the contrary, the rights and remedies under this Article 11 with respect to any Proceeding (including, without limitation, recovery of Losses in respect thereof) for which notice has been given prior to the applicable Representation Survival Date will survive until such Proceeding has been resolved.

**11.4    Limitations.**

> **(a)** As used in this Article 11, the term "***Losses***" include only losses actually paid or incurred and does not include any amounts recovered from any surety, insurance carrier, or third party obligor.

> **(b)** Notwithstanding anything contained herein to the contrary, (i) Seller not be required to make any indemnification payment pursuant to Section 11.1(a) of this Agreement with respect to Losses.

> **(c)** During the Option Period, Purchaser, its representatives, and agents shall owe a fiduciary duty to Seller and its members to operate the Practices and to use and manage the Sellers Assets in good faith and with the utmost business judgment.  Purchaser shall not encumber, mortgage, cause a lien to attach to, commit waste, transfer, or convey any of the Sellers Assets during the Option Period

**ARTICLE 12.         TERMINATION**

**12.1    Termination**. This Agreement may be terminated at any time during the Option Period as follows:

> **(a)** by the mutual consent of Purchaser and Seller;

> **(b)** by Seller if a material breach of this Agreement has been committed by Purchaser and such breach has not been cured (to the extent curable) to the reasonable satisfaction

breach then Seller can give a 15 (fifteen) day termination notice to Purchaser;

      **(c)**    Seller can terminate this agreement without cause with a 30 (thirty) day written notice to Purchaser

      **(d)**    by Seller, upon notice to Purchaser, if between the date hereof and the Closing Date there has occurred (or been discovered) any event, condition or change in the operations of the Purchaser, or in the financial condition, assets, liabilities (contingent or otherwise) or income of Purchaser, which, individually or in the aggregate, results in or is reasonably likely to result in a material adverse effect on the assets, operations, results of operations, or financial condition of Purchaser taken as a whole; or

      **12.2**    **Effect of Termination**. In the event of any termination of this Agreement, as provided by Section 12.1 or Section 2.4 , this Agreement will thereupon become void and of no effect, no party will have any further rights or obligations hereunder, and no party will have any liability to any other party arising out of such termination except those obligations and rights as stated herein. Upon termination, Seller shall return the Purchase Price to Purchaser. Purchaser acknowledge that termination of this Agreement for a breach in no way limits the causes of actions or remedies available to Seller under the applicable law.

      **ARTICLE 13.**    **IN GENERAL**

      **13.1**    **Costs**. Whether or not the transactions contemplated hereby are consummated and except as otherwise expressly provided herein, each party will be responsible to pay its own costs and expenses incurred in connection with proceeding with the Transaction, including, but not limited to, any legal fees incurred by such party. Purchaser or its Affiliate will pay the costs and expenses of consultants and advisers jointly engaged by Purchaser or its Affiliate, on the one hand, and Seller, on the other hand. Seller shall timely pay all sales, transfer or similar taxes required to be paid by reason of the sale by Seller to Purchaser of the Assets pursuant to this Agreement.

      **13.2**    **Notices**. Any notice, demand or communication required, permitted or desired to be given hereunder will be in writing and will be deemed effectively given when personally delivered, when received by telegraphic or other electronic means (including telecopy and telex) or overnight courier, or five (5) days after being deposited in the United States mail, with postage prepaid thereon, by certified or registered mail, return receipt requested, addressed as follows:

if to Seller:            1960 Family Practice

                      Attn: Huong T Le, President

                      20320 Northwest Freeway Ste 900

                      Houston, Texas 77065

with copies to:          huonglemd@yahoo.com

                      hlemd1@yahoo.com

**EXHIBIT A/B #39, #40, #41 & #47**

imaging50@live.com
stacy.williams@tmmsonline.net
hkhemka1@tmmsonline.net

if to Purchaser:

with copies to:

or to such other address, and to the attention of such other Person or officer as any party may designate by notice given in like manner.

   13.3  **Schedules and Other Instruments**. Each Schedule, each certificate provided hereunder and each written disclosure required hereby is incorporated by reference into this Agreement and will be considered a part hereof as if set forth herein in full; provided, however, that information set forth on any Schedule, certification or written disclosure constitutes a representation and warranty of the party providing the same, and not the mutual agreement of the parties as to the facts therein stated. Any Schedule may be amended after the date hereof only on the mutual written consent of the parties.

   13.4  **Choice of Law**. This Agreement will be governed by and construed in accordance with the laws of the State of Texas without regard to its principles of conflicts of laws.

   13.5  **Benefit; Assignment**. Subject to express provisions herein to the contrary, this Agreement will inure to the benefit of and be binding upon the parties hereto and their respective legal representatives, successors and permitted assigns, and the rights and obligations of the parties hereunder will survive the sale or other transfer of substantially all of the assets of any party or a change in control of any party. Purchaser may not assign any of its rights or obligations under this Agreement without the express written consent of Seller. Seller may assign all or part of its rights and obligations hereunder to an Affiliate of Seller, including but not limited to Minh C Nguyen, MD or Huong T Le, MD.

   13.6  **No Rights in Third Parties**. Nothing contained in this Agreement will be construed as giving rise to any right to enforce its provisions to any Person not a party to this Agreement under any legal theory.

   13.7  **Waivers and Consents**. Any waiver of any provision of this Agreement and any consent given hereunder must be in writing signed by the party sought to be bound. The waiver by any party of breach or violation of any provision of this Agreement will not operate as, or be construed to constitute, a waiver of any subsequent breach or violation of the same or any other provision hereof.

   13.8  **Interpretation**. In the event any provision of this Agreement is held to be invalid,

**EXHIBIT A/B #39, #40, #41 & #47**

illegal, or unenforceable for any reason and in any respect, such invalidity, illegality, or unenforceability will in no event affect, prejudice, or disturb the validity of the remainder of this Agreement, which will be and remain in full force and effect, enforceable in accordance with its terms. Inasmuch as this Agreement is the result of negotiations among sophisticated parties of equal bargaining power represented by counsel, no inference in favor of, or against, any party will be drawn from the fact that any portion of this Agreement has been drafted by or on behalf of such party. The Article and Section headings of this Agreement are for convenience of reference only and do not form a part hereof and do not in any way modify, interpret or construe the intention of the parties.

13.9     **Entire Agreement; Amendment**. This Agreement together with any other agreements expressly contemplated hereby supersede all previous agreements (except for the Confidentiality Agreement, which shall continue to be in effect) and constitute the entire agreement of whatsoever kind or nature existing among the parties representing the within subject matter, between Seller and Purchaser, and no party will be entitled to benefits other than those specified herein and therein. The parties specifically acknowledge that in entering into and executing this Agreement and any other agreements specifically referenced herein or therein, the parties rely solely upon the representations and agreements contained herein and therein and no others. All prior representations or agreements, whether written or oral, not expressly referenced herein are superseded unless and until made in writing and signed by the party sought to be charged therewith. This Agreement may be amended, and the terms hereof may be modified, only by a writing executed by each party hereto, and any matter referred to herein as mutually agreed to or designated by the parties must be evidenced by such a writing.

13.10     **Counterparts**. This Agreement, and any document or instrument required or permitted hereunder, may be executed in counterparts, each of which will be deemed an original and all of which together will constitute but one and the same instrument.

**EXHIBIT A/B #39, #40, #41 & #47**

   **IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed by their duly authorized officers, all as of the date and year first above written.

**SELLER:**                                    **PURCHASER:**

**1960 Family Practice, PA**                   **Doctors Hosital 1997 LP d/b/a United Memorial Medical Center**

_____               _____
Huong D Le, M.D.                               ~~Syed Rizvan Mohiuddin~~ RAVI MALLAPURAM
President                                      Its MANAGING DIRECTOR

_____               _____
Date  8/16/2019                                Date  08/16/2019

**EXHIBIT A/B #39, #40, #41 & #47**

## Exhibit A

Employees

[See attached]

**EXHIBIT A/B #39, #40, #41 & #47**

## Exhibit B

Sample Schedule of Monthly Expenses

[See attached]

**EXHIBIT A/B #39, #40, #41 & #47**

**Managed Access and Service Agreement**

This Managed Access and Service Agreement (the "Agreement") is made effective as of September 16, 2019 ("Effective Date") by and between Doctors Hospital 1997 LP dba United Memorial Medical Center ("UMMC") and Allergy of Texas PLLC, dba Medical Care of Texas ("Service Provider").

Whereas, Service Provider controls and manages the network and owns the equipment and applications including but not limited to the infrastructure, domains, phone system, interfaces, and administration (the "Network") provided to the following locations where UMMC subleases space or provides management or operational services (the "Locations"):

> 1960 Physician Associates
>
> 1960 Family Practice
>
> 1960 Digital Imaging
>
> Providence Hospital of North Houston
>
> TMMS

Whereas, UMMC desires limited access to the Network to provide basic day to day management to the Locations under the general management and control of Service Provider.

Whereas, Service Provider agrees to grant limited access to UMMC under the terms and conditions below.

**Terms of Access:**

a) UMMC shall provide Service Provider all existing usernames and passwords created for any service, device, domain, website, account or application relating to or residing on or accessed through the Network.

b) UMMC shall provide Service Provider keys and/or access codes for all server rooms or other rooms/locations where Network equipment is kept and shall not change locks or access codes without Service Providers written approval.

c) UMMC shall not deny or restrict Service Provider from accessing any of the Network equipment at the Locations including but not limited to the server rooms, PACS and RIS.

d) UMMC shall not create or change, modify, delete, remove or add anything on the Network without Service Providers written approval including but not limited to the infrastructure, passwords, paths, and applications.  The Network shall remain intact and operational at all times (within reason) and UMMC shall not cause unwarranted disruption or irreparable harm or any malice action to the Network during or upon termination of this Agreement.

e) UMMC shall look to Service Provider ONLY for any requests for services outside of the scope of UMMC's limited access and shall not under any circumstance contact or attempt to circumvent an outside vendor in reference to the Network without Service Providers written approval including but not limited to VasoTechnology aka Netwolves, phone, application and internet vendors.

f) UMMC shall not under any circumstance physically remove or relocate any equipment of Service Provider.

**EXHIBIT A/B #39, #40, #41 & #47**

g) UMMC shall pay Service Provider $2,400.00 a week for its access and the Management of the Network. UMMC shall be invoiced monthly and shall pay upon receipt of invoice.

h) UMMC shall pay Service Provider costs associated with the Network done at the request of UMMC. UMMC shall pay upon receipt of invoice.

i) UMMC shall pay invoices on a Net15 from the invoice date. Any payment not received when due will be subject to a late fee of 6% that shall accrue each month on the outstanding balance until paid in full. Service Provider reserves the right to require payment in advance from UMMC prior to any service being provided or to disable access until balance is paid in full. An additional service fee of $250.00 per disabled user, will be due and payable, in advance, prior to enabling access (up to a maximum of $2,500.00 per event).

j) UMMC shall be liable for any damages caused by the negligence or breach of its staff with the intention of causing harm to the Network or Service Provider.

k) UMMC shall provide its employees that will be accessing the Network a copy of this Agreement or at minimum a copy of the Terms of Access.

l) UMMC shall maintain strict confidentiality of all information accessed through Network and abide by all HIPAA laws.

**Description of Services:**

Service Provider will oversee the daily IT operations of UMMC including managing requested technology changes by UMMC, granting of access, minor modifications, assisting with troubleshooting and resolution, remote assistance, phone and email support and onsite support, if needed and at the discretion of Service Provider.

**Business Hours:**

Normal service hours will be from 9:00 am to 5:00 pm Monday through Friday except on holidays. Emergency support services will be available outside of normal business hours and weekends and will be billed at the afterhours support rates.

**Disclaimer:**

Service Provider shall not be liable for any causes that result in downtime, loss of use, loss of revenue, or other negative impact including, but not limited to, terrorist acts, natural catastrophe, negligence, fire, flood or other act of God, and/or power failure, virus propagation, or improper use of the Network. Service Provider makes no warranty, express or implied, to meet any expectation, provide any services or allow any access. In no event shall Service Provider or any of its Directors, Employees or Other Representatives be liable and express no warranty for consequential damages of any kind including, without limitations, those resulting from loss of data, loss of use, income, profit, and on any theory of liability, arising out of or in connection with the services or use thereof even if it has been approved by Service Provider. Service Provider reserves the right to decline a request, from UMMC, for changes to the Network. Service Provider reserves the right to suspend or terminate this Agreement, with or without cause, in its sole discretion, without notice.

**EXHIBIT A/B #39, #40, #41 & #47**

**Breach:**

The breach or threatened breach by UMMC of the terms and conditions of this Agreement entitles Service Provider to a permanent injunction or other equitable relief in order to prevent or restrain any such breach or threatened breach by UMMC or its members, manager, officers, employees, independent contractors, representatives or any and all persons or entities directly or indirectly acting for or with UMMC.  The rights and remedies of the Service Provider under this Agreement shall be in addition to, and not in limitation of, any of the rights, remedies or damages available to it at law or in equity.  UMMC further acknowledges and agrees that Service Provider will suffer substantial injury as a result of UMMCs breach of this Agreement.  While the precise amount and extent of such damage is not readily ascertainable, UMMC acknowledges that Service Provider could incur significant damages that could include loss or revenue, loss of profit, loss of access, loss of business and loss of ability to operate.

