IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: 1960 FAMILY PRACTICE | § | |
| | § | |
| DEBTOR | § | CASE NO.    20-35493 |
| | § | |
| EVA S. ENGELHART, CHAPTER 7 | § | |
| TRUSTEE | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| DOCTORS HOSPITAL 1997 LP D/B/A | § | |
| UNITED MEMORIAL MEDICAL | § | ADVERSARY NO. |
| CENTER | § | |
| Defendant. | § | |

## TRUSTEE'S ORIGINAL COMPLAINT

Plaintiff Eva S. Engelhart, in her capacity as the Chapter 7 Trustee of the above referenced case ("**Plaintiff**" or the "**Trustee**"), files this Original Complaint (the "**Complaint**") against Defendant Doctors Hospital 1997 LP d/b/a United Memorial Medical Center (**"Defendant"** or **"UMMC"**) for breach of contract and declaratory judgment, and would respectfully show the Court as follows:

## SUMMARY OF FACTS AND LAW

Pre-petition, the Debtor sold its medical practice to UMMC pursuant to an Asset Purchase Agreement (**"APA"**).  As part of the APA, UMMC agreed to assume and satisfy the Debtor's monthly lease obligations for office space where the Debtor's medical practices where located. UMMC breached the APA by failing to make the required lease payments and by failing to execute a new lease or sublease. Subsequently, the Debtor filed a Chapter 7 bankruptcy and the Trustee brings this Adversary Proceeding against UMMC for breach of contract related to the leases, seeking a declaratory judgment and an award of damages in excess of $1 million.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Case and this Adversary Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), & (O).

2. Jurisdiction to grant the relief requested herein exists pursuant to 28 U.S.C. §§ 2201and 2202, 11 U.S.C. §§ 105 and 542, and Fed. R. BANKR. P. 7001(1) and 7001(9).

3. Venue of the Case and this Adversary Proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

4. Plaintiff Eva S. Engelhart was appointed as the Chapter 7 Trustee for the Debtor's estate and can be served through her counsel of record, Miriam Goott at Walker & Patterson, P.C. at 4815 Dacoma, Houston, Texas 77092.

5. Defendant Doctors Hospital 1997 LP d/b/a United Memorial Medical Center is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas. UMMC may be served through its registered agent, Ravishanker Mallapuram, at 510 W. Tidwell Road, Houston, Texas 77091.

## RELEVANT FACTS

**DEBTOR EXECUTED TWO LEASES**

1. On December 1, 2010, 1960 Family Practice, P.A. (the, "**Debtor**") entered into an office lease agreement for the lease of suites **500 and 550** at 20320 Northwest Freeway, Houston, TX 77065 ("**First Lease**"). *See Exhibit A*

2. On October 22, 2012, the Debtor entered into an office lease agreement with covering suites 800 and 900 at 20320 Northwest Freeway, Houston, Texas 77065 ("**Second Lease**"). *See Exhibit B*

3. On December 6, 2012, the Second Lease was amended and extended the lease term to September 1, 2020. *See Exhibit C*

4. On November 4, 2013, the First Lease was amended and extended the lease term to September 1, 2020. *See Exhibit D*

5.      The First Lease and the Second Lease are collectively referred to as, "**The Leases**".

6.      WFMC 2016-C34 NORTHWEST FREEWAY, LLC, ("**WFMC**") is the successor in interest to the landlord who executed the Leases.

## DEBTOR SOLD BUSINESS TO UMMC

7.      On August 16, 2019, the Debtor executed an Asset Purchase Agreement ("**APA**") and sold its medical practice to UMMC for $500,000.00.  *See Exhibit E*

8.      Rabishanker Mallapuram (**"Mallapuram"**) was involved in negotiating the APA on behalf of UMMC.  *See Exhibit F[1]*

9.      Mallapuram signed the APA as the managing director on behalf of UMMC.

## UMMC PROMISES TO PAY THE DEBTOR'S LEASE OBLIGATIONS

10.     Section 2.3(a) of the APA states, "Purchaser agrees to pay and satisfy all Liabilities of Practices incurred after the Closing Date."

11.     Section 2.3(b) of the APA states, "At closing, Purchaser will assume and agree to satisfy the liabilities, including signing a lease or sublease for all Practice Locations. Purchaser agrees to comply with the terms of the Master/Prime Lease for each Location and shall execute a personal guaranty for payment of said leases, and any existing contractual or non-contractual liabilities used in the operation of the Practice.

12.     Pursuant to the APA,

        a)      UMMC is defined as the Purchaser.

        b)      The Closing Date is defined as September 1, 2019.

        c)      Practices is defined to include the 20320 Northwest Freeway, Houston, TX 77065 (**"Northwest Location"**).

---

[1] Exhibit F – Response to Interrogatory #3

13.     In summary, pursuant to the APA, UMMC assumed and agreed to satisfy the Debtor's liabilities, which included the liability for The Leases for the Northwest Location, starting with the September 1, 2019 payment (*i.e.* Closing Date) and continuing until the Leases expired (*i.e.* September 1, 2020).

