IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** § § | | |
| **1960 FAMILY PRACTICE PA,** § § § | | Bankruptcy No. 20-35493 <br> Chapter 7 |
| *Debtor.* § § § | | |
| WFMC 2016-C 34 Northwest Freeway, LLC, as successor in interest to Cypress MOB, LLC, § § § § | | |
| *Claimant,* § § | | |
| v. § § § | | Objection to Claim no. 41-2 |
| Doctors Hospital 1997 LP d/b/a United Memorial Medical Center, § § § | | |
| *Respondent.* § | | |

### OPPOSED EMERGEN CY MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR CONTINUANCE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE**

**REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ:

Doctors Hospital 1997 LP d/b/a United Memorial Medical Center's ("UMMC") hereby files this Emergency Motion for Clarification, or, in the alternative, for Continuance, and for cause would respectfully represent:

## I.
## PRELIMINARY STATEMENT

1. On November 29, 2022, UMMC filed a Corrected Objection to Proof of Claim, filed by WFMC 2016-C 34 Northwest Freeway, LLC (ECF No. 106), which was self-calendared for a hearing on January 11, 2023.

2. On December 10, 2022, the Court reset the matter for a hearing January 13, 2023 (ECF No. 108).

3. Two responses to the Claim Objection were filed, one by the Trustee and the one by the claimant, WFMC 2016-C 34 Northwest Freeway, LLC, as successor in interest to Cypress MOB, LLC (ECF Nos. 197 and 106).

4. Local Bankruptcy Rule 3007-1(d) provides as follows:

> Unless otherwise ordered by the Court or by consent of the parties, the initial hearing will be non-evidentiary and used as a scheduling conference. The parties should confer prior to the initial hearing regarding any required discovery and other issues necessary for a trial on the merits. Notwithstanding the foregoing, the failure

5. The Court has not entered an order converting the Scheduling Conference to a trial on the merits. UMMC has not consented to this. UMMC demands an opportunity to conduct discovery in the form of interrogatories, requests for production and depositions, and would further request an opportunity to depose sever witnesses.

6. The Trustee nevertheless considers the reset hearing on January 13, 2023 to be a final trial on the merits, and has filed over 40 exhibits and served several subpoenas for witnesses to appear at the Scheduling Conference. For no legitimate reason or purpose, the Trustee wishes to deprive UMMC of an opportunity prepare for and conduct a trial on the merits.

7. The email exchange between counsel for UMMC and counsel for the Trustee is attached hereto as Exhibit "1" and is incorporated herein by reference for all purposes. This email exchange identifies the position of the parties.

## II.
## RELIEF REQUESTED

8. UMMC requests that the Court enter an order clarifying that the hearing on January 13, 2023, is a scheduling conference, and that the Court enter a Scheduling Order at the hearing.

9. Alternatively, UMMC requests that the Court continue the hearing currently set for January 13, 2023 and reset the same for a long enough period to provide UMMC to conduct discovery and prepare for a trial on the merits. This continuance is supported by the Unsworn Declaration of Leonard Simon appended to this Emergency Motion.

Respectfully submitted this 21st day of December 2021.

/s/ Leonard H. Simon
Leonard H. Simon, Esq.
TBN: 18387400; SDOT: 8200
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Main)
(832) 202-2810 (Fax)
lsimon@pendergraftsimon.com

*ATTORNEY IN CHARGE FOR UMMC*

OF COUNSEL:

William P. Haddock, Esq.
PENDERGRAFT & SIMON
America Tower
2777  Allen Parkway, Suite 899
Houston, Texas 77019
(713) 528-8555 (Main)
(832) 202-2810 (Fax)

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for the Trustee, Miriam Goott, and she has advised that she is opposed to the relief requested in this Emergency Motion..

*/s/ Leonard H. Simon*

## CERTIFICATE OF SERVICE

This Motion has been electronically served through the ECF system on users who have made an appearance in these cases as of this date, January 9, 2023..

*/s/ Leonard H. Simon*

**UNSORN DECLARATION OF LEONARD H. SIMON**

My name is Leonard H. Simon. I an attorney in charge for UMMC in this Claim Objection matter. I swear under penalty of perjury that I have personal knowledge of the facts recited in this Emergency Motion and that such facts are true and correct. In particular I swear that the Email Exchange attached hereto as Exhibit "1" is a true and correct copy of the email exchange that occurred with Miriam Goott .

Further I declare that my client intends on conducting discovery in this matter, and that I will need approximately 6 to 8 months to prepare for a trial on the merits due to my scheduling difficulties and. My client, UMMC, would be deprived of due process by forcing UMMC to to to trial without any notice of same from the Court and without consent being given by UMMC to try this matter on January 13, 20223.

At all times I relied on the Local Bankruptcy Rule 3007-1(d) and the absence of any order of this Court setting this matter for a trial on the merits on January 13, 2023. If I am wrong about this, I would beg the Court's indulgence and grant UMMC a continuance.

                                                            */s/ Leonard H. Simon*
                                                            Leonard H. Simon