IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 1960 FAMILY PRACTICE, P.A., | § | Case No. 20-35493 |
| | § | (Chapter 7) |
| Debtor. | § | |

**NOTICE OF AFFIDAVIT OF DR. HUONG LE,
REPORTING COMPLIANCE WITH ORDER**
**[Ref. Dkt. No. 149]**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, DR. HUONG LE ("Le"), and files this her Notice of Affidavit of Dr. Huong Le, Reporting Compliance with Order.

DATED:   April 17, 2023            Respectfully submitted,

**THE PROBUS LAW FIRM**

By:   /s/ Matthew B. Probus
      **Matthew B. Probus**
      State Bar No. 16341200
      Federal ID 10915
      matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

*ATTORNEYS FOR HUONG LE*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on this 17th day of April 2023, via the Court's PACER/ECF system, including counsel for the Debtor Ron Sommers, counsel for the Trustee, Miriam Goott, and the counsel for the United States Trustee.

*/s/ Matthew B. Probus*
Matthew B. Probus

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| 1960 FAMILY PRACTICE, P.A., | § § § § | Case No. 20-35493 (Chapter 7) |
| Debtor. | | |

### AFFIDAVIT OF DR. HUONG LE

STATE OF Texas § §
COUNTY OF Harris §

Before me, the undersigned Notary Public, appeared Dr. Huong Le, and first being duly sworn, upon her oath she deposed and said:

My name is Dr. Huong Le. I am more than eighteen years of age and am fully competent to make this declaration. I have knowledge of all facts set forth herein and they are true and correct.

I have read and understand the Court's April 4, 2023, Order (Dkt. No. 149).

On April 6, 2023, I conducted a diligent search of all of the records of 1960 Family Practice, PA (the "Debtor") that are in my possession. In addition, I conducted a diligent search of all the loan records of the following entities: Medical Village of Cypress Creek, LP, FM 1960 Medical Village II, LP, Rad Leasing Company II, LP, Providence ER of Northwest, PLLC, and Community ER, LLC in order to make sure there were no guaranty agreements or other obligations of the Debtor on those entities' loans. This consisted of the following:

Medical Village of Cypress Creek, LP:

1. Loan No. 8008223
   Lender - Independent Financial
   Original Date of Loan - 8/27/2018
   Maturity Date – 11/27/2021 (changed with the first modification)
   Original Principal Amount - $467,181
   1960 Family Practice PA was a Guarantor
   First Modification of Note signed 9/17/2021 (Debtor signature line included)
   Loan paid in full as of 11/22/2021

2. Loan No. 8012159
   Lender - Independent Financial
   Original Date of Loan - 8/23/2016
   Maturity Date – 11/23/2021 (changed with the first modification)
   Original Principal Amount - $499,110
   1960 Family Practice PA was a Guarantor.
   First Modification of Note signed 9/24/2021 (Debtor signature line included)
   Loan paid in full as of 11/22/2021.

3. Loan No. 8012173
   Lender - Independent Financial
   Original Date of Loan – 12/19/2016
   Maturity Date – 11/19/2021 (changed with the third modification)
   Original Principal Amount - $1,440,000
   1960 Family Practice PA was a Guarantor
   First modification dated 6/19/2018 (Debtor signature line NOT included)
   Second modification dated 9/19/2018 (Debtor signature line NOT included)
   Third modification dated 9/19/2021 (Debtor signature line NOT included)
   Loan paid in full as of 11/29/2021

4. Loan No. 8008235
   Lender - Independent Financial
   Original Date of Loan – 4/2/2019
   Maturity Date – 4/2/2029
   Original Principal Amount - $6,234,420
   1960 Family Practice PA NOT a Guarantor

5. Loan at Plains State Bank
   Original Date of Loan – 06/08/2015
   Maturity Date – 6/8/2026
   Original Principal Amount - $2,650,000
   1960 Family Practice PA NOT a Guarantor

FM 1960 Medical Village II, LP:

1. Loan No. 8015623
   Lender – Independent Bank
   Original Date of Loan – 05/18/2017
   Maturity Date – 10/23/2022
   Original Principal Amount - $7,099,744.40
   1960 Family Practice, PA was NOT a Guarantor

