UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| 1960 FAMILY PRACTICE PA, § | Case No. 20-35493 |
| § | (Chapter 7) |
| *Debtor*. § | |
| § | |

**JOINT OBJECTION TO TRUSTEE'S APPLICATION TO EMPLOY WALKER & PATTERSON, P.C. AS SPECIAL COUNSEL**
(Relates to Docket No. 156)

COMES NOW, Dr. Huong Le; Allergy of Texas, PLLC; Physicians Alliance of Red Oak, LP ("**PARO**"); Dr. Minh Nguyen by and through Dr. Huong Le as his personal representative ("**Dr. Minh Nguyen**"); Woodlands Imaging, L.P.; Texas Radiology Associates, PA; and Viventi Med, LLC ("**Viventi**") (collectively referred to as the "**Interested Parties**") and files this Joint Objection (the "**Objection**") to Trustee's Application to Employ Walker & Patterson, P.C. ("**WP**") as Special Counsel (the "**Application**") filed at Docket No. 156 and would state as follows:

**SUMMARY OF OBJECTION**

1. The Interested Parties object to the Application on the following bases: (i) WP is not a "disinterested person" within the meaning of 11 U.S.C. § 101(14) thereby disqualifying WP's employment under 11 U.S.C. § 327(a); (ii) the Application fails to sufficiently specify the purpose of WP's engagement regarding "issues related to proofs of claims filed, transferred and objected to" at this stage in the case after the Trustee already examined the proofs of claims filed in this bankruptcy case and moved to make an interim distribution to certain unsecured creditors; (iii) granting WP's employment adds an unnecessary administrative expense because the Trustee already retained capable counsel to handle the claims process and the Application does not state with particularity how WP's addition benefits the estate.

**OBJECTION TO AFFIDAVIT**

2. The affidavit of Miriam Goott attached to the Application lacks specific information as to WP's relationship with the Trustee, the Estate, the Debtor's creditors and any other party in interest. *See* Dkt No. 156-2. Creditors are entitled to a full description of any and all fee sharing arrangement WP shares with the Trustee, creditors, or any parties-in-interest. *See* Dkt Nos. 44, 80, and 82.

***NUNC PRO TUNC* RELIEF**

3. *Nunc pro tunc* relief is inappropriate and the Application does not satisfy Bankruptcy Local Rule 2014-1.

**STANDING**

4. PARO and Viventi presently hold claims against the bankruptcy estate, and each of the Interested Parties are defendants in related Adversary No. 21-03906 (the "**Adversary Proceeding**") whom the Trustee is suing to satisfy claims filed against the bankruptcy estate. *See* Claim Nos. 42 and 20; Dkt Nos. 153 and 48. WP has a 40% contingent fee interest in the outcome of the Adversary Proceeding. *See* Dkt No. 44. As such, WP has a vested interest in maximizing, not reducing, claims against the bankruptcy estate. WP also has an interest in the allowed Proof of Claim No. 41 filed by WFCM 2016-C34 Northwest Freeway, LLC. *See* Dkt Nos. 120, 107, 82, and 80.

**ARGUMENT AND AUTHORITIES**

5. 11 U.S.C.§ 327(a) allows the Trustee, with Court approval, to employ one or more attorneys that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the Trustee in carrying out the Trustee's duties. *See* 11 U.S.C. § 327(a). In order to be employed by the Trustee, WP must be disinterested as that term is defined

under 11 U.S.C. § 101(14). The Interested Parties object that WP is "disinterested person" within the meaning of 11 U.S.C. § 101(14).

6.  11 U.S.C. § 101(14)(C) states that a "disinterested person" is a person that does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any reason. *See* 11 U.S.C. § 101(14)(C). Section 327(a)'s purpose in requiring the employment of "disinterested" professionals is to "protect the integrity of the bankruptcy system," and "is designed to prevent even the possibility that professionals may compromise their representation of debtors." *In re Am. Printers & Lithographers, Inc.*, 148 B.R. 862, 866 (Bankr. N.D. Ill. 1992) (discussing cases). "Section 327 is intended [] to [also] address the *appearance* of impropriety as much as its substance, to remove the temptation and opportunity to do less than duty demands." *In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987) (emphasis added). Stated another way, the enactment of §327 was designed to "prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration," and it therefore requires a complete absence "of any scintilla of personal interest which might be reflected in his [or her] decision concerning estate matters." *Id.*; citing *In re Codesco, Inc.*, 18 B.R. 997, 999 (Bankr.S.D.N.Y.1982); *see also In re Consolidated BancShares, Inc.*, 785 F.2d 1249, 1256 (5th Cir. 1986) (citing to rule that §327 prohibits employment of "anyone who in the slightest degree might have some interest or relationship that would color the independent and impartial attitude required by the [Bankruptcy] Code[.]").