**Term:**

This Agreement shall be effective for a (3) month period commencing on the Effective Date and shall automatically renew for additional one-month periods on each anniversary of the Effective Date. UMMC shall terminate this Agreement at any time by providing at least two (2) weeks' written notice to Service Provider.  Service Provider shall have the right to terminate this Agreement immediately with cause including breach of this Agreement.

**Effect of Termination:**

Upon termination of this Agreement for any reason or cause whatsoever, UMMC will immediately surrender to Service Provider any property or proprietary information in the possession of UMMC at the time of termination, including equipment, software, keys, usernames and password.  Termination of the Agreement will not release or discharge UMMC from any obligations, debts, liability or damages which will have previously accrued.

**Confidentiality:**

UMMC will be exposed and have access to information that is confidential.  Confidential information shall be defined as any non-public information that is not owned, created or generated by UMMC that is stored, created or accessed through or on the Network.

**HIPAA:**

UMMC shall comply with all applicable law governing the confidentiality, privacy and security of all medical records or other health-related information that UMMC or its employees or agents may have access to on the Network. UMMC shall comply with the Health Insurance Portability and Accountability Act of 1996 and all implementing regulations issued pursuant thereto, as may be amended from time to time and shall execute and deliver a HIPAA Business Associate Agreement to Service Provider.

**This Agreement constitutes the complete and exclusive agreement of the parties with respect to the services contemplated and supersedes all prior oral and written agreements, understanding, and communications between the parties regarding services and access.**

**EXHIBIT A/B #39, #40, #41 & #47**

**IN WITNESS WHEREOF, the Parties have duly executed this Agreement on the _____ day of _____, 2019, to be effective as set forth herein.**

**UMMC**

United Memorial Medical Center Physicians Group, PLLC

By: _M. Ravi_____

  _RAVISHANKER  MALLAPURAM_

 Title: ___DIRECTOR_____

**Service Provider**

Allergy of Texas PLLC, dba Medical Care of Texas

By: _Stacy Williams_____

Stacy Williams

Title: CBO

Debtor    **1960 Family Practice, P.A.**                              Case number *(If known)* _____
              Name

| | | | |
|---|---|---|---|
| 48. | **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | |
| 49. | **Aircraft and accessories** | | |
| 50. | **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | |
| | **Jaken Treadmills; Lessor is Canon Financial Services** **Lease was to be assumed by UMMC as of September 1, 2019** | $0.00 | $0.00 |
| | **Hologic Selenia** **Lease was assumed by Community ER, LLC as of August 19, 2020** | $0.00 | $0.00 |
| | **Sudomotor System with System upgrade; Lessor is Canon Financial Services** **Lease was to be assumed by UMMC as of September 1, 2019** | $0.00 | $0.00 |
| | **Sudomotor System; Lessor is Canon Financial Services** **Lease was to be assumed by UMMC as of September 1, 2019** | $0.00 | $0.00 |
| | **Neurostar TMS Therapy Machine** **Lessor is M2 Lease Funds, LLC** **Lease was to be assumed by UMMC as of September 1, 2019** | $0.00 | $0.00 |

| | | |
|---|---|---|
| 51. | **Total of Part 8.** Add lines 47 through 50.  Copy the total to line 87. | $0.00 |

52.    **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                                              Best Case Bankruptcy

| Debtor | **1960 Family Practice, P.A.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

---

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.

■ Yes Fill in the information below.

|  | | **Current value of debtor's interest** |
|---|---|---|
| 71. | **Notes receivable** | |
| | Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)** | |
| | Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| | **Gallagher Cyber Plus Policy #OC0525ASD619** | **Unknown** |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| | **SEE ATTACHED EXHIBIT A/B #74** | **Unknown** |
| | Nature of claim | **Economic damage as a result of ransomware attack on December 11, 2019** |
| | Amount requested | **$0.00** |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| 78. | **Total of Part 11.** | **$0.00** |
| | Add lines 71 through 77. Copy the total to line 90. | |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No

☐ Yes

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

# EXHIBIT A/B #74

Ransomware Attack Summary

On December 11, 2019, the 1960 Family Practice IT system was hit by a ransomware attack. The IT system was located at the Providence Hospital of North Houston, LLC ("PHNH") campus in the server room. The virus traveled through the entire IT system including the 1960 Family Practice clinics, business office, ER and multiple other entities since the virus went into the GE (PAC system). Additionally, the tmmsonline.net email system was also compromised and all emails have not been recovered. VasoHealthcare IT was supposed to have maintained our entire network (pharmacies/business office/billing office/clinics/radiology/satellite locations). Everything related to business was completely shut down.

Cyber insurance policies allowed our insurance company to step in and the carrier paid the ransomware ($800K plus) and also paid a recovery IT company (outside firm) to recover the damaged IT system. After the insurance investigation was complete, it was determined that one of the computers located at the nurse station (Kim Harrington, CNO of UMMC North) opened an unintended email and the virus spread to all of the network systems located at PHNH. UMMC was using our network system through a managed access and service agreement. After several months, it was determined that only about 50% of the damaged software is recoverable. 1960 Family Practice has not been able to send out claims and billing has been shut down 100%.

Economic damages have not been determined.

We have provided to the carrier the monies that 1960 Family Practice has paid as well as vendor invoices that the carrier should pay. 1960 Family Practice does not have a functioning billing system.

See below a timeline on major events as they occurred as part of the remediation efforts to this ransomware attack. All major systems impacted including, but not limited to, GE Centricity, GE PACS, MedQ, Allscripts, Amkai, CPSI, Mail Server, entire network.

- 12/11/2019: Ransomware attack happened at 2.00 AM early morning. IT received multiple calls about systems not functioning. Basic troubleshooting was done but the systems remained down. Morning 9.00 AM – IT determined that the systems were hacked.
- 12/12/2019: Dr. Le contacted carrier. 1960 Family Practice began working with counsel for insurance carrier and Tracepoint (Insurance IT). Tracepoint came onsite to evaluate the network.
- 12/12/2019: FBI Cyber Crime Dept. was notified about the incident. FBI came on site to investigate the attack.
- 3 Weeks post attack: Tracepoint completed its investigation and sent findings to their headquarters in Washington DC.
- 01/21/2020: Management contacted Visualations to evaluate Centricity Application.
- 01/28/2020 – 01/29/2020: Visualations came onsite, declared the centricity Database and application files were corrupted beyond repair and need a re-implementation.
- 02/13/2020: Investigation findings meeting with Tracepoint, Insurance and insurance attorneys. All the findings were mentioned on the call.
- 02/27/2020: Ontrack was contacted to Decrypt the data from the centricity Database. Ontrack sent a quote.
- 04/15/2020: Carrier released payment to Ontrack for Centricity Data decryption.
- 04/20/2020: Management contacted MedQ for troubleshooting the corrupt RIS system
- 4/20/2020: Management contacted GE for troubleshooting the corrupt PACS system
- 04/28/2020: Contacted Visualations for Quotes on rebuilding Centricity application

# EXHIBIT A/B #74

- 05/01/2020: Received Quote from MedQ. MedQ tried to troubleshoot the system for more than a week after they were contacted to determine if the existing system could be repaired. The system was not responsive and beyond repair. Decision was made to re-implement a new system.
- 05/05/2020: Received the Decrypted data of Centricity Database from Ontrack
- 05/27/2020: Received the Quote from GE. GE worked with the IT team for more than a month in troubleshooting the system, understanding the previous workflow and evaluating the current functionality. The system is beyond repair and GE sent a quote to fix the dead system. A part of GE (GE Archive) was acceptable and was not included in the quote.
- During this Entire process IT has been working to rebuild all the systems that were affected with no patient data loss including all the computers (180) and servers (Active Directory, multiple File Servers, DNS&DHCP Servers, multiple Internal App Servers) and other networking equipment including Firewalls and switches .

Debtor **1960 Family Practice, P.A.**         Case number *(If known)* _____
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $461.70 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $36,000.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.......................................................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $36,461.70 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $36,461.70 |

**Fill in this information to identify the case:**

Debtor name  **1960 Family Practice, P.A.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

| | |
|---|---|
| 2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. | **Column A** / **Column B** |

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1**<br>**Canon Financial Services, Inc.**<br>Creditor's Name<br><br>**c/o Allison L. Domowitch Fleischer, Fleischer & Suglia, P.C.**<br>**601 Route 73 North, Suite 305**<br>**Marlton, NJ 08053**<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>**Equipment leases originally with Toshiba America Medical Credit; SEE ATTACHED EXHIBIT D-1**<br><br><br>**Describe the lien**<br>**Leased Equipment**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **Unknown** | **$0.00** |
| **2.2  Cardinal Health**<br>Creditor's Name<br><br>**7000 Cardinal Place**<br>**Dublin, OH 43017**<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number** | **Describe debtor's property that is subject to a lien**<br>**All business assets**<br><br><br>**Describe the lien**<br>**ASSETS ARE IN POSSESSION OF UMMC**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$25,443.96** | **$0.00** |

# EXHIBIT D-1

**1960 Family Practice, P.A.**

**Comments:**
Canon Leases were to be assumed on 9/1/2019 as indicated below.
Debtor made payments on leases through 8/31/2019
The schedules that are in the agreements were provided by Canon.

Lease schedule for Canon Leases

| Ref. on Schedule D | Lease # | Original Cost | Monthly Payment | Lease Start Date | Equipment Description | Term | End Date | Party to assume the lease |
|---|---|---|---|---|---|---|---|---|
| 2.1 | 001-0767853-001 | $ 31,850.00 | $ 1,048.30 | 03/02/18 | Jaken Treadmills | 36 months | 03/02/21 | UMMC |
| 2.1 | 001-0767853-003 | $ 39,178.00 | $ 804.99 | 03/29/18 | Sudomotor System with System upgrade | 60 months | 03/29/23 | UMMC |
| 2.1 | 001-0767853-004 | $ 29,750.00 | $ 611.28 | 03/29/18 | Sudomotor System | 60 months | 03/29/23 | UMMC |
| 2.1 | 001-0767853-002 | $ 356,548.46 | $ 7,276.95 | 03/13/18 | Hologic Selenia | 60 months | 03/13/23 | Community ER, LLC |

Debtor   **1960 Family Practice, P.A.**                                Case number *(if known)* _____
_____
Name

| | |
|---|---|
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.3 | **Community ER, LLC** | Describe debtor's property that is subject to a lien | **Unknown** | **$35,128.28** |
|---|---|---|---|---|

Creditor's Name

**5037-B FM 2920
Spring, TX 77388**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

Describe debtor's property that is subject to a lien
**All accounts receivable**

**Describe the lien**
**Line of Credit Agreement**
**Is the creditor an insider or related party?**
☐ No
■ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| | |
|---|---|
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.4 | **Independent Financial** | Describe debtor's property that is subject to a lien | **Unknown** | **Unknown** |
|---|---|---|---|---|

Creditor's Name

**fka Independent Bank
PO Box 3035
McKinney, TX 75070**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

Describe debtor's property that is subject to a lien
**All accounts receivable, furniture, fixtures, equipment, inventory, chattel paper, general intangibles; Debtor is a guarantor of indebtedness owing Independent Financial ("IF").  IF holds a guaranty secured by assets owned by Debtor.**

**Describe the lien**
**ASSETS ARE IN POSSESSION OF UMMC**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| | |
|---|---|
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.5 | **M2 Lease Funds, LLC** | Describe debtor's property that is subject to a lien | **$35,115.10** | **$0.00** |
|---|---|---|---|---|

Creditor's Name
**175 N. Patrick Blvd., Ste. 140
Brookfield, WI 53045**

Describe debtor's property that is subject to a lien
**Equipment lease for Neurostar TMS Therapy Machine**

---

Official Form 206D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 2 of 3

Debtor   **1960 Family Practice, P.A.**                                Case number *(if known)* _____
      Name

| | |
|---|---|
| Creditor's mailing address | **Describe the lien** |
| | **ASSET IN POSSESSION OF UMMC** |
| | **Is the creditor an insider or related party?** |
| | ■ No |
| Creditor's email address, if known | ☐ Yes |
| | **Is anyone else liable on this claim?** |
| **Date debt was incurred** | ☐ No |
| | ■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Last 4 digits of account number** | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

| 2.6 | **VasoHealthcare IT Corp.** | | | $4,818.48 | $0.00 |
|---|---|---|---|---|---|

| | |
|---|---|
| Creditor's Name | **Describe debtor's property that is subject to a lien** |
| **4710 Eisenhower Blvd. Tampa, FL 33634** | **IT Server Equipment is owned by Providence Hospital of North Houston, LLC and is not an asset of the Debtor; Debtor used the server prior to September 1, 2019.** |
| Creditor's mailing address | **Describe the lien** |
| | **Service Agreement** |
| | **Is the creditor an insider or related party?** |
| | ■ No |
| Creditor's email address, if known | ☐ Yes |
| | **Is anyone else liable on this claim?** |
| **Date debt was incurred** | ☐ No |
| | ■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Last 4 digits of account number** | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ■ Disputed |

3.   **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   | **$65,377.54** |

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Canon Financial Services, Inc., 158 Gaither Dr Mount Laurel, NJ 08054** | Line _**2.1**_ | |
| **M2 Lease Funds, LLC c/o Davis Kuelthau, S.C. 11 E. Kilbourn Ave Ste 1400 Milwaukee, WI 53202** | Line _**2.5**_ | |