**UMMC BREACHED THE APA**

14.     UMMC breached the APA by failing to pay WFMC the following amounts due under The Leases:

a.     **First Lease**:  Monthly payments in the amount of $40,272.58 from September 1, 2019 through September 1, 2020, totaling $523,543.54 (not including interest, fees and costs) ("**Lease 1 Deficiency**").

b.     **Second Lease**:  Monthly payments in the amount of $31,647.20 from September 1, 2019 through September 1, 2020, totaling $411,413.60 (not including interest, fees and costs) ("**Lease 2 Deficiency**").

(The Lease 1 Deficiency and the Lease 2 Deficiency are collectively referred to as the "**Lease Deficiencies**").

15.     In addition to the monthly rent payment, UMMC was required to pay 5% interest to WFMC toward late payments on the Leases ("**Interest Payments**").

16.     Finally, UMMC failed to sign a lease or sublease for the Northwest Location as required in the APA for the Leases.

17.     UMMC's failure to 1) pay the Lease Deficiencies; 2) pay the Interest Payments; and 3) Sign a lease or sublease for the Northwest Location was a material breach of the APA.

18.     As a result of UMMC's breach of the APA, the Debtor has sustained damages related to the Lease Deficiencies, Interest Payments, Attorney's fees and costs.

**DEBTOR FILED BANKRUPTCY**

19.    On November 9, 2020, the Debtor filed a voluntary Chapter 7 bankruptcy petition (the, "**Bankruptcy Case**").

20.    Eva S. Engelhart (the, "**Trustee**") was appointed to serve as the Chapter 7 Trustee and continues to serve in that capacity.

21.    The Debtor filed its schedules and disclosed an unsecured liability for the Lease Deficiencies.

22.    WFMC filed an amended proof of claim in the Bankruptcy Case for the liability owed on the Leases in the total amount of $1,103.464.59.

23.    The Interest Payments continue to accrue post-petition for the Leases.

**DEMAND ON UMMC**

24.    Prior to filing this Adversary Proceeding, the Trustee made multiple demands on UMMC and all of the Trustee's efforts to resolve the dispute related to the Lease Deficiencies were ignored.

## CAUSES OF ACTION

## COUNT 1: BREACH OF CONTRACT

25.    The Trustee incorporates by reference each of the allegations contained in Paragraph 1 through 24 of the Complaint.

26.    The Debtor and UMMC entered into the APA, which was a valid and enforceable contract for the sale of the Debtor's medical practice.

27.    The Debtor fully performed its obligations under the APA.   All conditions precedent have been performed or have occurred.

28.    UMMC breached its obligations under the APA by failing to make the lease and interest payments owed to WFMC, and by failing to lease or sublease the Northwest Location.

29.    UMMC's breach of the APA caused damage to the Debtor's estate in the amount of $1,103.464.59, plus attorney's fees, interest, and costs.

30.    In addition, the Trustee had to engage the undersigned counsel to pursue payment of UMMC's obligation under the APA. Pursuant to the Contracts and Section 38.001 of the Texas Civil Practices & Remedies Code, the Trustee is also entitled to an award of reasonable and necessary attorney's fees and costs incurred due to UMMC's breach of the APA.

## COUNT 2: DECLARATORY JUDGMENT

31.    The Trustee incorporates by reference each of the allegations contained in Paragraph 1 through 26 of the Complaint.

32.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

33.    Pre-petition, WFMC sued UMMC for failing to make the required lease payments ("**WFMC Litigation**").  During the WFMC Litigation, UMMC responded to written discovery and denied having any obligation to assume the Leases per the APA. S*ee Exhibit G (RFA#4 and RFA#5)*

34.    Therefore, based on the fact that UMMC denies the allegations that they have any liability under the APA, an actual controversy exists under 28 U.S.C. § 2201. The Trustee is therefore entitled to a declaratory judgment of the rights and other legal relations as between the Debtor's estate and UMMC.

35.    The Trustee seeks an Order of the Court declaring as follows:

a.    The APA required UMMC to pay WFMC lease payments, interest, and costs from September 1, 2019 through September 1, 2020.

b.      UMMC materially breached the APA by failing to pay WFMC the lease payments, interest and costs from September 1, 2019 through September 1, 2020.

c.      Pursuant to the APA, UMMC's breach of the APA entitles the Trustee to recover all attorney's fees, expenses and costs necessary to enforce the Debtor's rights under the APA.

36.     A declaration as to the above-listed matters will put an end to the controversy.

Accordingly, the controversy is ripe for determination.

### RELIEF REQUESTED

WHEREFORE, the Trustee respectfully requests:

1.  Entry of a judgment against UMMC on all claims, respectively, finding and declaring that:

    a.  UMMC materially breached the APA by failing to pay the lease payments, interest and costs to WFMC in the total amount of $1,103.464.59, plus interest owed from the petition date ( November 9, 2020) through judgment date.

    b.  UMMC's breach of the APA entitles the Trustee to an award of "all attorney's fees, expenses and costs necessary to enforce the Debtor's rights pursuant to Texas Civil Practice & Remedies Code § 38.001.

    c.  An award of damages and order to turn over $1,103.464.59 to the Trustee, plus all reasonable and necessary attorney's fees as permitted under applicable law; and

    d.  Such other relief as the Court may deem just and proper.

Dated: <u>April 25, 2022</u>

Respectfully submitted,

By: <u>/s/ Miriam Goott</u>
      Miriam Goott
      Attorney-in-charge
      SBN 24048846
      COUNSEL FOR THE
      TRUSTEE

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
mgoott@walkerandpatterson.com