2. Loan No. 8026931
   Lender – Independence Bank
   Original Date of Loan – 02/20/2019
   Maturity Date – 08/20/2023

2

        Original Principal Amount - $1,800,000
        1960 Family Practice, PA was NOT a Guarantor

3.    Loan No. 8012153
      Lender – Independence Bank
      Original Date of Loan – 07/29/2016
      Maturity Date – 07/29/2021
      Original Principal Amount - $983,000
      1960 Family Practice, PA was NOT a Guarantor

4.    Loan No. 8006993
      Lender – Independence Bank
      Original Date of Loan – 05/05/2015
      Maturity Date – 05/05/2021
      Original Principal Amount - $11,900,000
      1960 Family Practice, PA was NOT a Guarantor

Rad Leasing Company II, LP:

1.    Loan No. 6066217
      Lender – Independence Bank
      Original Date of Loan – 02/05/2022
      Maturity Date – 09/05/2024
      Original Principal - $612,167.91
      1960 Family Practice, PA was NOT a Guarantor

Providence ER of Northwest, PLLC:

1.    Loan No. 6074159
      Lender – Independent Bank
      Original Date of Loan – 10/17/2017
      Original Principal - $533,908
      1960 Family Practice, PA was NOT a Guarantor
      Loan taken over by Community ER, LLC on 09/11/2020

Community ER, LLC:

1.    Loan No. - 6074159
      Lender – Independent Bank
      Original Date of Loan – 09/11/2020
      Original Principal - $186,759
      Loan paid off – 07/21/2021
      1960 Family Practice, PA was NOT a Guarantor

I not only reviewed my records, but I also personally called K.C. Curtis of Independent Bank to obtain additional bank records and confirmation of which loans did not have the Debtor as a

3

guarantor. I received emails responding from Mr. Curtis providing the requested documents and information, which supported the information in my files and the above information.

I called Plains State Bank myself to confirm that the Debtor was not a guarantor on the loan at Plains State Bank. I called Metropolitan Bank myself to confirm that the Debtor was not a guarantor on the loan at Metropolitan Bank. Finally, I also called JP Morgan Chase Bank to confirm that the Debtor was not a guarantor on the loan at JP Morgan Chase Bank.

I reviewed all the bank accounts of 1960 Family Practice, PA. They are all the same bank accounts listed on the schedules of the Debtor, and there are no other bank accounts in the Debtor's name or for the Debtor. I reviewed the bank accounts of the entities listed above, and they are as follows:

1. FM 1960 Medical Village II LP – Independent Bank, Acct No. ****7106
2. Medical Village Cypress Creek LP – Independent Bank, Acct No. ****7148
3. Rad Leasing Company II LP – Independent Bank, Acct No. ***6217
4. Providence ER of Northwest PLLC – Independent Bank, Acct No. ****8694
5. Community ER LLC – Independent Bank, Acct No. ****9144
6. FM 1960 Medical Village II, LP – Independent Bank, Acct No. ****6082

I reviewed all of the Debtor's obligations entered into prior to the filing of the Debtor's Chapter 7 bankruptcy petition. The list of obligations provided in the schedules is accurate, with the exception of the contingent debts on the guaranty agreements of the Independent Bank loans of Medical Village of Cypress Creek, LP, Loan Nos. 8008223 for $467,181, 8012159 for $499,110, and 8012173 for $1,440,000. Each of these loans were paid off by Medical Village of Cypress Creek, LP in November of 2021.

The only document that I located in my search that I signed for the Debtor after the petition date was the loan modification document dated September 17, 2021 on Loan No. 8008223, a copy of which is attached. That modification was apparently presented to and signed by me on the same date as the loan modification document at issue in the show cause hearing on Loan No. 8012159.

I have not conducted any other business on behalf of 1960 Family Practices, P.A. on or after November 9, 2020.

Further, affiant sayeth not.

_____
DR. HUONG LE

SWORN TO AND SUBSCRIBED before me this 8th day of April, 2023.