7.  In this case, allowing WP to serve as counsel in the claim objection process would create a prohibited conflict due to WP's prior retention in the Adversary Proceeding. On April 6, 2021, the Trustee previously sought WP's employment to prosecute any Chapter 5 causes of

action, fraudulent transfer claims, turnover of undisclosed estate funds and property, and breach of fiduciary duty claims held by the Trustee. *See* Dkt No. 43. This Court granted WP's engagement on April 14, 2021. *See* Dkt No. 44. Due to the Estate's lack of funds, WP was granted a fee arrangement that provided WP a 40% contingency fee on funds received by the Trustee from recovery of the Adversary Proceeding. *See Id*. at ¶ 3. The amount that WP stands to recover under its contingency fee arrangement to prosecute claims in the Adversary Proceeding therefore directly relates to the value of all claims on file: the higher the amount of the claims, the higher the amount that the Trustee can recover from the defendant in the Adversary Proceeding. WP therefore has an interest in maximizing claims allowed against the Estate in order to maximize its contingency-fee recovery, which is directly adverse to the interests of the Estate in evaluating whether claims are improperly filed and objecting to any that are. Again, the §327 inquiry is not on whether WP would actually be influenced by this conflict; the sole inquiry is whether there is even "the slightest degree of interest" that could color their "independent and impartial" attitude. *In re Consolidated BancShares, Inc.*, 785 F.2d 1249 (5th Cir. 1986). Here, such a "slight" degree of interest no doubt exists. The Court should therefore deny WP's retention because it would create a conflict in violation of §327(a).

8. Granting WP's employment also would add an unnecessary administrative expense. This bankruptcy case has been pending for almost three years. The Court's original Order granting WP's retention specifically states that WP will not be compensated by the bankruptcy estate for performing duties required to be performed by the Trustee. *See* Dkt No. 44 at ¶ 7. Examining proofs of claims and objecting to the allowance of any claim that is improper is a duty of the Trustee under 11 U.S.C. § 704(a)(5). *See* 11 U.S.C. § 704(a)(5). The Trustee has already made a representation to this Court that the claims are proper. *See* Dkt No. 90. By this Application,

the Trustee is demonstrating that her representation on July 25, 2022 was inaccurate. *See* Dkt No. 90, ¶ 8.

9. Indeed, the Trustee admits she already has counsel to object to claims in the Application. *See* Application at ¶ 2; and Dkt No. 31. The Trustee previously retained her own firm and Marc Myers, her partner, to prosecute claim objections. *See* Dkt Nos. 26 & 31. WP's employment is not necessary because the Trustee already has capable counsel to review and object to any of the 42 claims the Trustee identifies as problematic. *See* Dkt Nos. 26 and 31. Several of the claims have already been satisfied. *See* Dkt Nos. 157, 158, 159, 160, and 161. This Application has only arisen because Dr. Le, a defendant in the adversary, has asserted objections to certain claims based. There is no need for the Estate to incur the cost of a second law firm to handle claims objections.

10. The Trustee, as her sole grounds for why she believes WP's retention is necessary, alleges in conclusory fashion that WP's employment to prosecute certain claims in the Adversary Proceeding has caused WP to gain extensive knowledge regarding the proofs of claim filed in this bankruptcy case. *See* Application at ¶ 7. The Application lacks specificity as to how the litigation claims that WP is prosecuting are related to the proofs of claim filed. The Trustee fails to explain how WP's employment fulfills the Trustee's duties as it related to the claims process. The Trustee fails to explain how the validity of any particular claims depends on facts that only WP could grasp, and has not identified any specific proof of claim as problematic in the Application necessitating additional counsel. In fact, the Trustee made an interim distribution to certain unsecured creditors. *See* Dkt No. 91. Given the patent conflict that would exist if the Court granted WP's employment, the Trustee's conclusory averments provide this Court with no grounds to conclude that WP should be employed to handle claim objections.

11. Further, the Trustee is tardy in seeking her relief, and provides no explanation for her delay in now seeking permission to employ WP after making an interim distribution to creditors. WP, on the Trustee's behalf, *already* filed a response to UMMC's Claim Objection. *See* footnote 1 in Dkt No. 107. Further, the Estate, with WP's assistance, has taken an interest in Proof of Claim No. 41 filed by WFCM 2016-C34 Northwest Freeway, LLC. Also, before that, on July 25, 2022, the Trustee alleged "[a]ll claims have been filed and/or amended and withdrawn. All potential claim objections have been resolved as to timely filed claims. All tax issues relating to the bankruptcy estate have been resolved and tax returns have been filed resulting in no tax liability to the estate." *See* Trustee's Motion to Authorize Interim Distribution filed at Dkt No. 90 at ¶ 8. In the Trustee's Motion to Authorize Interim Distribution, the Trustee identified two tardily filed proofs of claim and seven ad valorem tax claims that did not receive an interim distribution. *See* Dkt No. 90 at ¶ 9. None of these proofs of claim are identified in the Application as abnormal requiring special counsel. *See* Application. Did the Trustee properly fulfill her fiduciary duties prior to making the statement in the July 25, 2022 pleading? Based on the Application, it would appear that she failed in that duty.