**Fill in this information to identify the case:**

Debtor name __1960 Family Practice, P.A.__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF TEXAS__

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**　List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

**Part 2:**　List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address**<br>**1960 Physician Associates**<br>**5037-B FM 2920**<br>**Spring, TX 77388**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$1,806,846.51** |
| **3.2** | **Nonpriority creditor's name and mailing address**<br>**A'Donte Jackson**<br>**4297 Rue St. Germain**<br>**Stone Mountain, GA 30083**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$28.60** |
| **3.3** | **Nonpriority creditor's name and mailing address**<br>**A-1 Pest Control**<br>**13403 Tall Forest**<br>**Cypress, TX 77429**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$3,752.88** |
| **3.4** | **Nonpriority creditor's name and mailing address**<br>**Admiral Linen & Uniform Services**<br>**1200 Oliver**<br>**Houston, TX 77007**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$10,955.55** |

Debtor   **1960 Family Practice, P.A.**                                        Case number *(if known)* _____
     Name

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$119,156.03** |
|---|---|---|---|

**Allergy of Texas, PLLC**
**5037-B FM 2920**
**Spring, TX 77388**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$99,191.28** |
|---|---|---|---|

**Allscripts Healthcare, LLC**
**24630 Network Place**
**Chicago, IL 60673-1246**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** **1291**

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$4,179.32** |
|---|---|---|---|

**Amazon Capital Services**
**PO Box 035184**
**Seattle, WA 98124-5184**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$38,133.19** |
|---|---|---|---|

**Ambassador Services, Inc.**
**11710 North Freeway, Suite 100**
**Houston, TX 77060-3708**

☐ Contingent
☐ Unliquidated
■ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Janitorial services contract; lawsuit pending**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$2,900.00** |
|---|---|---|---|

**American College of Radiology**
**1891 Preston White Dr.**
**Reston, VA 20191**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$246.38** |
|---|---|---|---|

**AmerisourceBergen Drug Corp.**
**PO Box 5188**
**New York, NY 10087-5188**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$554.65** |
|---|---|---|---|

**Angelica**
**P.O. Box 532268**
**Atlanta, GA 30353-2268**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

| Debtor | **1960 Family Practice, P.A.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$258.70** |
|---|---|---|---|

**Aramark**
**9950 Fallbrook Pines**
**Houston, TX 77064**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.13 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$823.60** |
|---|---|---|---|

**AT&T**
**PO Box 105414**
**Atlanta, GA 30348-5414**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _Vendor; various accounts_

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.14 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$3,052.65** |
|---|---|---|---|

**Bakers' Signs & Manufacturing, Inc.**
**11201 FM 1485**
**Conroe, TX 77306**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.15 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,520.91** |
|---|---|---|---|

**Bard Peripheral Vascular Inc**
**dba C.R. Bard**
**PO Box 75767**
**Charlotte, NC 28275**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.16 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$243.56** |
|---|---|---|---|

**Baxter Medical Equipment Inc.**
**4328 Airline Dr**
**Houston, TX 77022**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.17 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$3,351.96** |
|---|---|---|---|

**Binswanger Glass**
**PO Box 679331**
**Grapevine, TX 75267-9331**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.18 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$6,855.00** |
|---|---|---|---|

**BioMedical Waste Solutions**
**PO BOX 1147**
**Port Neches, TX 77651**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor    **1960 Family Practice, P.A.**                                    Case number (if known) _____
             Name

---

| 3.19 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,434.02** |
|------|---|---|---|

**Breg Inc**
**PO BOX 849991**
**Dallas, TX 75284**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.20 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$216,427.93** |
|------|---|---|---|

**Broadstone FMFP Texas, LLC**
**140 Clinton Square**
**Rochester, NY 14604**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** **Lease**

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.21 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$350.73** |
|------|---|---|---|

**Buckeye Cleaning Centers**
**PO Box 840002**
**Kansas City, MO 64184-0002**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.22 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$19,735.06** |
|------|---|---|---|

**C-Air-S Mechanical, Inc.**
**8430 Fawndale Lane**
**Houston, TX 77040**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.23 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,408.02** |
|------|---|---|---|

**Cadwell Laboratories Inc.**
**909 N. Kellogg Street**
**Kennewick, WA 99336**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.24 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|------|---|---|---|

**Canon Financial Services**
**c/o Allison L. Domowitch**
**Fleischer, Fleischer & Suglia, P.C.**
**601 Route 73 North, Suite 305**
**Marlton, NJ 08053**

☐ Contingent
☐ Unliquidated
■ Disputed

**Basis for the claim:** **Equipment Leases**
**For notice purposes only**

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.25 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$27,475.20** |
|------|---|---|---|

**Canon Medical Systems USA, Inc.**
**PO Box 775220**
**Chicago, IL 60677**

☐ Contingent
☐ Unliquidated
■ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** **Equipment leases**

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No  ☐ Yes

---

Debtor  **1960 Family Practice, P.A.**                                    Case number *(if known)* _____
Name

| 3.26 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $25,443.96 |

**Cardinal Health Medical Health Products and Services**
PO Box 730112
Dallas, TX 75373

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.27 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $23,650.31 |

**Cardinal Health Pharmacy**
c/o Bank of Ameria Lockbox
5303Collections Center Drive
Chicago, IL 60693

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.28 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,730.52 |

**Champion Forest A/C & Heating Inc.**
19339 Ella Blvd
Spring, TX 77388

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.29 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,279.96 |

**Charlie's Plumbing, Inc**
1309 Pennsylvania St.
South Houston, TX 77587-4042

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.30 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $10,000.00 |

**Chronic Care IQ**
PO Box 761
Roswell, GA 30077

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.31 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $214.90 |

**Clinical Pathology Labs, Inc.**
PO Box 141669
Austin, TX 78714-1669

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.32 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $30.95 |

**Comcast Business**
PO Box 660618
Dallas, TX 75266-0618

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  6479

Is the claim subject to offset? ■ No ☐ Yes

Debtor **1960 Family Practice, P.A.**

Case number *(if known)* _____

Name

---

| 3.33 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$808,316.63** |
|---|---|---|---|

**Cypress MOB, LLC**
**c/o Yonatan Z. Gerber**
**Gerber & Most, PLLC**
**5555 West Loop South, Suite 400**
**Bellaire, TX 77401**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: __Pending Lawsuit__

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.34 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$15,763.10** |
|---|---|---|---|

**D2 Pharma Consulting LLC**
**400 Chesterfiled Center, Ste 400**
**Chesterfield, MO 63017**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.35 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$5,524.00** |
|---|---|---|---|

**DSHS Central Lab MC2004**
**PO Box 149347**
**Austin, TX 78714-9347**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.36 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$6,346.26** |
|---|---|---|---|

**Echo Communications, Inc.**
**12703 Veterans Memorial Dr. Suite 200**
**Houston, TX 77014**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.37 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$517.67** |
|---|---|---|---|

**EspriGas**
**PO Box 4577**
**Carol Stream, IL 60197-4577**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.38 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,750.00** |
|---|---|---|---|

**eVisit**
**1201 E. Alma School Rd. Suite 15500**
**Mesa, AZ 85210**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.39 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$75.78** |
|---|---|---|---|

**Exalenz Bioscience Inc.**
**P.O. Box 841904**
**Boston, MA 02284-1904**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor    **1960 Family Practice, P.A.**                                Case number *(if known)*
          Name

| | | |
|---|---|---|
| 3.40 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$151.12** |

3.40   **Nonpriority creditor's name and mailing address**

**Fedex**
 P.O. Box 660481
Dallas, TX 75266-0481

As of the petition filing date, the claim is: *Check all that apply.*    **$151.12**
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

3.41   **Nonpriority creditor's name and mailing address**

**Fish Gallery Woodlands**
26002 Interstate 45N
Spring, TX 77386

As of the petition filing date, the claim is: *Check all that apply.*    **$541.24**
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

3.42   **Nonpriority creditor's name and mailing address**

**FM 1960 Medical Village II, LP**
5037-B FM 2920
Spring, TX 77388

As of the petition filing date, the claim is: *Check all that apply.*    **$49,146.42**
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

3.43   **Nonpriority creditor's name and mailing address**

**Food Sciences Corporation**
**dba Robard Corporation**
821 East Gate Drive PO Box 5037
Mount Laurel, NJ 08054-5037

As of the petition filing date, the claim is: *Check all that apply.*    **$3,312.05**
☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Pending lawsuit**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

3.44   **Nonpriority creditor's name and mailing address**

**Gary E. Patterson, P.C.**
1214 Elgin St
Houston, TX 77004

As of the petition filing date, the claim is: *Check all that apply.*    **$600.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

3.45   **Nonpriority creditor's name and mailing address**

**GLAXOSMITHKLINE PHARMACEUTICALS**
PO BOX 740415
Atlanta, GA 30374-0415

As of the petition filing date, the claim is: *Check all that apply.*    **$11,373.05**
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

3.46   **Nonpriority creditor's name and mailing address**

**Global Pharmaceutical Wholesale**
PO BOX 2998
Dearborn, MI 48123

As of the petition filing date, the claim is: *Check all that apply.*    **$300.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor **1960 Family Practice, P.A.**                                   Case number *(if known)* _____

Name

| | |
|---|---|
| 3.47 | **Nonpriority creditor's name and mailing address** |

**Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$1,167.76**
**Guardian Safe & Lock**
**PO Box 634**                                          ☐ Contingent
**Tomball, TX 77377**                                   ☐ Unliquidated
                                                        ☐ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

3.48  **Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$75.00**
**Harris County Alarm Detail**
**9418 Jensen Drive, Suite A**                          ☐ Contingent
**Houston, TX 77093-6821**                              ☐ Unliquidated
                                                        ☐ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

3.49  **Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$929.10**
**HBS Pharmacy Services**
**PO Box 919581**                                       ☐ Contingent
**Orlando, FL 32891-9581**                              ☐ Unliquidated
                                                        ☐ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

3.50  **Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$209.20**
**Health Care Logistics Inc.**
**PO Box 400**                                          ☐ Contingent
**Circleville, OH 43113-0400**                          ☐ Unliquidated
                                                        ☐ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

3.51  **Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$299.78**
**HealthFirst**
**Dept. CH 14330**                                      ☐ Contingent
**Palatine, IL 60055-4330**                             ☐ Unliquidated
                                                        ☐ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

3.52  **Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$1,250.00**
**Heights Clinic, LLC**
**746 Columbia St**                                     ☐ Contingent
**Houston, TX 77007**                                   ☐ Unliquidated
                                                        ☐ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

3.53  **Nonpriority creditor's name and mailing address**     As of the petition filing date, the claim is: *Check all that apply.*                    **$515,241.53**
**Henry Schein, Inc.**
**Dept CH 10241**                                       ☐ Contingent
**Palatine, IL 60055-0241**                             ☐ Unliquidated
                                                        ■ Disputed
Date(s) debt was incurred _
                                                        **Basis for the claim:** _Pending Lawsuit_
Last 4 digits of account number _
                                                        Is the claim subject to offset? ■ No  ☐ Yes

---

Debtor    **1960 Family Practice, P.A.**                                    Case number *(if known)* _____

Name

| | |
|---|---|
| 3.54 | **Nonpriority creditor's name and mailing address** |

**Houston Courier**
**2102 Alabama**
**Houston, TX 77004**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **$186.00**

☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.55 | **Nonpriority creditor's name and mailing address** |

**Huong Le**
**50 Palmer Crest Dr**
**Spring, TX 77381**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **$650,134.67**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Unpaid Medical Director**

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.56 | **Nonpriority creditor's name and mailing address** |

**Innovative Office Machine Repair**
**17422 Edenway Dr. #100**
**Spring, TX 77379**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **$25,866.89**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Service contract for computer and printer maintenance**

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.57 | **Nonpriority creditor's name and mailing address** |

**Jennifer Lopez**
**c/o Ronald Dupree**
**Dupree Law Firm, PLLC**
**2800 Post Oak Blvd., Suite 4100**
**Houston, TX 77056**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **Unknown**

☐ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim:  **Lawsuit**

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.58 | **Nonpriority creditor's name and mailing address** |

**Johnson's Contract Services**
**99037 Buckner Ct.**
**Houston, TX 77073**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **$4,500.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.59 | **Nonpriority creditor's name and mailing address** |

**Jose Campos**
**3913 Mossy Oaks Rd**
**Spring, TX 77389**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **$3,861.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.60 | **Nonpriority creditor's name and mailing address** |

**KME Holdings, LLC**
**5502 Merrywing Circle**
**Austin, TX 78730**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*    **Unknown**

☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim:  **Pending Lawsuit**

Is the claim subject to offset? ☑ No  ☐ Yes

---

Debtor __**1960 Family Practice, P.A.**_____   Case number *(if known)* _____
　　　　　Name

| | | |
|---|---|---|
| 3.61 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $22.00 |