_____
NOTARY PUBLIC in and for
THE STATE OF TEXAS

TAYLOR EDWARDS
Notary Public, State of Texas
My Comm. Exp. 09-10-2024
ID No. 132670527

5

**FIRST MODIFICATION OF NOTE, DEED OF TRUST
AND OTHER LOAN AGREEMENTS**

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | § | |

Ln 8008223

THAT, WHEREAS, **INDEPENDENT BANK**, a state banking association ("Lender"), is the current holder of that certain Balloon Real Estate Lien Note dated effective **August 27, 2018** (the "Original Note"), evidencing a loan (the "Loan") by Lender to **MEDICAL VILLAGE OF CYPRESS CREEK LP**, a Texas limited partnership (the "Borrower"), executed by Borrower, in the original principal sum of **FOUR HUNDRED SIXTY-SEVEN THOUSAND ONE HUNDRED EIGHTY-ONE AND NO/100 DOLLARS ($467,181.00)** (which, together with any renewals, extensions, modifications or rearrangements of same prior to the date hereof are collectively referred to as the "Note"), payable to the order of Lender; and,

**WHEREAS,** the Note is secured by the following documents (which along with any and all agreements, deeds of trust, security agreements, collateral assignments, financing statements, assignments and pledges given to secure the Note or executed in connection with the Note and any renewals, extensions, modifications and rearrangements of same prior to the date hereof are collectively referred to herein as the "Security Documents"):

1. Deed of Trust and Security Agreement (the "Original Deed of Trust") dated of even date with the Original Note, executed by Borrower and original filed for record under **County Clerk's File No. RP-2018-409487** of the Real Property Records of HARRIS County, Texas;

2. Collateral Assignment of Leases and Rents (the "Original Assignment of Leases and Rents") dated of even date with the Original Note, executed by Borrower and original filed for record under **County Clerk's File No. RP-2018-409488** of the Real Property Records of HARRIS County, Texas;

covering the real property described on Exhibit "A" attached hereto and made a part hereof for all purposes (referred to herein as the "Land"); and

**WHEREAS**, Borrower caused to be issued by **Title Resources Guaranty Company** (the "Title Company") to Lender that certain Loan Policy of Title Insurance No. 2390-L-1823921-VGHF (the "Policy") dated September 6, 2018, in the amount of the $467,181.00, insuring the dignity and priority of the liens created and evidenced by the Original Deed of Trust; and

**WHEREAS,** Borrower caused **HUONG LE NGUYEN, MINH CHI NGUYEN, 1960 FAMILY PRACTICE, P.A.**, a Texas professional association and **TEXAS RADIOLOGY ASSOCIATES, P.A.**, a Texas professional association (collectively, the "Guarantors") to execute and deliver to Lender that certain

Guaranty Agreement (the "Guaranty") dated of even date with the Original Note pertaining to and guaranteeing payment of the Note and the Loan and performance of other obligations relating to the Loan by Borrower; and

**WHEREAS,** Borrower desires to modify, renew and rearrange the terms of the Loan as well as ratify all liens securing its payment as hereinafter set forth.

**NOW, THEREFORE,** in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00), the receipt and sufficiency of which are hereby acknowledged and the further consideration of the benefits to accrue to the parties to this agreement (the "First Modification"), Borrower agrees that the terms and conditions of the Note, and the Security Documents shall be modified as follows:

1. The true and lawful principal balance remaining due and unpaid on the indebtedness evidenced by the Note as of the Effective Date, is the sum of FOUR HUNDRED TWENTY-SIX THOUSAND ONE HUNDRED NINETY-SIX AND 74/100 DOLLARS ($426,196.74). Borrower promises to pay to the order of Lender all such amounts which are advanced and outstanding from time to time on the Note.

2. The maturity date as set forth in the Original Note is changed to November 27, 2021 (the "Scheduled Maturity Date"). The maturity date as shown in the Deed of Trust is changed to November 27, 2021.

3. From and after the Effective Date hereof the Applicable Interest Rate shall remain as described in the Original Note.

4. From and after the Effective Date hereof the monthly payment amount as used in the Original Note (the "Monthly Payment Amount") shall be remain as described in the Original Note.

5. From and after the Effective Date hereof, principal and interest shall be paid as follows:

    Consecutive monthly installments of principal and interest, each in the Monthly Payment Amount, shall be payable on the 27th day of each month beginning on September 27, 2021. The entire unpaid principal balance and accrued, unpaid interest shall be due and payable on the Scheduled Maturity Date or on any earlier date on which the unpaid principal balance of this Note becomes due and payable, by acceleration or otherwise.