12. In fact, it appears that the Trustee's Application would grant WP double recovery of certain fees because the scope of their proposed engagement is silent as to this prior Court's Amended Order Granting WP's employment, which overlaps with WP's work spent on responding to UMMC's claim objection. *See* Dkt No. 82 *contra* Dkt No. 156-4. On April 13, 2022, the Court amended WP's engagement to allow WP a 40% contingency fee on the Estate's recovery of any claim against UMMC. *See* Dkt No. 82. In November of 2022, UMMC filed an objection to Claim No. 41. *See* Dkt No. 106. The Trustee, by and through WP, filed a response to UMMC's Claim Objection on December 14, 2022 and took the position that the Estate has a 30% interest in Claim

No. 41 per Order entered at Dkt No. 80. *See* footnote 1 in Dkt No. 107 at p. 3, and Dkt No. 80. This Application encompasses WP's time spent assisting the Trustee in her response to UMMC's Objection to Claim No. 41.

13. Because WP has already litigated claim objections on the Trustee's behalf without an order authorizing it to do so, the Interested Parties object to the Application to the extent it seeks retention retroactively to June 1, 2022, because such retroactive application is unfounded, violates the local rules, and is contrary to judicial precedent. *See* Application at ¶ 21.

14. According to Bankruptcy Local Rule 2014-1, an application to employ a professional made more than thirty days after the commencement of that professional's provision of services is deemed *nunc pro tunc*. *See* BLR 2014-1. If a trustee fails to file an application to employ within thirty days of the commencement of that professional's provision of services, then if the application is approved, it will not be effective as of the first day that services were rendered, but rather will be effective as of the date that the application was filed. *See In re Jackson,* 484 B.R. 141, 172 (Bankr. S.D. Tex. 2012). However, Bankruptcy Local Rule 2014-1(b) allows *nunc pro tunc* relief under certain circumstances. *See* BLR 2014-1(b). Any *nunc pro tunc* application must include: (1) an explanation of why the application was not timely filed (i.e., within the thirty-day deadline); (2) an explanation why the order authorizing employment is required *nunc pro tunc;* and (3) an explanation, to the best of the applicant's knowledge, as to how approval of the application may prejudice any parties-in-interest. *See* BLR 2014-1(b). The Trustee filed this Application on June 15, 2023 over a year after WP began providing services to the Trustee over the claims process. As articulated in *Triangle Chemicals*, the Interested Parties request that this Court decline exercising its "equitable power" and deny the relief requested since the Trustee

failed, without explanation, to comply with the requirements in Bankruptcy Local Rule 2014–1(b). *See Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1289 (5th Cir. 1983).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Dr. Huong Le; Allergy of Texas, PLLC; Physicians Alliance of Red Oak, LP; Dr. Minh Nguyen by and through Dr. Huong Le as his personal representative; Woodlands Imaging, L.P.; Texas Radiology Associates, PA; and Viventi Med, LLC requests that the Court deny the Trustee's Application to Employ Walker & Patterson, P.C. as Special Counsel as being an unnecessary administrative expense and contrary to the Trustee's responsibilities and for such other and further relief as is just.

Respectfully submitted this 16th day of June, 2023.

HIRSCH & WESTHEIMER, P.C.

By: */s/ Michael J. Durrschmidt*
      Michael J. Durrschmidt
      Texas Bar No. 06287650
      Kim Lewinski
      Texas Bar No. 24097994
      1415 Louisiana, Floor 36
      Houston, Texas 77002
      Telephone: 713-220-9165
      Facsimile:  713-223-9319
      E-mail: mdurrschmidt@hirschwest.com
      E-mail: klewinski@hirschwest.com

**ATTORNEYS FOR DR. MINH NGUYEN BY AND THROUGH HIS PERSONAL REPRESENTATIVE DR. HUONG LE, WOODLANDS IMAGING, LP, VIVENTI MED, LLC,  TEXAS RADIOLOGY ASSOCIATES, PA, AND PHYSICIANS ALLIANCE OF RED OAK, LP**

- and -

THE PROBUS LAW FIRM

By: */s/ Matthew Probus (with permission)*
        Matthew B. Probus
        Texas Bar No. 16341200
        Fed. I.D. No. 10915
        10497 Town and Country Way, Suite 930
        Houston, Texas 77024
        Telephone: 713-258-2700
        Facsimile: 713-258-2701
        Email: matthewprobus@theprobuslawfirm.com

**ATTORNEYS FOR DR. HUONG LE NGUYEN AND ALLERGY OF TEXAS PLLC**

**CERTIFICATE OF SERVICE**

    I, Michael J. Durrschmidt, hereby certify that on the 16th day of June, 2023, a true and correct copy of the foregoing Objection to Trustee's Application to Employ Walker & Patterson, P.C. as Special Counsel has been served via the Clerk of the Court through the CM/ECF system upon all parties registered to receive notice by CM/ECF pursuant to the Electronic Filing Procedures in this District.

        */s/Michael J. Durrschmidt*
        Michael J. Durrschmidt

20220564.20220564/5125548.2