**3.61** | **Nonpriority creditor's name and mailing address** ||| **$22.00**

---

| 3.61 | **Nonpriority creditor's name and mailing address**<br>**Kristin Running**<br>**19810 Shores Edge Dr**<br>**Tomball, TX 77375**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _<br><br>Is the claim subject to offset? ■ No ☐ Yes | **$22.00** |
| 3.62 | **Nonpriority creditor's name and mailing address**<br>**Laboratory Corporation of America**<br>**PO Box 12140**<br>**Burlington, NC 27216**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _Vendor; various accounts_<br><br>Is the claim subject to offset? ☐ No ■ Yes | **$1,252.36** |
| 3.63 | **Nonpriority creditor's name and mailing address**<br>**Laborie Medical Technoligies Corp**<br>**400 Avenue D, Suite 10**<br>**Williston, VT 05495**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _<br><br>Is the claim subject to offset? ■ No ☐ Yes | **$1,264.37** |
| 3.64 | **Nonpriority creditor's name and mailing address**<br>**Language Line Services Inc**<br>**PO Box 202564**<br>**Dallas, TX 75320-2564**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _Vendor; various accounts_<br><br>Is the claim subject to offset? ■ No ☐ Yes | **$1,419.22** |
| 3.65 | **Nonpriority creditor's name and mailing address**<br>**Lighting Products Company**<br>**PO BOX 849**<br>**Barstow, CA 92312**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _<br><br>Is the claim subject to offset? ■ No ☐ Yes | **$657.00** |
| 3.66 | **Nonpriority creditor's name and mailing address**<br>**Linde Gas**<br>**24963 Network Place**<br>**Chicago, IL 60673-1249**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _<br><br>Is the claim subject to offset? ■ No ☐ Yes | **$8,696.94** |
| 3.67 | **Nonpriority creditor's name and mailing address**<br>**M2 Lease**<br>**175 N. Patrick Blvd., Ste. 140**<br>**Brookfield, WI 53045**<br><br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _Lease_<br><br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |

Debtor     **1960 Family Practice, P.A.**
           _____     Case number (if known) _____
           Name

| 3.68 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $3,417.28 |
|---|---|---|---|

**Masters Drug Company**
**PO Box 840713**
**Dallas, TX 75284-0713**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.69 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $271.40 |
|---|---|---|---|

**Mckesson Specialty Care Distribution**
**15212 Collections Center Drive**
**Chicago, IL 60693**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.70 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $325.48 |
|---|---|---|---|

**MDToolbox**
**8524 W. Gage Blvd. A-137**
**Kennewick, WA 99336**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.71 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $72,340.80 |
|---|---|---|---|

**Medical VIllage of Cypress Creek, LP**
**5037-B FM 2920**
**Spring, TX 77388**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Lease agreement**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.72 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,144.44 |
|---|---|---|---|

**Medline Industries, Inc.**
**Dept 1080**
**PO Box 121080**
**Dallas, TX 75312-1080**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.73 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,840.00 |
|---|---|---|---|

**Mind Headache & Neurology PLLC**
**30 Napoli Way Dr.**
**Missouri City, TX 77459**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.74 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,665.66 |
|---|---|---|---|

**MVAP Medical Supplies, Inc**
**2001 Corporate Center Dr. Suite 250**
**Thousand Oaks, CA 91320**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| Debtor | **1960 Family Practice, P.A.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.75 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$461.63** |
|---|---|---|---|

**My Office Products**
PO Box 32192
New York, NY 10087-2192

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.76 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$21.21** |
|---|---|---|---|

**Natus Medical Incorporated**
PO Box 3604
Carol Stream, IL 60132-3604

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.77 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|

**Neuronetics**
c/o Eric Peterson
275 W Campbell #312
Richardson, TX 75080

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: __Pending Litigation__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.78 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$2,806.18** |
|---|---|---|---|

**Office Depot Business**
Office Depot, Inc.
PO Box 660113
Dallas, TX 75266-0113

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.79 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$925.55** |
|---|---|---|---|

**One Stop Print Shop**
3033 Cypress Creek Pkwy
Houston, TX 77068

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.80 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,000.00** |
|---|---|---|---|

**PatientLink**
PO Box 890059
Oklahoma City, OK 73189

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.81 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$424.04** |
|---|---|---|---|

**PDMI**
Attn: Accounts Receivable
PO Box 5300
Poland, OH 44514

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Debtor    **1960 Family Practice, P.A.**                                    Case number *(if known)* _____
_____
Name

| | |
|---|---|
| 3.82 | **Nonpriority creditor's name and mailing address**<br>**Pharmacy Vials and Supplies Corp.**<br>**4810 Brooks St.**<br>**Montclair, CA 91763** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$95.68**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.83 | **Nonpriority creditor's name and mailing address**<br>**Physician's Alliance of Red Oak, LP**<br>**5037-B FM 2920**<br>**Spring, TX 77388** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$1,290,111.44**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Lease agreement**

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.84 | **Nonpriority creditor's name and mailing address**<br>**Piney Woods Radiology, PLLC**<br>**5037-B FM 2920**<br>**Spring, TX 77388** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$2,398.15**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.85 | **Nonpriority creditor's name and mailing address**<br>**Pitney Bowes**<br>**PO Box 371887**<br>**Pittsburgh, PA 15250-7887** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$583.78**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number  **4094,7337**

Basis for the claim:  **Vendor; various accounts**

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.86 | **Nonpriority creditor's name and mailing address**<br>**Polymedco Cancer Diagnostic Products LLC**<br>** PO BOX 71667**<br>**Chicago, IL 60694-1667** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$1,656.08**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.87 | **Nonpriority creditor's name and mailing address**<br>**PRAXAIR DISTRIBUTION, INC.**<br>**Dept 0812 P.O. BOX 120812**<br>**Dallas, TX 75312-0812** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$2,931.09**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| | |
|---|---|
| 3.88 | **Nonpriority creditor's name and mailing address**<br>**Prime Care Internists, PA**<br>**5037-B FM 2920**<br>**Spring, TX 77388** | **As of the petition filing date, the claim is:** *Check all that apply.*    **$153,691.90**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor **1960 Family Practice, P.A.**        Case number *(if known)* _____
<br>Name

---

| 3.89 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$18,066.00** |
|---|---|---|---|

**Print Southwest LLC d/b/a Vista Printing**
**395 Olive Avenue**
**Vista, CA 92083**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Judgment__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.90 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,507.83** |
|---|---|---|---|

**Proficient Services**
**1930 Rainy River**
**Houston, TX 77088**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.91 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**Providence ER of Harmony, PLLC**
**dba Cypress Creek ER of Harmony**
**5037-B FM 2920**
**Spring, TX 77388**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Lease agreement__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.92 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,029,149.68** |
|---|---|---|---|

**Providence ER of Northwest, PLLC**
**5037-B FM 2920**
**Spring, TX 77388**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.93 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$6,247.08** |
|---|---|---|---|

**Purchase Power**
**PO Box 371874**
**Pittsburgh, PA 15250-7874**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account
number **8995,2578,6017,8109**

Basis for the claim: __Vendor; various accounts__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.94 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$389.70** |
|---|---|---|---|

**Pure Health Solutions Inc.**
**PO BOX 742647**
**Cincinnati, OH 45274-2647**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **005,006,007**

Basis for the claim: __Equipment leases__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.95 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$511.10** |
|---|---|---|---|

**Quest Diagnostics**
**P.O. Box 677960**
**Dallas, TX 75267-7960**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6900**

Basis for the claim: __Vendor__

Is the claim subject to offset? ■ No ☐ Yes

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor   **1960 Family Practice, P.A.**                                   Case number (if known) _____
Name

| | |
|---|---|

**3.96** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$482.03**
---

**3.96**

**Nonpriority creditor's name and mailing address**
**Quest Diagnostics**
**PO Box 841725**
**Dallas, TX 75284-1725**

Date(s) debt was incurred _
Last 4 digits of account number **7100**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

**$482.03**

---

**3.97**

**Nonpriority creditor's name and mailing address**
**Quintron Instrument Company**
**2208 S. 38th Street**
**Milwaukee, WI 53215**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$362.23**

---

**3.98**

**Nonpriority creditor's name and mailing address**
**Radius Global Solutions/BMW**
**PO Box 1259**
**Dept. 119195**
**Oaks, PA 19456**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$2,136.13**

---

**3.99**

**Nonpriority creditor's name and mailing address**
**Ready Refresh**
**PO Box 856680**
**Louisville, KY 40285-6680**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$184.94**

---

**3.100**

**Nonpriority creditor's name and mailing address**
**Relatient, LLC**
**75 Remittance Dr, Dept. 1919**
**Chicago, IL 60675-1919**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$26,754.36**

---

**3.101**

**Nonpriority creditor's name and mailing address**
**Reliant Business Products, Inc.**
**10641 Haddington Dr #100**
**Houston, TX 77043**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$2,043.18**

---

**3.102**

**Nonpriority creditor's name and mailing address**
**Respironics, Inc.**
**P.O. Box 405740**
**Atlanta, GA 30384-5740**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$8,108.50**

---

Debtor    **1960 Family Practice, P.A.**                    Case number *(if known)* _____
          Name

| 3.103 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$77,456.77** |
|---|---|---|---|

**Sanofi Pasteur Inc.**
**12458 Collections Center Dr.**
**Chicago, IL 60693**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No   ☐ Yes

---

| 3.104 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$714.48** |
|---|---|---|---|

**Shiner Cleaning, Inc**
**808 Russell Palmer Rd. Ste 207**
**Kingwood, TX 77339**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No   ☐ Yes

---

| 3.105 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$19,418.85** |
|---|---|---|---|

**Shred-It USA**
**28883 Network Place**
**Chicago, IL 60673-1288**

☐ Contingent
☐ Unliquidated
■ Disputed

**Date(s) debt was incurred** **1652, 4755, 4893, 4909,**
**6732, 7747**

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor; various accounts**

Is the claim subject to offset? ■ No   ☐ Yes

---

| 3.106 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$100.00** |
|---|---|---|---|

**SIGIS**
**111 Deerwood Rd, Ste 200**
**San Ramon, CA 94583**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No   ☐ Yes

---

| 3.107 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$576.00** |
|---|---|---|---|

**Solstice Corporation**
**PO BOX 1177**
**Portland, ME 04104**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No   ☐ Yes

---

| 3.108 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$625.00** |
|---|---|---|---|

**SouthEast Texas Regional AdvisoryCouncil**
**1111 North loop West, Suite 160**
**Houston, TX 77008-5806**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No   ☐ Yes

---

| 3.109 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$191.40** |
|---|---|---|---|

**Sparkletts Standard**
**P.O. Box 660579**
**Dallas, TX 75266-0579**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** **1586,8815**

**Basis for the claim:** **Vendor; various accounts**

Is the claim subject to offset? ■ No   ☐ Yes

---

Debtor    **1960 Family Practice, P.A.**                                           Case number *(if known)*
_____                                    _____
Name

| | | |
|---|---|---|
| 3.110 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.*      **$27,110.41** |

| 3.110 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$27,110.41** |
|---|---|---|---|
| | **Staples Business Advantage**<br>P.O. Box 660409<br>**Dallas, TX 75266-0409** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Vendor; various accounts**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.111 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$6,301.80** |
|---|---|---|---|
| | **Staples Technology Solutions**<br>P.O. Box 95230<br>**Sharon, CT 06069-4000** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Vendor**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.112 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$15,645.96** |
|---|---|---|---|
| | **TD Industries**<br>P.O. Box 300008<br>**Dallas, TX 75303-0008** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  _<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.113 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$2,634,123.75** |
|---|---|---|---|
| | **Texas Emergency Room Services, P.A.**<br>c/o Allan B. Diamond<br>**Diamond McCarthy LLP**<br>**909 Fannin St., 37th Floor**<br>**Houston, TX 77010** | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Pending Lawsuit**<br><br>Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.114 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$3,051,579.91** |
|---|---|---|---|
| | **Texas Managerial Medical Services, LLC**<br>5037-B FM 2920<br>**Spring, TX 77388** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  _<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.115 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$464,456.00** |
|---|---|---|---|
| | **Texas Radiology Associates, P.A.**<br>5037-B FM 2920<br>**Spring, TX 77388** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  _<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.116 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$9,742.50** |
|---|---|---|---|
| | **Therigy**<br>Maitland Center Pkwy, Ste 201<br>**Maitland, FL 32751-7415** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  _<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     

Debtor   **1960 Family Practice, P.A.**                              Case number *(if known)* _____

_____
Name

| | |
|---|---|
| 3.117 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **Unknown** |

**U.S. Retailers, LLC, d/b/a Cirro Energy**
**c/o Carroll G. Robinson**
**Robinson Law Group, PLLC**
**4203 Yoakum Blvd., Ste. 310**
**Houston, TX 77006**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Utility**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| | |
|---|---|
| 3.118 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$76.30** |

**UPS**
**P.O. Box 7247-0204**
**Philadelphia, PA 19170-0001**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Vendor**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| | |
|---|---|
| 3.119 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$4,818.48** |

**VasoHealthcare IT Corp.**
**4710 Eisenhower Blvd Suite E8**
**Tampa, FL 33634**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| | |
|---|---|
| 3.120 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$557.49** |

**Verathon, Inc.**
**PO Box 935117**
**Atlanta, GA 31193-5117**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| | |
|---|---|
| 3.121 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$363.00** |

**Vericor LLC**
**703 Western Ave.**
**Holmen, WI 54636**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| | |
|---|---|
| 3.122 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$561,568.31** |

**Viventi Med LLC**
**5037-B FM 2920**
**Spring, TX 77388**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| | |
|---|---|
| 3.123 **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$90.20** |

**Voice Products**
**8555 E 32nd St N**
**Wichita, KS 67226**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor   **1960 Family Practice, P.A.**                                    Case number *(if known)* _____