6. In addition to the periodic payments specified above, Borrower agrees that upon Borrower's execution hereof, Borrower shall pay to Lender (i) all of Lender's unreimbursed expenses relating to the Loan, (ii) all of Lender's attorneys fees incurred in connection with this First Modification, and (iii) interest paid through August 27, 2021.

7. The parties hereto do hereby extend all liens represented by the Original Deed of Trust until the Loan, as so renewed and extended, has been fully paid, and agree that this extension and rearrangement shall in no manner affect or impair the provisions of the Note, the Deed of Trust or any of the other documents evidencing, securing or relating to the Loan, and that the liens securing the Loan shall not in any manner be waived. **Further, this renewal**

and/or the failure of Lender to exercise its rights under the instruments evidencing or securing the Loan in connection with any existing default shall not act as a waiver of Lender's right to exercise said rights at any time in the future. **This First Modification shall not affect any property which has been previously released of record from the Deed of Trust.**

8. Contemporaneously with the execution and delivery hereof, Borrower shall cure any new matters reported by the Title Company to which Lender may object in a manner acceptable to Lender and Borrower shall pay the costs for a modification endorsement to the existing Policy covering all of the Land covered under the Original Deed of Trust and insuring the lien of the Original Deed of Trust as a valid and subsisting first lien as herein modified.

9. Except as modified hereby the provisions, representations and conditions of the Note, the Security Documents and any other documents evidencing, securing or relating to the Loan, shall remain in full force and effect, enforceable in accordance with their terms and are hereby acknowledged by Borrower to be valid and subsisting.

10. Borrower and Guarantors, by executing this First Modification, hereby declare that they have no setoffs, counterclaims, defenses or other causes of action against Lender arising out of the Loan.

11. Guarantors, by joining in this First Modification, hereby acknowledge the amendment to the Loan as described herein and hereby consent and agree thereto and declare that said guarantee(s) of the Loan, as evidenced by the Guaranty, shall remain in full force and effect, enforceable in accordance with the terms of said Guaranty and covering the Note as hereby renewed.

12. This First Modification shall be binding upon the heirs, legal representatives, successors and assigns of the parties hereto and **shall be construed in accordance with the laws of the State of Texas**.

13. **THIS WRITTEN MODIFICATION REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

It is understood and agreed that except as to such changes made herein and in the terms and provisions of the Note and the Security Documents, as originally written, shall be brought forward and remain in all respects unchanged and that the balance owing thereon as herein renewed, rearranged, modified and/or extended is subject to no offsets, deductions, credits, charges or claims of whatsoever kind or character and shall be due and payable in the manner herein set out, and that the aforesaid Original Deed of Trust liens securing the payment of said Note against the Land and all of the Security Documents, except to the extent released prior to the date hereof and except as modified, renewed, rearranged and extended herein, so as to secure the payment of the Note, shall remain in full force and effect until the full and final payment of the Note. In the event of any conflict in the terms of the Security Documents and this First Modification, the terms of this First Modification shall prevail.

This First Modification may be executed in multiple counterparts, and each counterpart hereof executed by any party shall be deemed an original and shall as to such party constitute one and the same instrument with all other counterparts hereof executed, regardless of whether the same or any other counterpart hereof is executed by any other party.

EXECUTED on the ___17th___ day of September, 2021, to be effective as of August 27, 2021 (the "Effective Date").

BORROWER:

**MEDICAL VILLAGE OF CYPRESS CREEK LP**, a Texas limited partnership

By: Michelle-Michael Nguyen, L.L.C., a Texas limited liability company, General Partner

By: _____
Huong Le Nguyen, Manager

By: _____
Minh-Chi Nguyen, Manager

GUARANTORS:

_____
**HUONG LE NGUYEN**

_____
**MINH CHI NGUYEN**

**1960 FAMILY PRACTICE, P.A.**, a Texas professional association

By: _____
Huong Le Nguyen, President

**TEXAS RADIOLOGY ASSOCIATES, P.A.**, a Texas professional association

By: _____
Minh Chi Nguyen, President

THE STATE OF TEXAS §
§
COUNTY OF _Harris_ §

This instrument was acknowledged before me on the _17th_ day of _September_, 2021, by Huong Le Nguyen, Manager of Michelle-Michael Nguyen, L.L.C., a Texas limited liability company, in its capacity as General Partner of **MEDICAL VILLAGE OF CYPRESS CREEK LP**, a Texas limited partnership, on behalf of said limited partnership.