Name

| | | |
|---|---|---|
| 3.124 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$180.00** |
| | **Web Host Agents** | ☐ Contingent |
| | **228 Park Ave S, #49828** | ☐ Unliquidated |
| | **New York, NY 10003-1502** | ☐ Disputed |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |

| | | |
|---|---|---|
| 3.125 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$63,749.06** |
| | **Welltrack One** | ☐ Contingent |
| | **c/o John R.C. Bowen** | ☐ Unliquidated |
| | **Laughlin and Bowden, P.C.** | ■ Disputed |
| | **Hilton Head Island, SC 29925** | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** __Pending lawsuit__ |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |

| | | |
|---|---|---|
| 3.126 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$11,610.16** |
| | **White Plume** | ☐ Contingent |
| | **Two Metroplex Drive, Ste.310** | ☐ Unliquidated |
| | **Birmingham, AL 35209** | ☐ Disputed |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |

| | | |
|---|---|---|
| 3.127 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* **$43,962.26** |
| | **Woodlands Imaging LP** | ☐ Contingent |
| | **5037-B FM 2920** | ☐ Unliquidated |
| | **Spring, TX 77388** | ☐ Disputed |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**Part 3:   List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Broadstone FMFP Texas, LLC**<br>**c/o Robert Lemus**<br>**Hughes Arrell Kinchen LLP**<br>**1221 McKinney, Ste 3150**<br>**Houston, TX 77010** | Line **3.20**<br><br>☐ Not listed. Explain _____ | _ |
| 4.2 | **Canon Medical Systems USA, Inc.**<br>**c/o Jerome Seeberger**<br>**Totz Ellison Totz, PC**<br>**2211 Norfolk #510**<br>**Houston, TX 77098** | Line **3.25**<br><br>☐ Not listed. Explain _____ | _ |
| 4.3 | **Cirro Energy**<br>**PO Box 2229**<br>**Houston, TX 77252-2229** | Line **3.117**<br><br>☐ Not listed. Explain _____ | _ |
| 4.4 | **Cypress MOB, LLC**<br>**c/o Sperry Commercial, Inc.**<br>**13500 Midway Rd Ste 310**<br>**Dallas, TX 75244** | Line **3.33**<br><br>☐ Not listed. Explain _____ | _ |

| Debtor | **1960 Family Practice, P.A.** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.5 | **Erica Dryden**<br>**Murrah & Killough, PLLC**<br>**3000 Weslayan St., Ste. 305**<br>**Houston, TX 77027** | Line **3.8**<br><br>☐ Not listed. Explain ____ | _ |
| 4.6 | **Food Sciences Corp., d/b/a Robard Corp.**<br>**c/o Matias Eduardo Garcia**<br>**Barnett & Garcia**<br>**3821 Juniper Trace, Suite 108**<br>**Austin, TX 78738** | Line **3.43**<br><br>☐ Not listed. Explain ____ | _ |
| 4.7 | **Henry Schein, Inc.**<br>**c/o J. Javier Anziani**<br>**Freedman & Price, P.C.**<br>**1102 West Ave., Suite 200**<br>**Austin, TX 78701** | Line **3.53**<br><br>☐ Not listed. Explain ____ | _ |
| 4.8 | **Houston Courier**<br>**c/o Jonathan Axelrad**<br>**3401 Allen Parkway #100**<br>**Houston, TX 77019** | Line **3.54**<br><br>☐ Not listed. Explain ____ | _ |
| 4.9 | **KME Holdings, LLC**<br>**c/o Phillip R. Livingston**<br>**Phillip R. Livingston, P.C.**<br>**2950 Unity Dr #37056**<br>**Houston, TX 77237-4704** | Line **3.60**<br><br>☐ Not listed. Explain ____ | _ |
| 4.10 | **Mckesson Specialty Care Distribution**<br>**c/o Richard Thompson**<br>**Palladino Law Office**<br>**2400 Veterans Memorial Blvd.#300A**<br>**Kenner, LA 70062** | Line **3.69**<br><br>☐ Not listed. Explain ____ | _ |
| 4.11 | **Pure Health Solutions Inc.**<br>**c/o Leaf Capital Funding LLC**<br>**c/o Mathew Weiss / Chase Weiss & Kehoe**<br>**463 Livingston St. #102-156**<br>**Norwood, NJ 07648** | Line **3.94**<br><br>☐ Not listed. Explain ____ | _ |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 16,185,055.11 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 16,185,055.11 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com | Best Case Bankruptcy

Fill in this information to identify the case:

Debtor name **1960 Family Practice, P.A.**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.** State what the contract or lease is for and the nature of the debtor's interest **Janitorial Services** | |
| State the term remaining **Expires 05/22** | |
| List the contract number of any government contract | **Ambassador Services, Inc.** **11710 North Freeway, Suite 100** **Houston, TX 77060-3708** |
| **2.2.** State what the contract or lease is for and the nature of the debtor's interest **Lease of 837 Cypress Creek Parkway, Suite 105 (Bldg. 1), Houston, TX 77090** | |
| State the term remaining **Expires 05/23** | |
| List the contract number of any government contract | **Broadstone** **140 Clinton Square** **Rochester, NY 14604** |
| **2.3.** State what the contract or lease is for and the nature of the debtor's interest **Equipment leases originally with Toshiba America Medical Credit; Master lease with various scheduled equipment** | |
| State the term remaining **Expires 3/2021 and 3/2023** | |
| List the contract number of any government contract | **Canon Financial Services** **c/o Allison L. Domowitch** **Fleischer, Fleischer & Suglia, P.C.** **601 Route 73 North, Suite 305** **Marlton, NJ 08053** |
| **2.4.** State what the contract or lease is for and the nature of the debtor's interest **Lease Agreement of 845 Cypress Creek Parkway Houston, TX 77090** | |
| State the term remaining **Expires 05/23** | |
| List the contract number of any government contract | **KME Holdings, LLC** **5502 Merrywing Circle** **Austin, TX 78730** |

Debtor 1   **1960 Family Practice, P.A.**                                    Case number *(if known)*
_____
First Name        Middle Name        Last Name

 **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.5.** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **Lease of Agreement of 847 Cypress Creek Parkway Houston, TX 77090 Expires 05/23**<br><br>**KME Holdings, LLC 5502 Merrywing Circle Austin, TX 78730** |
| **2.6.** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **Equipment lease for Neurostar TMS Therapy Machine ($3,511.51 per mo.) Expires 02/23**<br><br>**M2 Lease 175 N. Patrick Blvd., Ste. 140 Brookfield, WI 53045** |
| **2.7.** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **Lease Agreement of 5037-B Suite #2 Spring, TX 77388**<br><br>**Expires 03/26**<br><br>**Medical Village of Cypress Creek, LP 5037-B FM 2920 Spring, TX 77388** |
| **2.8.** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **Lease Agreement of 5039 FM 2920 Rd Spring, TX 77385**<br><br>**Expires 09/21**<br><br>**Physician's Alliance of Red Oak, LP 5037-B FM 2920 Spring, TX 77388** |
| **2.9.** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **Sublease Agreement regarding 3550 Rayford Rd #110 Spring, TX 77386 Expires 11/21**<br><br>**Providence ER of Harmony, LLC dba Cypress Creek ER of Harmony 5037-B FM 2920 Spring, TX 77388** |
| **2.10.** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any | **Six equipment leases for six water purifying systems (totaling $520 per mo.) Expires 11/21**<br><br>**Pure Health Solutions Inc. PO BOX 742647 Cincinnati, OH 45274-2647** |

Debtor 1  **1960 Family Practice, P.A.**                                    Case number *(if known)* _____

First Name          Middle Name          Last Name

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

government contract   _____   _____

**Fill in this information to identify the case:**

Debtor name    **1960 Family Practice, P.A.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1: Codebtor*                                              *Column 2: Creditor*

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Alexander Lu Nguyen** | **2 Bay Cliff Ct. Spring, TX 77389** | **Cypress MOB, LLC** | ☐ D _____<br>☑ E/F __3.33__<br>☐ G _____ |
| 2.2 | **Alexander Lu Nguyen** | **2 Bay Cliff Ct Spring, TX 77389** | **Broadstone FMFP Texas, LLC** | ☐ D _____<br>☑ E/F __3.20__<br>☐ G _____ |
| 2.3 | **Alexander Lu Nguyen** | **2 Bay Cliff Ct Spring, TX 77389** | **KME Holdings, LLC** | ☐ D _____<br>☑ E/F __3.60__<br>☐ G _____ |
| 2.4 | **Cypress Creek ER of Harmony PLLC** | **5037-B FM 2920 Spring, TX 77388** | **Houston Courier** | ☐ D _____<br>☑ E/F __3.54__<br>☐ G _____ |
| 2.5 | **Cypress Creek ER, PLLC** | **5037-B FM 2920 Spring, TX 77388** | **Houston Courier** | ☐ D _____<br>☑ E/F __3.54__<br>☐ G _____ |

Debtor___**1960 Family Practice, P.A.**_____   Case number *(if known)*_____

| | Additional Page to List More Codebtors |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| 2.6 | **Cypress Creek ER, PLLC** | **5037-B FM 2920 Spring, TX 77388** | **Independent Financial** | ■ D ___2.4___<br>☐ E/F _____<br>☐ G _____ |
| 2.7 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **Cypress MOB, LLC** | ☐ D _____<br>■ E/F ___3.33___<br>☐ G _____ |
| 2.8 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **M2 Lease** | ☐ D _____<br>■ E/F ___3.67___<br>☐ G _____ |
| 2.9 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **M2 Lease Funds, LLC** | ■ D ___2.5___<br>☐ E/F _____<br>☐ G _____ |
| 2.10 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **Canon Financial Services, Inc.** | ■ D ___2.1___<br>☐ E/F _____<br>☐ G _____ |
| 2.11 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **Broadstone FMFP Texas, LLC** | ☐ D _____<br>■ E/F ___3.20___<br>☐ G _____ |
| 2.12 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **KME Holdings, LLC** | ☐ D _____<br>■ E/F ___3.60___<br>☐ G _____ |
| 2.13 | **Doctor's Hospital 1997 LP dba UMMC** | **510 W Tidwell Rd Houston, TX 77091** | **Providence ER of Harmony, PLLC** | ☐ D _____<br>■ E/F ___3.91___<br>☐ G _____ |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor __1960 Family Practice, P.A.__                                Case number *(if known)* _____

| | |
|---|---|
| ▮ | **Additional Page to List More Codebtors** |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| 2.14 **Doctor's Hospital 1997 LP dba UMMC** | 510 W Tidwell Rd Houston, TX 77091 | **Medical VIllage of Cypress Creek, LP** | ☐ D _____ ▮ E/F __3.71__ ☐ G _____ |
| 2.15 **Doctor's Hospital 1997 LP dba UMMC** | 501 W Tidwell Rd Houston, TX 77091 | **Physician's Alliance of Red Oak, LP** | ☐ D _____ ▮ E/F __3.83__ ☐ G _____ |
| 2.16 **Express Specialty Pharmacy, LLC** | 5037-B FM 2920 Spring, TX 77388 | **Houston Courier** | ☐ D _____ ▮ E/F __3.54__ ☐ G _____ |
| 2.17 **Gunther Groning** | 8259 SW 77th St Gainesville, FL 32608 | **Cypress MOB, LLC** | ☐ D _____ ▮ E/F __3.33__ ☐ G _____ |
| 2.18 **Huong Le Nguyen** | 50 Palmer Crest Spring, TX 77381 | **Cypress MOB, LLC** | ☐ D _____ ▮ E/F __3.33__ ☐ G _____ |
| 2.19 **Huong Le Nguyen** | 50 Palmer Crest Dr Spring, TX 77381 | **Broadstone FMFP Texas, LLC** | ☐ D _____ ▮ E/F __3.20__ ☐ G _____ |
| 2.20 **Huong Le Nguyen** | 50 Palmer Crest Dr Spring, TX 77381 | **KME Holdings, LLC** | ☐ D _____ ▮ E/F __3.60__ ☐ G _____ |
| 2.21 **Huong Le Nguyen** | 50 Palmer Crest Dr Spring, TX 77381 | **Independent Financial** | ▮ D __2.4__ ☐ E/F _____ ☐ G _____ |

Debtor   **1960 Family Practice, P.A.**          Case number *(if known)* _____

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| 2.22 **Huong Le Nguyen** | 50 Palmer Crest Dr Spring, TX 77381 | Jennifer Lopez | ☐ D _____ ■ E/F **3.57** ☐ G _____ |
| 2.23 **Independent Financial** | fka Independent Bank PO Box 3035 McKinney, TX 75070 | Cardinal Health | ■ D **2.2** ☐ E/F _____ ☐ G _____ |
| 2.24 **Minh Nguyen** | 50 Palmer Crest Dr. Spring, TX 77381 | Independent Financial | ■ D **2.4** ☐ E/F _____ ☐ G _____ |
| 2.25 **Providence ER of Northwest, PLLC** | 5037-B FM 2920 Spring, TX 77388 | Independent Financial | ■ D **2.4** ☐ E/F _____ ☐ G _____ |
| 2.26 **Providence Hospital Holdings, LP** | 5037-B FM 2920 Spring, TX 77388 | Independent Financial | ■ D **2.4** ☐ E/F _____ ☐ G _____ |
| 2.27 **Providence Hospital of North Houston LLC** | 5037-B FM 2920 Spring, TX 77388 | Cypress MOB, LLC | ☐ D _____ ■ E/F **3.33** ☐ G _____ |
| 2.28 **Providence Hospital of North Houston LLC** | 5037-B FM 2920 Spring, TX 77388 | Henry Schein, Inc. | ☐ D _____ ■ E/F **3.53** ☐ G _____ |
| 2.29 **Providence Hospital of North Houston LLC** | 5037-B FM 2920 Spring, TX 77388 | Independent Financial | ■ D **2.4** ☐ E/F _____ ☐ G _____ |

| Debtor | **1960 Family Practice, P.A.** | | Case number *(if known)* | |
|---|---|---|---|---|