[Notary seal: LILIANA NUNEZ, Notary Public, State of Texas, Comm Expires 12-28-2021, Notary ID 125534386]

_____
Notary Public, State of Texas
My commission expires: _12-28-21_

THE STATE OF TEXAS §
§
COUNTY OF Harris §

This instrument was acknowledged before me on the 17th day of September, 2021, by Ming-Chi Nguyen, Manager of Michelle-Michael Nguyen, L.L.C., a Texas limited liability company, in its capacity as General Partner of **MEDICAL VILLAGE OF CYPRESS CREEK LP,** a Texas limited partnership, on behalf of said limited partnership

*[Notary seal: LILIANA NUNEZ, Notary Public, State of Texas, Comm Expires 12-28-2021, Notary ID 125534386]*

Notary Public, State of Texas
My commission expires: 12-28-21

THE STATE OF TEXAS §
§
COUNTY OF Harris §

This instrument was acknowledged before me on the 17th day of September, 2021, by **HUONG LE NGUYEN**, as Guarantor.

*[Notary seal: LILIANA NUNEZ, Notary Public, State of Texas, Comm Expires 12-28-2021, Notary ID 125534386]*

Notary Public, State of Texas
My commission expires: 12-28-21

THE STATE OF TEXAS §
§
COUNTY OF Harris §

This instrument was acknowledged before me on the 17th day of September, 2021, by **MINH CHI NGUYEN**, as Guarantor.

*[Notary seal: LILIANA NUNEZ, Notary Public, State of Texas, Comm Expires 12-28-2021, Notary ID 125534386]*

Notary Public, State of Texas
My commission expires: 12-28-21

THE STATE OF TEXAS §
§
COUNTY OF Harris §

This instrument was acknowledged before me on the 17th day of September, 2021, by Huong Le Nguyen, President of **1960 FAMILY PRACTICE, P.A.**, a Texas professional association, on behalf of said professional association, in its capacity as Guarantor.

*[Notary seal: LILIANA NUNEZ, Notary Public, State of Texas, Comm Expires 12-28-2021, Notary ID 125534386]*

Notary Public, State of Texas
My commission expires: 12-28-21

THE STATE OF TEXAS §
§
COUNTY OF  Harris  §

This instrument was acknowledged before me on the 17th day of September, 2021, by Minh Chi Nguyen, President of **TEXAS RADIOLOGY ASSOCIATES, P.A.**, a Texas professional association, on behalf of said professional association, in its capacity as Guarantor.

LILIANA NUNEZ
Notary Public, State of Texas
Comm Expires 12-28-2021
Notary ID 125534386

Notary Public, State of Texas
My commission expires: 12-28-21

**INDEPENDENT BANK**, a state banking association, being the owner and holder of the said indebtedness being the subject matter of this First Modification, joins in execution to evidence its acceptance of the terms hereof.

**INDEPENDENT BANK**, a state banking association

By: KC Curtis
Name: KC Curtis
Title: EVP

THE STATE OF TEXAS §
§
COUNTY OF  Harris  §

This instrument was acknowledged before me on the 17th day of September, 2021, by KC Curtis, EVP of **INDEPENDENT BANK**, a state banking association, on behalf of said banking association.

LILIANA NUNEZ
Notary Public, State of Texas
Comm Expires 12-28-2021
Notary ID 125534386

Notary Public, State of Texas
My commission expires: 12-28-21

AFTER RECORDING RETURN TO:

Attn: Liliana Nunez
INDEPENDENT BANK
750 Bering Drive, Suite 500
Houston, Texas 77057

EXHIBIT "A"

LEGAL DESCRIPTION
1.5000 ACRES

A TRACT OR PARCEL CONTAINING 1.500 ACRES (65,340 SQUARE FEET) OF LAND SITUATED IN THE GEORGE ELLIS LEAGUE, ABSTRACT NO. 21, HARRIS COUNTY, TEXAS, BEING OUT OF AND A PART OF RESERVE "D" OF THE SPRINGFIELD ESTATES SUBDIVISION, SECTION NO. 2, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 523, PAGE 39 OF THE HARRIS COUNTY MAP RECORDS, SAID 1.5000 ACRES BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS. THE BEARINGS SHOWN HEREON ARE BASED ON THE RECORDED PLAT OF SAID SPRINGFIELD ESTATES SUBDIVISION, SECTION NO. 2:

COMMENCING AT A 5/8 INCH CAPPED IRON ROD SET IN THE EAST RIGHT OF WAY LINE OF GARTH ROAD (100 FOOT RIGHT OF WAY) AND THE WEST LINE OF SAID RESERVE "D", BEING THE SOUTHWEST CORNER OF THE MEDICAL VILLAGE OF CYPRESS 1.5000 ACRE TRACT DESCRIBED IN HARRIS COUNTY CLERKS FILE NO. RP-2016-381058, FORM WHICH A 3/4 INCH CAPPED IRON ROD FOUND FOR THE SOUTHWEST CORNER OF SAID SAID RESERVE "D" BEARS SOUTH 08 DEGREES 07 MINUTES 11 SECONDS EAST, A DISTANCE OF 192.87 FEET;

THENCE NORTH 08 DEGREES 07 MINUTES 11 SECONDS WEST, ALONG THE EAST LINE OF SAID GARTH ROAD AND THE WEST LINE OF SAID RESERVE "D" AND SAID MEDICAL VILLAGE OF CYPRESS 1.5000 ACRE TRACT, A DISTANCE OF 161.80 FEET TO A 5/8 INCH CAPPED IRON ROD FOUND FOR THE NORTHWEST CORNER OF SAID MEDICAL VILLAGE OF CYPRESS 1.5000 ACRE TRACT, BEING THE SOUTHWEST CORNER OF THE HEREIN DESCRIBED TRACT AND POINT OF BEGINNING;

THENCE NORTH 08 DEGREES 07 MINUTES 11 SECONDS WEST, CONTINUING ALONG THE EAST LINE OF SAID GARTH ROAD AND THE WEST LINE OF SAID RESERVE "D", A DISTANCE OF 161.82 FEET TO A 5/8 INCH CAPPED IRON ROD SET FOR THE NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE NORTH 81 DEGREES 52 MINUTES 08 SECONDS EAST, OVER AND ACROSS SAID RESERVE "D", A DISTANCE OF 403.80 FEET TO A 5/8 INCH CAPPED IRON ROD SET IN THE EAST LINE OF SAID RESERVE "D" AND THE WEST LINE OF LOT 17 OF SAID SPRINGFIELD ESTATES SUBDIVISION, SECTION NO. 2, BEING THE NORTHEAST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE SOUTH 08 DEGREES 07 MINUTES 52 SECONDS EAST, ALONG THE EAST LINE OF SAID RESERVE "D" AND THE WEST LINE OF SAID LOT 17 PASS AT 22.55 FEET THE COMMON WEST CORNER OF SAID LOT 17 AND LOT 16 OF SAID SPRINGFIELD ESTATES SUBDIVISION, SECTION NO. 2, PASS AT 72.55 FEET THE COMMON WEST CORNER OF SAID LOT 16 AND LOT 15 OF SAID SPRINGFIELD ESTATES SUBDIVISION, SECTION NO. 2, PASS AT 122.55 FEET A 1/2 CAPPED IRON ROD FOUND FOR THE COMMON WEST CORNER OF SAID LOT 15 AND LOT 14 OF SAID SPRINGFIELD ESTATES SUBDIVISION, SECTION NO. 2, IN ALL A TOTAL DISTANCE OF 161.82 FEET 5/8 INCH CAPPED IRON ROD FOUND, FOR THE NORTHEAST CORNER OF SAID MEDICAL VILLAGE OF CYPRESS 1.5000 ACRE TRACT AND BEING THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE SOUTH 81 DEGREES 52 MINUTES 08 SECONDS WEST, ALONG THE NORTH LINE OF SAID MEDICAL VILLAGE OF CYPRESS 1.5000 ACRE TRACT, A DISTANCE OF 403.83 FEET TO THE POINT OF BEGINNING AND CONTAINING 1.5000 ACRES OF LAND, MORE OR LESS.