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|

| 2.30 | **Providence Hospital of North Houston LLC** | **5037-B FM 2920 Spring, TX 77388** | **VasoHealthcare IT Corp.** | ☐ D _____<br>■ E/F __3.119__<br>☐ G _____ |
| 2.31 | **Providence Hospital of North Houston LLC** | **5037-B FM 2920 Rd Spring, TX 77388** | **VasoHealthcare IT Corp.** | ■ D __2.6__<br>☐ E/F _____<br>☐ G _____ |
| 2.32 | **Providence Hospital of North Houston LLC** | **5037-B FM 2920 Spring, TX 77388** | **M2 Lease Funds, LLC** | ■ D __2.5__<br>☐ E/F _____<br>☐ G _____ |
| 2.33 | **Texas Radiology Associates, P.A.** | **5037B FM 2920 Spring, TX 77388** | **Independent Financial** | ■ D __2.4__<br>☐ E/F _____<br>☐ G _____ |
| 2.34 | **Thu Anh Hoang** | **20111 Ironharp Ct. Willis, TX 77378** | **Broadstone FMFP Texas, LLC** | ☐ D _____<br>■ E/F __3.20__<br>☐ G _____ |
| 2.35 | **Thu Anh Hoang** | **20111 Ironharp Ct. Willis, TX 77378** | **KME Holdings, LLC** | ☐ D _____<br>■ E/F __3.60__<br>☐ G _____ |
| 2.36 | **Thu Anh Hoang** | **20111 Ironharp Ct Willis, TX 77378** | **Cypress MOB, LLC** | ☐ D _____<br>■ E/F __3.33__<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name      **1960 Family Practice, P.A.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 1:** Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2020** to **Filing Date** | ■ Operating a business<br>☐ Other | $86,783.00 |
| **For prior year:**<br>From **1/01/2019** to **12/31/2019** | ■ Operating a business<br>☐ Other | $10,355,859.00 |
| **For year before that:**<br>From **1/01/2018** to **12/31/2018** | ■ Operating a business<br>☐ Other | $21,875,537.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2020** to **Filing Date** | **Medicare Incentive Payment<br>and sale of vehicle** | $4,023.00 |
| **For prior year:**<br>From **1/01/2019** to **12/31/2019** | **Rent Income and Houston<br>Regional ACO** | $55,300.00 |
| **For year before that:**<br>From **1/01/2018** to **12/31/2018** | **Rent Income and Houston<br>Regional ACO** | $248,907.00 |

**Part 2:**   List Certain Transfers Made Before Filing for Bankruptcy

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

| Debtor | 1960 Family Practice, P.A. | Case number *(if known)* | |
|---|---|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | Litchfield Cavo, LLP<br>303 W Madison St., Ste 300<br>Chicago, IL 60606-3300 | 08/27/20 -<br>$14,003.50<br>09/11/20 -<br>$3,142.50 | $17,146.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2. | Nathan Sommers Jacobs<br>2800 Post Oak Blvd., 61st Floor<br>Houston, TX 77056 | 08/28/20 -<br>$25,000.00<br>10/22/20 -<br>$2,500.00 | $27,500.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.3. | Texas Comptroller of Public Accounts<br>PO Box 13528<br>Capitol Station<br>Austin, TX 78711-3528 | 09/10/20 -<br>$2,834.56<br>09/10/20 -<br>$37,840.67<br>11/04/20 -<br>$35,728.48 | $76,403.71 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.4. | Iron Mountain<br>202 W 38th St<br>Houston, TX 77018 | 09/14/20 | $32,203.70 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.5. | Crain Caton & James<br>1401 McKinney #1700<br>Houston, TX 77010 | 08/11/20 -<br>$3,465.00<br>09/04/20 -<br>$2,865.00<br>10/15/20 -<br>$3,390.00 | $9,720.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | SEE ATTACHED SOFA EXHIBIT #4 | | | |

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**SOFA EXHIBIT #4**

**1960 Family Practice, PA**
**SOFA #4 - Payments made within 1 Year to Insiders**

| Insider's Name | Insider's address | Relationship to debtor | Post Date | Debit | Reason for payment or transfer |
|---|---|---|---|---|---|
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 11/13/2019 | 13,770.71 | Partial payment for rent owed |
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 11/13/2019 | 13,770.71 | Partial payment for rent owed |
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 9/8/2020 | 18,000.00 | August 2020 rent for 5039 FM 2920, Spring, TX 77388 |
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 9/8/2020 | 18,000.00 | September 2020 rent for 5039 FM 2920, Spring, TX 77388 |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 11/13/2019 | 64,764.44 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Piney Woods Radiology, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 11/14/2019 | - | 1960 FP received a deposit of $80,000 from Piney Woods in error on 11/14/2019.  1960 Family Practice returned the deposit on the same date to correc the error.  Net payment was $0.00. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 2/12/2020 | 19,750.77 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 2/12/2020 | 31,646.66 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 2/26/2020 | 16,494.80 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 4/21/2020 | 25,000.00 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |

Debtor __1960 Family Practice, P.A._____   Case number *(if known)* _____

☐ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| **Texas Comptroller of Public Accounts**<br>**Houston NW Enforcement Office**<br>**1319 N Loop West, Ste 640**<br>**Houston, TX 77008-1357** | **Limited Sales, Excise and Use Taxes Account at Independent Bank suspended and subsequently paid on May 15, 2020** | 05/13/20 | $75,168.21 |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:** Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Ambassador Services, Inc. v. 1960 Family Practice, P.A.**<br>**Case No. 2020-16208** | **Suit on Account** | **157th Harris County District Court**<br>**201 Caroline St., 11th Floor**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Welltrack One v. 1960 Family Practice, P.A.**<br>**Case No. 2019-CP-07-00417** | | **Beaufort County Court of Common Pleas**<br>**102 Ribaut Rd.**<br>**Beaufort, SC 29902** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | **Cypress MOB, LLC v. 1960 Family Practice, P.A., Huong Le Nguyen, Alexander Lu Nguyen, Gunther M. Groning and Thu Anh Hoang**<br>**Case No. 202027436** | **Contract** | **295th Harris County District Court**<br>**201 Caroline St., 14th Floor**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **Henry Schein, Inc. v. 1960 Family Practice, P.A.**<br>**Case No. 202015131** | **Contract** | **133rd Harris County District Court**<br>**201 Caroline St., 11th Floor**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | **Texas Emergency Room Services, P.A. v. 1960 Family Practice, P.A.**<br>**Case No. 2019-86818** | **Contract** | **80th Harris County District Court**<br>**201 Caroline, 9th Floor**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | **Food Sciences Corporation, d/b/a Robard Corporation vs. 1960 Family Practice PA**<br>**Case No. 202017959** | **Collection** | **281st Harris County District Court**<br>**201 Caroline St., 14th Floor**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor   **1960 Family Practice, P.A.**                                   Case number *(if known)* _____

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.7. **Print Southwest LLC d/b/a Vista Printing v. 1960 Family Practice et al.**<br>**Case No. 1148810,701** | **Collection** | **Harris County Civil Court at Law 1**<br>**Harris County Civil Courthouse**<br>**201 Caroline -- Suite 740**<br>**Houston, TX 77002-1900** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.8. **Jennifer Lopez v. 1960 Family Practice**<br>**Case No. 2019-90154** | **Employment Dispute** | **125th  Harris County District Court**<br>**201 Caroline St., 10th Floor**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.9. **KME Holdings, LLC v. 1960 Family Practice, P.C., Physician;s Alliance of Red Oak, L.P., United Memorial Medical Center, LLC, Huong Le Nguyen, Quoc D. Le, Alex L. Nguyen**<br>**Case No. 2020001418** | **Breach of Lease** | **Judicial Dist Ct, Harris County, TX**<br>**201 Caroline St**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.10. **Broadstone FMFP Texas, LLC v. 1960 Family Practice, PA, Huong T. Le Nguyen, Thu Anh Hoang aka Annie Hoang, Alex Nguyen**<br>**Case No. 202001432** | **Breach of Lease** | **55th Judicial Dist Ct, Harris County, TX**<br>**201 Caroline St**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.11. **Alex Nguyen, MD v. Huong T. Le MD, 1960 Family Practice, PA, 1960 Physician Associates, CTC Houston Partners, LP, FM 1960 Medical Village Physicians LP, Physician's Alliance of Red Oak**<br>**Case no. 201946875** | **Employment Dispute** | **281st Judicial Dist Ct, Harris County, T**<br>**201 Caroline St**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.12. **Neuronetics, Inc. v. 1960 Family Practice**<br>**Case No. 202051954** | **Breach of Contract** | **152nd Judicial Dist Ct Harris County, TX**<br>**201 Caroline St**<br>**Houston, TX 77002** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| **Part 4:**   Certain Gifts and Charitable Contributions |

**9.** **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Debtor    **1960 Family Practice, P.A.**                                      Case number *(if known)*

---

**Part 5:**    **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
| **Cyber Attack - SEE ATTACHED SOFA EXHIBIT #10** | | | |

---

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Nathan Sommers Jacobs**<br>**2800 Post Oak Blvd., 61st Floor**<br>**Houston, TX 77056** | | **08/28/20** | **$25,000.00** |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

# SOFA EXHIBIT #10

Ransomware Attack Summary

On December 11, 2019, the 1960 Family Practice IT system was hit by a ransomware attack. The IT system was located at the Providence Hospital of North Houston, LLC ("PHNH") campus in the server room. The virus traveled through the entire IT system including the 1960 Family Practice clinics, business office, ER and multiple other entities since the virus went into the GE (PAC system). Additionally, the tmmsonline.net email system was also compromised and all emails have not been recovered. VasoHealthcare IT was supposed to have maintained our entire network (pharmacies/business office/billing office/clinics/radiology/satellite locations). Everything related to business was completely shut down.

Cyber insurance policies allowed our insurance company to step in and the carrier paid the ransomware ($800K plus) and also paid a recovery IT company (outside firm) to recover the damaged IT system. After the insurance investigation was complete, it was determined that one of the computers located at the nurse station (Kim Harrington, CNO of UMMC North) opened an unintended email and the virus spread to all of the network systems located at PHNH. UMMC was using our network system through a managed access and service agreement. After several months, it was determined that only about 50% of the damaged software is recoverable. 1960 Family Practice has not been able to send out claims and billing has been shut down 100%.

Economic damages have not been determined.

We have provided to the carrier the monies that 1960 Family Practice has paid as well as vendor invoices that the carrier should pay. 1960 Family Practice does not have a functioning billing system.

See below a timeline on major events as they occurred as part of the remediation efforts to this ransomware attack. All major systems impacted including, but not limited to, GE Centricity, GE PACS, MedQ, Allscripts, Amkai, CPSI, Mail Server, entire network.

- 12/11/2019: Ransomware attack happened at 2.00 AM early morning. IT received multiple calls about systems not functioning. Basic troubleshooting was done but the systems remained down. Morning 9.00 AM – IT determined that the systems were hacked.
- 12/12/2019: Dr. Le contacted carrier. 1960 Family Practice began working with counsel for insurance carrier and Tracepoint (Insurance IT). Tracepoint came onsite to evaluate the network.
- 12/12/2019: FBI Cyber Crime Dept. was notified about the incident. FBI came on site to investigate the attack.
- 3 Weeks post attack: Tracepoint completed its investigation and sent findings to their headquarters in Washington DC.
- 01/21/2020: Management contacted Visualations to evaluate Centricity Application.
- 01/28/2020 – 01/29/2020: Visualations came onsite, declared the centricity Database and application files were corrupted beyond repair and need a re-implementation.
- 02/13/2020: Investigation findings meeting with Tracepoint, Insurance and insurance attorneys. All the findings were mentioned on the call.
- 02/27/2020: Ontrack was contacted to Decrypt the data from the centricity Database. Ontrack sent a quote.
- 04/15/2020: Carrier released payment to Ontrack for Centricity Data decryption.
- 04/20/2020: Management contacted MedQ for troubleshooting the corrupt RIS system
- 4/20/2020: Management contacted GE for troubleshooting the corrupt PACS system
- 04/28/2020: Contacted Visualations for Quotes on rebuilding Centricity application

# SOFA EXHIBIT #10

- 05/01/2020: Received Quote from MedQ. MedQ tried to troubleshoot the system for more than a week after they were contacted to determine if the existing system could be repaired. The system was not responsive and beyond repair. Decision was made to re-implement a new system.
- 05/05/2020: Received the Decrypted data of Centricity Database from Ontrack
- 05/27/2020: Received the Quote from GE. GE worked with the IT team for more than a month in troubleshooting the system, understanding the previous workflow and evaluating the current functionality. The system is beyond repair and GE sent a quote to fix the dead system. A part of GE (GE Archive) was acceptable and was not included in the quote.
- During this Entire process IT has been working to rebuild all the systems that were affected with no patient data loss including all the computers (180) and servers (Active Directory, multiple File Servers, DNS&DHCP Servers, multiple Internal App Servers) and other networking equipment including Firewalls and switches .

Debtor   **1960 Family Practice, P.A.**                          Case number *(if known)*

| | Who received transfer?<br>Address | Description of property transferred or<br>payments received or debts paid in exchange | Date transfer<br>was made | Total amount or<br>value |
|---|---|---|---|---|
| 13.1. | **SEE ATTACHED SOFA<br>EXHIBIT #13** | | | |
| | **Relationship to debtor** | | | |

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☐ No. Go to Part 9.

■ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care<br>**None** |
|---|---|---|---|
| 15.1. | **1960 Family Practice, P.A.<br>837 FM 1960 Rd W Ste 105<br>Houston, TX 77090** | **Assets of the Debtor were sold to UMMC effective 09/01/19; UMMC continued to operate under the name 1960 Physician Associates** | |
| | | Location where patient records are maintained *(if different from facility address). If electronic, identify any service provider.* | How are records kept?<br>*Check all that apply:*<br>■ Electronically<br>☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

■ Yes. State the nature of the information collected and retained.

**Medical Records are in possession of UMMC.**

Does the debtor have a privacy policy about that information?

☐ No

■ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

■ Yes. Does the debtor serve as plan administrator?

☐ No Go to Part 10.

# SOFA EXHIBIT 13

**1960 Family Practice, PA**
**SOFA Question #13**
**Transfers not already listed on this statement**

| Who received the transfer | Address | Relationship to debtor | Description of Property Transferred | Date transfer was made | Total amount or value | |
|---|---|---|---|---|---|---|
| Doctor's Hospital 1997 L.P. d/b/a United Memorial Medical Center | 510 W Tidwell Rd, Houston, TX 77091 | None | Purchase of all equipment and furnishing, all commitments, contracts, agreements, operating leases,  lease purchase arrangements and license agreements, all inventories, supplies.  Accounts receivable were excluded. Liabilities after September 1, 2019, were assumed and all real and personal property leases were assumed.  See the attached Asset Purchase Agreement effective September 1, 2019. | 9/1/2019 | $ 500,000.00 | |
| Community ER, LLC | 5037-B FM 2920, Spring, TX 77388 | Owned individually by Debtor's equity holder | Hologic Selenia Dimensions 3D 3000 Package | 8/19/2020 | $ 225,585.45  * | Assumption of lease with Canon Financial |
| Lauren Greger | 30 Palmer Crest Dr. The Woodlands, TX 77381 | None | 2011 BMW 4D 550 - VIN WBAFR9C55BC758071 | 6/2/2020 | $    6,000.00 ** | |
| Texas Direct Auto/Vroom | 2103 City West Blvd., Ste 1100 Houston, TX 77042 | None | 2014 Kia SPO - VIN KNDPB3AC3E7600724 | 10/29/2020 | $    2,543.00 *** | |

\*  Fair market value of the Hologic Selenia 3D system on 10/16/2019 was $120,000.  See letter obtained from Titanium Medical Imaging.
\*\*  Fair market value of the 2011 BMW on 5/20/2020 was $6,000.  See appraisal offer by CarMax
\*\*\*  Fair market value of the 2014 Kia SPO on 10/29/20 was $2,543.00

Debtor    1960 Family Practice, P.A.                                    Case number *(if known)*

■ Yes. Fill in below:

Name of plan

**1960 Family Practice, P.A. 401(k) Plan (merged with 1960 Physician Associates)**

Employer identification number of the plan
EIN:   **76-0585021**

Has the plan been terminated?

■ No
☐ Yes

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| **Iron Mountain 202 W. 38th Street Houston, TX 77018** | **Melissa Igo Cydney Garza (works for UMMC) Leslie Young (works for UMMC)** | **Rent prepaid through 12/31/20** | ☐ No ■ Yes |

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

Debtor    1960 Family Practice, P.A. _____    Case number *(if known)* _____

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑  No.
☐  Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

☑  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25.  **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26.  **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.1. | **Hemant Khemka** **20406 Knolls Spring Trial** **Katy, TX 77450** | **05/01/18 - 08/03/20** |
| 26a.2. | **Maryam Hassan-Lawal** **22306 Davenport Downs Ln** **Richmond, TX 77469** | **02/13/19 - 05/03/19** |
| 26a.3. | **Kelli Bullock** **8614 Spring Green Dr** **Houston, TX 77095** | **10/15/18 - 09/03/19** |
| 26a.4. | **Patricia McConnell** **16711 Saint Johns Wood Dr** **Tomball, TX 77377** | **12/01/17 - current** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **1960 Family Practice, P.A.**                                     Case number *(if known)* _____

| Name and address | Date of service From-To |
|---|---|
| 26a.5.   **Keesha Williams**<br>**14 Wolly Bucket Pl**<br>**Spring, TX 77380** | **10/30/18 - 02/22/19** |
| 26a.6.   **Marita Reyes**<br>**20310 Tarpon Bay Ln**<br>**Cypress, TX 77433** | **12/18/17 - 06/15/19** |
| 26a.7.   **Aileen Hazel Rigor Uy**<br>**20314 Tarpon Bay Ln**<br>**Cypress, TX 77433** | **05/15/18 - current** |
| 26a.8.   **Lisa Dixon**<br>**7202 Barker Cypress Rd #15206**<br>**Cypress, TX 77433** | **02/15/19 - 04/16/19** |
| 26a.9.   **Candace Vison**<br>**23403 Snowy Ridge Dr**<br>**Spring, TX 77373** | **11/05/18 - 01/17/19** |
| 26a.10.  **Alfleta Bowman**<br>**116 Clear Springs Dr**<br>**Montgomery, TX 77356** | **02/15/16 - 06/14/19** |
| 26a.11.  **Monica Harville**<br>**7202 Barker Cypress Rd #11104**<br>**Cypress, TX 77433** | **06/06/17 - 09/05/19** |
| 26a.12.  **Ayeasha Graham**<br>**11315 Bethnal Green Dr**<br>**Houston, TX 77066** | **02/10/19 - 06/24/19** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   **Bentley Bratcher & Associates, P.C.**<br>**515 W Greens Rd**<br>**Houston, TX 77067** | **08/01/18 to present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Patricia McConnell**<br>**16711 Saint Johns Wood Dr.**<br>**Tomball, TX 77377** | |
| 26c.2.   **Greg Bratcher**<br>**515 W Greens Rd**<br>**Houston, TX 77067** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address**

Debtor   **1960 Family Practice, P.A.**                              Case number *(if known)*

| Name and address |
|---|
| 26d.1.  **Independent Financial**<br>**fka Independent Bank**<br>**PO Box 3035**<br>**McKinney, TX 75070** |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Huong Le Nguyen | 50 Palmer Crest Dr<br>Spring, TX 77381 | Board of Director<br>President | 80.204% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Stacy Williams | 19302 Chateau Ridge Ct<br>Tomball, TX 77377 | Chief Business Officer | 0% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No

■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Hemant Khemka | 20406 Knolls Spring Trail<br>Katy, TX 77450 | VP of Finance | 05/01/18 - 08/03/20 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Alex L. Nguyen | 2 Bay Cliff Ct.<br>Spring, TX 77389 | Minority Owner and former Member of the Board of Directors | 01/01/00 - 06/28/19 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Thu Anh Hoang | 20111 Ironharp Dr<br>Spring, TX 77379 | Minority Owner and former Member of the Board of Directors | 08/12/09 - 08/31/19 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

■ Yes. Identify below.

Debtor   **1960 Family Practice, P.A.** _____   Case number (if known) _____

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | **SEE ATTACHED SOFA EXHIBIT #30** | | | |
| | Relationship to debtor | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

Name of the parent corporation

Employer identification number of the parent corporation

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

Name of the pension fund

Employer identification number of the parent corporation

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 9, 2020**

/s/ Dr. Huong Le                                         **Dr. Huong Le**
Signature of individual signing on behalf of the debtor    Printed name

Position or relationship to debtor    **President**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

**SOFA EXHIBIT #30**

**1960 Family Practice, PA**
**SOFA #30 - Payments made within 1 Year to Insiders**

| Insider's Name | Insider's address | Relationship to debtor | Post Date | Debit | Reason for payment or transfer |
|---|---|---|---|---|---|
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 11/13/2019 | 13,770.71 | Partial payment for rent owed |
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 11/13/2019 | 13,770.71 | Partial payment for rent owed |
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 9/8/2020 | 18,000.00 | August 2020 rent for 5039 FM 2920, Spring, TX 77388 |
| Physician's Alliance of Red Oak, LP | 5037-B FM 2920 Spring, TX 77388 | Common ownership by minority owner of debtor | 9/8/2020 | 18,000.00 | September 2020 rent for 5039 FM 2920, Spring, TX 77388 |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 11/13/2019 | 64,764.44 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Piney Woods Radiology, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 11/14/2019 | - | 1960 FP received a deposit of $80,000 from Piney Woods in error on 11/14/2019.  1960 Family Practice returned the deposit on the same date to correc the error.  Net payment was $0.00. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 2/12/2020 | 19,750.77 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 2/12/2020 | 31,646.66 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 2/26/2020 | 16,494.80 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |
| Allergy of Texas, PLLC | 5037-B FM 2920 Spring, TX 77388 | Common ownership of majority owner of debtor | 4/21/2020 | 25,000.00 | Partial payment for American Express credit card on invoices owed by the pharmacy and paid for by Allergy of Texas, management services for Allergy of Texas (pass through of payroll costs) and payment for salary and benefits of the pharmacy staff.  The 1960 pharmacy staff continued working in the pharmacy subsequent to sale of 1960 Family Practice to UMMC. |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of Texas

In re **1960 Family Practice, P.A.**

Debtor(s)

Case No. _____

Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 25,000.00 |
| Prior to the filing of this statement I have received | $ | 25,000.00 |
| Balance Due | $ | 0.00 |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **2004 examinations, motions for turnover, depositions, relief from the automatic stay, avoidable transfers, prosecution or defense of any other claims under state or federal law, objections to exemptions**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November 9, 2020**

Date

/s/ Ronald J. Sommers
**Ronald J. Sommers 18842500**
Signature of Attorney
**Nathan Sommers Jacobs, A Professional Corporation**
**2800 Post Oak Blvd., 61st Floor**
**Houston, TX 77056**
**713-960-0303  Fax: 713-892-4800**
Name of law firm

# United States Bankruptcy Court
## Southern District of Texas

In re   __1960 Family Practice, P.A.__

Debtor(s)

Case No.
Chapter   **7**

# VERIFICATION OF CREDITOR MATRIX

I, the President of the Professional Association named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **November 9, 2020**

**/s/ Dr. Huong Le**
**Dr. Huong Le/President**
Signer/Title

1960 Physician Associates
5037-B FM 2920
Spring, TX 77388


A'Donte Jackson
4297 Rue St. Germain
Stone Mountain, GA 30083


A-1 Pest Control
13403 Tall Forest
Cypress, TX 77429


Admiral Linen & Uniform Services
1200 Oliver
Houston, TX 77007


Alexander Lu Nguyen
2 Bay Cliff Ct.
Spring, TX 77389


Alexander Lu Nguyen
2 Bay Cliff Ct
Spring, TX 77389


Allergy of Texas, PLLC
5037-B FM 2920
Spring, TX 77388


Allscripts Healthcare, LLC
24630 Network Place
Chicago, IL 60673-1246

Amazon Capital Services
PO Box 035184
Seattle, WA 98124-5184


Ambassador Services, Inc.
11710 North Freeway, Suite 100
Houston, TX 77060-3708


American College of Radiology
 1891 Preston White Dr
Reston, VA 20191


American College of Radiology
1891 Preston White Dr.
Reston, VA 20191


AmerisourceBergen Drug Corp.
PO Box 5188
New York, NY 10087-5188


Angelica
P.O. Box 532268
Atlanta, GA 30353-2268


Aramark
9950 Fallbrook Pines
Houston, TX 77064


AT&T
PO Box 105414
Atlanta, GA 30348-5414

Bakers' Signs & Manufacturing, Inc.
 11201 FM 1485
Conroe, TX 77306


Bard Peripheral Vascular Inc
dba C.R. Bard
 PO Box 75767
Charlotte, NC 28275


Baxter Medical Equipment Inc.
4328 Airline Dr
Houston, TX 77022


Binswanger Glass
PO Box 679331
Grapevine, TX 75267-9331


BioMedical Waste Solutions
PO BOX 1147
Port Neches, TX 77651


Breg Inc
PO BOX 849991
Dallas, TX 75284


Broadstone
140 Clinton Square
Rochester, NY 14604


Broadstone FMFP Texas, LLC
140 Clinton Square
Rochester, NY 14604

Broadstone FMFP Texas, LLC
c/o Robert Lemus
Hughes Arrell Kinchen LLP
1221 McKinney, Ste 3150
Houston, TX 77010


Buckeye Cleaning Centers
PO Box 840002
Kansas City, MO 64184-0002



C-Air-S Mechanical, Inc.
8430 Fawndale Lane
Houston, TX 77040



Cadwell Laboratories Inc.
909 N. Kellogg Street
Kennewick, WA 99336



Canon Financial Services
c/o Allison L. Domowitch
Fleischer, Fleischer & Suglia, P.C.
601 Route 73 North, Suite 305
Marlton, NJ 08053


Canon Financial Services, Inc.
c/o Allison L. Domowitch
Fleischer, Fleischer & Suglia, P.C.
601 Route 73 North, Suite 305
Marlton, NJ 08053


Canon Financial Services, Inc.,
158 Gaither Dr
Mount Laurel, NJ 08054



Canon Medical Systems USA, Inc.
PO Box 775220
Chicago, IL 60677

Canon Medical Systems USA, Inc.
c/o Jerome Seeberger
Totz Ellison Totz, PC
2211 Norfolk #510
Houston, TX 77098


Cardinal Health
7000 Cardinal Place
Dublin, OH 43017



Cardinal Health Medical Health
Products and Services
PO Box 730112
Dallas, TX 75373



Cardinal Health Pharmacy
c/o Bank of Ameria Lockbox
5303Collections Center Drive
Chicago, IL 60693


Champion Forest A/C & Heating Inc.
19339 Ella Blvd
Spring, TX 77388



Charlie's Plumbing, Inc
1309 Pennsylvania St.
South Houston, TX 77587-4042



Chronic Care IQ
PO Box 761
Roswell, GA 30077



Cirro Energy
PO Box 2229
Houston, TX 77252-2229

```
Clinical Pathology Labs, Inc.
PO Box 141669
Austin, TX 78714-1669



Comcast Business
PO Box 660618
Dallas, TX 75266-0618



Community ER, LLC
5037-B FM 2920
Spring, TX 77388



Cypress Creek ER of Harmony PLLC
5037-B FM 2920
Spring, TX 77388



Cypress Creek ER, PLLC
5037-B FM 2920
Spring, TX 77388



Cypress MOB, LLC
c/o Yonatan Z. Gerber
Gerber & Most, PLLC
5555 West Loop South, Suite 400
Bellaire, TX 77401



Cypress MOB, LLC
c/o Sperry Commercial, Inc.
13500 Midway Rd Ste 310
Dallas, TX 75244



D2 Pharma Consulting LLC
400 Chesterfiled Center, Ste 400
Chesterfield, MO 63017
```

Doctor's Hospital 1997 LP dba UMMC
510 W Tidwell Rd
Houston, TX 77091


Doctor's Hospital 1997 LP dba UMMC
501 W Tidwell Rd
Houston, TX 77091


DSHS Central Lab MC2004
PO Box 149347
Austin, TX 78714-9347


Echo Communications, Inc.
12703 Veterans Memorial Dr. Suite 200
Houston, TX 77014


Erica Dryden
Murrah & Killough, PLLC
3000 Weslayan St., Ste. 305
Houston, TX 77027


EspriGas
PO Box 4577
Carol Stream, IL 60197-4577


eVisit
1201 E. Alma School Rd. Suite 15500
Mesa, AZ 85210


Exalenz Bioscience Inc.
P.O. Box 841904
Boston, MA 02284-1904

Express Specialty Pharmacy, LLC
5037-B FM 2920
Spring, TX 77388


Fedex
 P.O. Box 660481
Dallas, TX 75266-0481


Fish Gallery Woodlands
26002 Interstate 45N
Spring, TX 77386


FM 1960 Medical Village II, LP
5037-B FM 2920
Spring, TX 77388


Food Sciences Corp., d/b/a Robard Corp.
c/o Matias Eduardo Garcia
Barnett & Garcia
3821 Juniper Trace, Suite 108
Austin, TX 78738


Food Sciences Corporation
dba Robard Corporation
821 East Gate Drive PO Box 5037
Mount Laurel, NJ 08054-5037


Gary E. Patterson, P.C.
1214 Elgin St
Houston, TX 77004


GLAXOSMITHKLINE PHARMACEUTICALS
PO BOX 740415
Atlanta, GA 30374-0415

Global Pharmaceutical Wholesale
PO BOX 2998
Dearborn, MI 48123


Guardian Safe & Lock
PO Box 634
Tomball, TX 77377


Gunther Groning
8259 SW 77th St
Gainesville, FL 32608


Harris County Alarm Detail
9418 Jensen Drive, Suite A
Houston, TX 77093-6821


HBS Pharmacy Services
PO Box 919581
Orlando, FL 32891-9581


Health Care Logistics Inc.
PO Box 400
Circleville, OH 43113-0400


HealthFirst
Dept. CH 14330
Palatine, IL 60055-4330


Heights Clinic, LLC
746 Columbia St
Houston, TX 77007

Henry Schein, Inc.
Dept CH 10241
Palatine, IL 60055-0241


Henry Schein, Inc.
c/o J. Javier Anziani
Freedman & Price, P.C.
1102 West Ave., Suite 200
Austin, TX 78701


Houston Courier
2102 Alabama
Houston, TX 77004


Houston Courier
c/o Jonathan Axelrad
3401 Allen Parkway #100
Houston, TX 77019


Huong Le
50 Palmer Crest Dr
Spring, TX 77381


Huong Le Nguyen
50 Palmer Crest
Spring, TX 77381


Huong Le Nguyen
50 Palmer Crest Dr
Spring, TX 77381


Independent Financial
fka Independent Bank
PO Box 3035
McKinney, TX 75070

Innovative Office Machine Repair
17422 Edenway Dr. #100
Spring, TX 77379


Jennifer Lopez
c/o Ronald Dupree
Dupree Law Firm, PLLC
2800 Post Oak Blvd., Suite 4100
Houston, TX 77056

Johnson's Contract Services
99037 Buckner Ct.
Houston, TX 77073


Jose Campos
3913 Mossy Oaks Rd
Spring, TX 77389


KME Holdings, LLC
5502 Merrywing Circle
Austin, TX 78730


KME Holdings, LLC
c/o Phillip R. Livingston
Phillip R. Livingston, P.C.
2950 Unity Dr #37056
Houston, TX 77237-4704

Kristin Running
19810 Shores Edge Dr
Tomball, TX 77375


Laboratory Corporation of America
PO Box 12140
Burlington, NC 27216

Laborie Medical Technoligies Corp
400 Avenue D, Suite 10
Williston, VT 05495


Language Line Services Inc
PO Box 202564
Dallas, TX 75320-2564


Lighting Products Company
PO BOX 849
Barstow, CA 92312


Linde Gas
24963 Network Place
Chicago, IL 60673-1249


M2 Lease
175 N. Patrick Blvd., Ste. 140
Brookfield, WI 53045


M2 Lease Funds, LLC
175 N. Patrick Blvd., Ste. 140
Brookfield, WI 53045


M2 Lease Funds, LLC
c/o Davis Kuelthau, S.C.
11 E. Kilbourn Ave Ste 1400
Milwaukee, WI 53202


Masters Drug Company
PO Box 840713
Dallas, TX 75284-0713

Mckesson Specialty Care Distribution
15212 Collections Center Drive
Chicago, IL 60693


Mckesson Specialty Care Distribution
c/o Richard Thompson
Palladino Law Office
2400 Veterans Memorial Blvd.#300A
Kenner, LA 70062

MDToolbox
8524 W. Gage Blvd. A-137
Kennewick, WA 99336


Medical VIllage of Cypress Creek, LP
5037-B FM 2920
Spring, TX 77388


Medline Industries, Inc.
Dept 1080
PO Box 121080
Dallas, TX 75312-1080


Mind Headache & Neurology PLLC
30 Napoli Way Dr.
Missouri City, TX 77459


Minh Nguyen
50 Palmer Crest Dr.
Spring, TX 77381


MVAP Medical Supplies, Inc
2001 Corporate Center Dr. Suite 250
Thousand Oaks, CA 91320

My Office Products
PO Box 32192
New York, NY 10087-2192


Natus Medical Incorporated
PO Box 3604
Carol Stream, IL 60132-3604


Neuronetics
c/o Eric Peterson
275 W Campbell #312
Richardson, TX 75080


Office Depot Business
Office Depot, Inc.
PO Box 660113
Dallas, TX 75266-0113


One Stop Print Shop
3033 Cypress Creek Pkwy
Houston, TX 77068


PatientLink
PO Box 890059
Oklahoma City, OK 73189


PDMI
Attn: Accounts Receivable
PO Box 5300
Poland, OH 44514


Pharmacy Vials and Supplies Corp.
4810 Brooks St.
Montclair, CA 91763

```
Physician's Alliance of Red Oak, LP
5037-B FM 2920
Spring, TX 77388



Piney Woods Radiology, PLLC
5037-B FM 2920
Spring, TX 77388



Pitney Bowes
PO Box 371887
Pittsburgh, PA 15250-7887



Polymedco Cancer Diagnostic Products LLC
 PO BOX 71667
Chicago, IL 60694-1667



PRAXAIR DISTRIBUTION, INC.
Dept 0812 P.O. BOX 120812
Dallas, TX 75312-0812



Prime Care Internists, PA
5037-B FM 2920
Spring, TX 77388



Print Southwest LLC d/b/a Vista Printing
395 Olive Avenue
Vista, CA 92083



Proficient Services
1930 Rainy River
Houston, TX 77088
```

Providence ER of Harmony, LLC
dba Cypress Creek ER of Harmony
5037-B FM 2920
Spring, TX 77388


Providence ER of Harmony, PLLC
dba Cypress Creek ER of Harmony
5037-B FM 2920
Spring, TX 77388


Providence ER of Northwest, PLLC
5037-B FM 2920
Spring, TX 77388


Providence Hospital Holdings, LP
5037-B FM 2920
Spring, TX 77388


Providence Hospital of North Houston LLC
5037-B FM 2920
Spring, TX 77388


Providence Hospital of North Houston LLC
5037-B FM 2920 Rd
Spring, TX 77388


Purchase Power
PO Box 371874
Pittsburgh, PA 15250-7874


Pure Health Solutions Inc.
PO BOX 742647
Cincinnati, OH 45274-2647

Pure Health Solutions Inc.
c/o Leaf Capital Funding LLC
c/o Mathew Weiss / Chase Weiss & Kehoe
463 Livingston St. #102-156
Norwood, NJ 07648


Quest Diagnostics
P.O. Box 677960
Dallas, TX 75267-7960



Quest Diagnostics
PO Box 841725
Dallas, TX 75284-1725



Quintron Instrument Company
2208 S. 38th Street
Milwaukee, WI 53215



Radius Global Solutions/BMW
PO Box 1259
Dept. 119195
Oaks, PA 19456



Ready Refresh
PO Box 856680
Louisville, KY 40285-6680



Relatient, LLC
75 Remittance Dr, Dept. 1919
Chicago, IL 60675-1919



Reliant Business Products, Inc.
10641 Haddington Dr #100
Houston, TX 77043

Respironics, Inc.
P.O. Box 405740
Atlanta, GA 30384-5740


Sanofi Pasteur Inc.
12458 Collections Center Dr.
Chicago, IL 60693


Shiner Cleaning, Inc
808 Russell Palmer Rd. Ste 207
Kingwood, TX 77339


Shred-It USA
28883 Network Place
Chicago, IL 60673-1288


SIGIS
111 Deerwood Rd, Ste 200
San Ramon, CA 94583


Solstice Corporation
PO BOX 1177
Portland, ME 04104


SouthEast Texas Regional AdvisoryCouncil
1111 North loop West, Suite 160
Houston, TX 77008-5806


Sparkletts Standard
P.O. Box 660579
Dallas, TX 75266-0579

```
Staples Business Advantage
P.O. Box 660409
Dallas, TX 75266-0409
```

```
Staples Technology Solutions
P.O. Box 95230
Sharon, CT 06069-4000
```

```
TD Industries
P.O. Box 300008
Dallas, TX 75303-0008
```

```
Texas Emergency Room Services, P.A.
c/o Allan B. Diamond
Diamond McCarthy LLP
909 Fannin St., 37th Floor
Houston, TX 77010
```

```
Texas Managerial Medical Services, LLC
5037-B FM 2920
Spring, TX 77388
```

```
Texas Radiology Associates, P.A.
5037-B FM 2920
Spring, TX 77388
```

```
Texas Radiology Associates, P.A.
5037B FM 2920
Spring, TX 77388
```

```
Therigy
Maitland Center Pkwy, Ste 201
Maitland, FL 32751-7415
```

```
Thu Anh Hoang
20111 Ironharp Ct.
Willis, TX 77378


Thu Anh Hoang
20111 Ironharp Ct
Willis, TX 77378



U.S. Retailers, LLC, d/b/a Cirro Energy
c/o Carroll G. Robinson
Robinson Law Group, PLLC
4203 Yoakum Blvd., Ste. 310
Houston, TX 77006


UPS
P.O. Box 7247-0244
Philadelphia, PA 19170-0001



VasoHealthcare IT Corp.
4710 Eisenhower Blvd Suite E8
Tampa, FL 33634



VasoHealthcare IT Corp.
4710 Eisenhower Blvd.
Tampa, FL 33634



Verathon, Inc.
PO Box 935117
Atlanta, GA 31193-5117



Vericor LLC
703 Western Ave.
Holmen, WI 54636
```

Viventi Med LLC
5037-B FM 2920
Spring, TX 77388


Voice Products
8555 E 32nd St N
Wichita, KS 67226


Web Host Agents
228 Park Ave S, #49828
New York, NY 10003-1502


Welltrack One
c/o John R.C. Bowen
Laughlin and Bowden, P.C.
Hilton Head Island, SC 29925


White Plume
 Two Metroplex Drive, Ste.310
Birmingham, AL 35209


Woodlands Imaging LP
5037-B FM 2920
Spring, TX 77388